UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*******************************************
Lorraine Hunt, on behalf of herself and all others       *
Similarly situated,                                       *
                                                          *
    Plaintiff,                         *
                                                          *       Docket No.: 05-11140 RCL
v.                                                        *
                                                          *
Bayview Crematory, LLC, Derek A. Wallace,                *
Linda Stokes, American Cremation Society, Inc.            *
American Society for Cremation, American                  *
Society for Funeral Services, Inc., Commonwealth          *
Cremation & Shipping Service, Inc.,                       *
Commonwealth Funeral Service, Inc., Cremation             *
Society, Inc., Dracut Funeral Home Incorporated           *
Farrah Funeral Home, Hamel Wickens & Troupe               *
Funeral Home, Inc., Hart-Wallace Funeral Home             *
Keefe Funeral Home, Inc., Scatamacchia Funeral            *
Home, Simplicity Burial & Cremation, Inc. f/k/a           *
Oceanside Family Funeral Home, William F.                 *
Spencer Funeral Services and Does 1-50, Inclusive         *
                                                          *
    Defendants.                         *
*******************************************

## PARTIALLY ASSENTED-TO MOTION TO EXTEND THE TIME
## FOR DEFENDANT BAYVIEW CREMATORY, LLC TO FILE ITS ANSWER

    Defendant Bayview Crematory, LLC. ("Bayview") moves this court to extend the deadline for filing an Answer or Rule 12(B) motion. If this motion is granted, the new deadline will be July 18, 2005.

    In support of this assented to motion, Bayview states as follows:

    1. This matter is a purported class action with thirty-four individual plaintiffs and twenty-four separately named defendants. The Complaint alleges that Bayview and its principals operated an unlicensed crematory in Seabrook, New Hampshire and failed to comply with the required standards for the handling and cremation of decedents. The plaintiffs allege that they contracted with area

funeral homes for the cremation of deceased family members and that the funeral homes, in turn, arranged for these cremations to be performed by Bayview. The plaintiff's have sued Bayview for negligent, reckless and intentional infliction of emotional distress.

2. The Complaint in this case was served on Bayview on May 23, 2005.

3. Pursuant to M.R.Civ.P. 12(a) Bayview is presently required to file an Answer or a Rule 12(b) motion by June 13, 2005.

4. On June 8, 2004, Bayview's insurer retained undersigned counsel and this firm to defend this action on Bayview's behalf. At the same time, Bayview's insurer retained undersigned counsel and his firm to answer and defend at least five other cases brought by similarly situated plaintiffs against Bayview, which cases are pending in Essex County, Norfolk County and the New Hampshire Superior Court. Bayview and its principals are simultaneously the subject of an ongoing criminal investigation in New Hampshire.

5. Counsel requires additional time to prepare a response to the Complaint in this factually complex purported class action. A thirty day extension of the deadline to respond to the Complaint is fair, reasonable and just.

6. <u>Plaintiff's Assent</u>: On June 15, 2005, undersigned counsel spoke by phone with the plaintiff's attorney, Theodore M. Hess-Mahan, Esq., who indicated that he and his clients assent to the thirty day extension proposed in this motion. He advised that he still had not received the return of proof of service on the defendant.

7. <u>Other Parties</u>: On July 1, 2005, undersigned counsel obtained assent from Attorneys Joseph Desmond, counsel for Cremation Society, Inc. and George Clancy, counsel for Keefe Funeral Home, Inc. A voicemail message was left with Attorney Bradley MacDonald, counsel

for Farrah Funeral Home, Inc.

    8. <u>No Memoranda Or Affidavit</u>:  Given the discretionary and procedural nature of the assented to relief requested in this motion, a memorandum of law is not necessary.  Because all of the facts set forth in this motion are apparent from the record, an affidavit is not necessary.

    WHEREFORE, Bayview Crematory, LLC. moves this Court for the following relief:

    1.  An order extending Bayview's deadline for filing an Answer or Rule 12(b) motion to July 18, 2005; and

    2.  Such further relief as the Court deems just and proper.

Respectfully submitted,
BAYVIEW CREMATORY, LLC
By its Attorney,
GETMAN, STACEY,
SCHULTHESS & STEERE, P.A.

Date:  July 1, 2005    By:____/s/_____
Dona Feeney, Esquire, #600749
Andrew R. Schulman, Esquire, #549769
Three Executive Park Drive – Suite 9
Bedford, NH 03110
(603) 634-4300

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has this day been served via the ECF System to Theodore M. Hess-Mahan, Esquire, Thomas G. Shapiro, Esquire, Robert M. Rothman, Esquire, Bradley A. MacDonald, Esquire, George E. Clancy, Esquire and Joseph Desmond Esquire and by regular mail to Samuel H. Rudman, Esquire, Lerach Coughlin, 200 Broadhollow Road, Suite 406, Melville, NY  11747.

_/s/_____
Dona Feeney

F:\DFeeney\6364\05726\Hunt\assent mot to extend time to file answer.rtf