UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************

| | |
|---|---|
| Lorraine Hunt, on behalf of herself and all others Similarly situated, | * <br> * <br> * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| Bayview Crematory, LLC, Derek A. Wallace, Linda Stokes, American Cremation Society, Inc. American Society for Cremation, American Society for Funeral Services, Inc., Commonwealth Cremation & Shipping Service, Inc., Commonwealth Funeral Service, Inc., Cremation Society, Inc., Dracut Funeral Home Incorporated Farrah Funeral Home, Hamel Wickens & Troupe Funeral Home, Inc., Hart-Wallace Funeral Home Keefe Funeral Home, Inc., Scatamacchia Funeral Home, Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home, William F. Spencer Funeral Services and Does 1-50, Inclusive | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| Defendants. | * |

Docket No.: 05-11140 RCL

*********************************************

**DEFENDANT BAYVIEW CREMATORY, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

The Defendant Bayview Crematory, LLC, by way of answer to the Plaintiff's Complaint says:

Nature of the Action

1.    This Defendant denies the allegations contained in paragraph 1.

2.    This Defendant denies the allegations contained in paragraph 2.

3.    This Defendant denies the allegations contained in paragraph 3.

The Parties

4.    This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Except to admit that the Defendant is a New Hampshire Limited Liability company with its principal place of business at 204 New Zealand Road, Seabrook, New Hampshire, this Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 as phrased.

6.      This Defendant denies the allegations contained in paragraph 6.

7.      This Defendant denies the allegations contained in paragraph 7.  Answering further property is held by a trust with Linda Stokes as the Trustee.

8.      This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. The allegations of paragraph 24 are denied and plaintiff is left to their proofs.

<u>Jurisdiction and Venue</u>

25. The allegations of paragraph 25 are denied and plaintiff is left to their proofs.

26. The allegations of paragraph 26 are denied and plaintiff is left to their proofs.

27. The allegations of paragraph 24 are denied and plaintiff is left to their proofs.

28. This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

<u>Class Action Allegations</u>

29. The allegations of paragraph 29 is a statement of law to which no response is required

30. This Defendant denies the allegations contained in paragraph 30.

31. This Defendant denies the allegations contained in paragraph 31.

32. The allegations of paragraph 32 are denied and plaintiff is left to their proofs.

33. The Defendant is without knowledge sufficient to form a belief as to the qualifications of counsel.  The Defendant denies the remainder of the allegations contained in paragraphs 33.

34. The allegations of paragraph 34 are denied and plaintiff is left to their proofs.

35.     The allegations of paragraph 35 are denied and plaintiff is left to their proofs.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

<u>Common Factual Allegations</u>

36.     This Defendant denies the allegations of paragraph 36 as phrased.

37.     This Defendant denies the allegations of paragraph 37 as phrased.

38.     This Defendant denies the allegations of paragraph 38 as phrased.

39.     This Defendant denies the allegations of paragraph 39 as phrased.

40.     This Defendant denies the allegations of paragraph 40 as phrased.

41.     This Defendant denies the allegations of paragraph 41 as phrased.

42.     This Defendant denies the allegations of paragraph 42 as phrased.

43.     This Defendant denies the allegations of paragraph 43 as phrased.

44.     This Defendant denies the allegations of paragraph 44 as phrased.

45.     This Defendant denies the allegations of paragraph 45 as phrased.

46.     This Defendant denies the allegations of paragraph 46 as phrased.

47.     This Defendant denies the allegations of paragraph 47 as phrased.

48.     This Defendant denies the allegations of paragraph 48 as phrased.

49.     This Defendant denies the allegations of paragraph 49 as phrased.

50.     This Defendant denies the allegations of paragraph 50 as phrased.

51.     This Defendant denies the allegations of paragraph 51 as phrased.

52.     This Defendant denies the allegations of paragraph 52 as phrased.

53.     This Defendant denies the allegations of paragraph 53 as phrased.

54.     This Defendant denies the allegations of paragraph 54 as phrased.

55.     This Defendant denies the allegations of paragraph 55 as phrased.

56.     This Defendant denies the allegations of paragraph 56 as phrased.

57.     This Defendant denies the allegations of paragraph 57 as phrased.

58.     This Defendant denies the allegations of paragraph 58 as phrased.

59.     This Defendant denies the allegations of paragraph 59 as phrased.

60.     This Defendant denies the allegations of paragraph 60 as phrased.

61.     This Defendant denies the allegations of paragraph 61 as phrased.

62.     This Defendant denies the allegations of paragraph 62 as phrased.

63.     This Defendant denies the allegations of paragraph 63 as phrased.

64.     This Defendant denies the allegations of paragraph 64 as phrased.

65.     This Defendant denies the allegations of paragraph 65 as phrased.

66.     This Defendant denies the allegations of paragraph 66 as phrased.

67.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67.

68.     This Defendant denies the allegations of paragraph 68 as phrased.

69.     This Defendant denies the allegations of paragraph 69 as phrased.

70.     This Defendant denies the allegations of paragraph 70 as phrased.

71.     This Defendant denies the allegations of paragraph 71 as phrased.

## Count I – Equitable (Injunctive and/or Declaratory) Relief
## (Against all Defendants)

72.     This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

73.     This Defendant denies the allegations of paragraph 73 as phrased.

74.     This Defendant denies the allegations of paragraph 74 as phrased.

75.     This Defendant denies the allegations of paragraph 75 as phrased.

76.     This Defendant denies the allegations of paragraph 76 as phrased.

77.     This Defendant denies the allegations of paragraph 77 as phrased.

78.     This Defendant denies the allegations of paragraph 78 as phrased.

79.     This Defendant denies the allegations of paragraph 79 as phrased.

80.     The statements in paragraph 80 constitute prayers for relief which prayers this Defendant denies including subparagraphs a, b, c, d, e and f inclusive thereof.

## Count II – Breach of Contract
### (Against all Funeral Home Defendants)

81.     This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

82.     This Defendant denies the allegations of paragraph 82 as phrased.

83.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 83.

84.     This Defendant denies the allegations of paragraph 84 as phrased.

85.     This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85.

86.     This Defendant denies the allegations of paragraph 86 as phrased.

## Count III – Breach of Fiduciary Duty/Special Duty
### (Against all Defendants)

87.     This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

88.     This Defendant denies the allegations of paragraph 88 as phrased.

89.     This Defendant denies the allegations of paragraph 89 as phrased.

90.     This Defendant denies the allegations of paragraph 90 as phrased.

91.     This Defendant denies the allegations of paragraph 91 as phrased.

92.     This Defendant denies the allegations of paragraph 92 as phrased.

93.    This Defendant denies the allegations of paragraph 93 as phrased.

94.    This Defendant denies the allegations of paragraph 94 as phrased.

## Count IV – Fraudulent Conduct
### (Against Bayview Crematory Defendants)

95.    This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

96.    The allegations of paragraph 96 are denied and plaintiff is left to their proofs.

97.    The allegations of paragraph 97are denied and plaintiff is left to their proofs.

98.    The allegations of paragraph 98 are denied and plaintiff is left to their proofs.

99.    The allegations of paragraph 99 are denied and plaintiff is left to their proofs.

100.   The allegations of paragraph 100 are denied and plaintiff is left to their proofs.

## Count V – Negligence
### (Against All Defendants)

101.   This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

102.   This Defendant denies the allegations of paragraph 102 as phrased.

103.   This Defendant denies the allegations of paragraph 103 as phrased.

104.   This Defendant denies the allegations of paragraph 104 as phrased.

## Count VI – Willful Interference with Remains
## and Intentional Mishandling of a Corpse
### (Against All Defendants)

105.   This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

106.   This Defendant denies the allegations of paragraph 106 as phrased.

107.   This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 107.

108.   This Defendant denies the allegations of paragraph 108 as phrased.

109.    The allegations of paragraph 109 are denied and plaintiff is left to their proofs.

110.    The allegations of paragraph 110 are denied and plaintiff is left to their proofs.

111.    The allegations of paragraph 111 are denied and plaintiff is left to their proofs.

112.    The allegations of paragraph 112 are denied and plaintiff is left to their proofs.

<u>**Count VII – Negligent Interference with Remains
and Mishandling of a Corpse
(Against All Defendants)**</u>

113.    This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

114.    This Defendant denies the allegations of paragraph 114 as phrased.

115.    This Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 115.

116.    This Defendant denies the allegations of paragraph 116 as phrased.

117.    This Defendant denies the allegations of paragraph 117 as phrased.

118.    This Defendant denies the allegations of paragraph 118 as phrased.

119.    This Defendant denies the allegations of paragraph 119 as phrased.

<u>**Count VIII – Intentional Infliction of Emotional Distress
(Against All Defendants)**</u>

120.    This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

121.    The allegations of paragraph 121 are denied and plaintiff is left to their proofs.

122.    The allegations of paragraph 122 are denied and plaintiff is left to their proofs.

123.    The allegations of paragraph 123 are denied and plaintiff is left to their proofs.

<u>**Count IX – Negligent Infliction of Emotional Distress
(Against All Defendants)**</u>

124.    This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

125.    The allegations of paragraph 125 are denied and plaintiff is left to their proofs.

126.    The allegations of paragraph 126 are denied and plaintiff is left to their proofs.

127.    The allegations of paragraph 127 are denied and plaintiff is left to their proofs.

### Count X – Civil Conspiracy
### (Against All Defendants)

128.    This Defendant repeats and incorporates its answers to the preceding counts as though more fully set forth at length herein.

129.    The allegations of paragraph 129 are denied and plaintiff is left to their proofs.

130.    The allegations of paragraph 130 are denied and plaintiff is left to their proofs.

131.    The allegations of paragraph 131 are denied and plaintiff is left to their proofs.

WHEREFORE, the Defendant demands that the Complaint be dismissed in that judgment be entered thereon for the Defendant, together with costs.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant states that service of process was insufficient.

### THIRD DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### FOURTH DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(3) for improper venue.

### FIFTH DEFENSE

The complaint must be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## SIXTH DEFENSE

The complaint should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process.

## SEVENTH DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## EIGHTH DEFENSE

The action is barred by the applicable statute of limitations.

## NINTH DEFENSE

This court lacks personal jurisdiction over the defendants.

## TENTH DEFENSE

If the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not, and is not, legally responsible.

## ELEVENTH DEFENSE

If the plaintiff and/or the plaintiff's decedent suffered injuries or damage, as alleged, such injuries or damage were caused by the superceding, intervening conduct of a third party for whom the defendant is not legally responsible.

## TWELTH DEFENSE

This action is barred by the doctrine of a prior pending action where claims of the same right allegedly infringed by the same wrong and which would involve the same evidence have been asserted in Essex Superior Court in Massachusetts, Civil Action No. 05-789C, <u>Anzalone,et al. v. Bayview Crematory, LLC, et al.</u>, filed on May 11, 2005 and <u>Ellis, et al. v. Bayview Crematory, LLC, et al,</u> Rockingham County Superior Court, New Hampshire, Civil Action No. 05-C-350.

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the members of the class are no so numerous as to make it impractical to bring them before the court.

## FORTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the claims of the plaintiff are not typical of a class action.

## FIFTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because the damages sought are unique as to each purported member.

## SIXTEENTH DEFENSE

This action cannot be maintained as a class action on the grounds that it fails to state a claim entitling the plaintiff to relief because there are no questions of law or fact common to the alleged wrongdoing of this defendant as regard to the clients or the conduct of other defendants.

## SEVENTEENTH DEFENSE

The plaintiff cannot prove objective evidence of physical harm and therefore her claim for negligent infliction of emotional distress must be dismissed.

## EIGHTEENTH DEFENSE

The plaintiff suffered no damages as the result of any alleged actions on the part of the defendant and therefore the plaintiff cannot recover.

## NINETEENTH DEFENSE

It was not reasonably foreseeable that the plaintiff would suffer damages as the result of the defendant's actions as alleged by the plaintiff and therefore the plaintiff cannot recover.

## TWENTETH DEFENSE

The plaintiff provided authorization to the defendant and therefore the defendant is not in breach of any contract, nor was it negligent or in violation of any regulation or act and therefore the plaintiff cannot recover.

## TWENTY-FIRST DEFENSE

The plaintiff's damages do not exceed $75,000.00 and therefore the plaintiff's complaint should be dismissed.

## TWENTY-SECOND DEFENSE

The plaintiff's complaint is barred by the doctrines of estoppel, laches, relief or waiver.

TWENTY-THIRD DEFENSE

Plaintiff has failed to mitigate their damages.

WHEREFORE, Defendant Bayview Crematory, LLC demands judgment against the plaintiff and further demands that said action be dismissed.

## DEMAND FOR TRIAL BY JURY

The Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,
BAYVIEW CREMATORY, LLC.
By its Attorney,

Date:  July 18, 2005

_____/s/_____
Dona Feeney, Esquire
BBO# 600749
GETMAN, STACEY,
SCHULTHESS & STEERE, P.A.
Three Executive Park Drive – Suite 9
Bedford, NH 03110
(603) 634-4300

-12-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has this day been electronically forwarded to the following counsel of record:

Theodore M. Hess-Mahan, Esquire; Thomas G. Shapiro, Esquire,
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA  02109

George Clancy, Esquire,
Fuller Rosenberg, Palmer & Behveau, LLP
340 Main Street, Suite 817
Worcester, MA  01608

Bradley A. MacDonald, Esquire,
Cummings, King & MacDonald
One Gateway Center, Suite 351
Newton, MA  02458

Joseph M. Desmond, Esquire,
Morrison Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

Richard B. McNamara, Esquire
Wiggin & Nourie, P.A.
670 North Commercial Street
PO Box 808
Manchester, NH  03105

Brian K. Walsh, Esq.; Roberta Fitzpatrick, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA  02111

And by regular mail, postage prepaid to:
Samuel H. Rudman, Robert M. Rothman, Evan J. Kaufman
Lerach Coughlin Stoia Geller Rueman & Robbins, LLP
200 Broadhollow Road, Suite 406
Melville, NH  11747

_____/s/_____

July 18, 2005                                            Dona Feeney

-13-

F:\DFeeney\6364\05726\Hunt\Answer.rtf