UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11140 (RCL)

| | |
|---|---|
| LORRAINE HUNT, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME,  HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE,<br><br>    Defendants. | ANSWER<br>WITH AFFIRMATIVE<br>DEFENSES AND<br>CROSS-CLAIM |

## ANSWER OF DEFENDANT DRACUT FUNERAL HOME, INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendant Dracut Funeral Home, Inc. ("Dracut"), by its undersigned counsel, hereby

responds to Plaintiff's Complaint (the "Complaint") and avers as follows:

Dracut states that no answer to the introductory paragraph of the Complaint is required. To the extent that an answer is required, Dracut denies the same.

## NATURE OF THE ACTION

1. Denied. Dracut states that paragraph 1 of the Complaint purports to summarize the nature of the Plaintiff's Complaint, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

2. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 2 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 2 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that it did not turn a willful blind eye to the misconduct allegedly committed by Bayview Crematory.

3. Denied. Dracut states that paragraph 3 of the Complaint purports to summarize the nature of the relief sought by the Plaintiff and the allegations contained in the Plaintiff's Complaint, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

## PARTIES

4. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint, and therefore, denies the same.

2

5.      Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 5 of the Complaint, and therefore, denies the same.

6.      Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint, and therefore, denies the same.

7.      Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint, and therefore, denies the same.

8.      Denied.      Dracut states that paragraph 8 of the Complaint purports to establish a term used by the Plaintiff to refer to certain Defendants in the Complaint, and therefore, no answer is required.  To the extent that an answer is required, Dracut denies the same.

9.      Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 9 of the Complaint, and therefore, denies the same.

10.     Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint, and therefore, denies the same.

11.     Denied.      After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 11 of the Complaint, and therefore, denies the same.

3

12.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 12 of the Complaint, and therefore, denies the same.

13.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint, and therefore, denies the same.

14.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint, and therefore, denies the same.

15.     Admitted.

16.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint, and therefore, denies the same.

17.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint, and therefore, denies the same.

18.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint, and therefore, denies the same.

19.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint, and therefore, denies the same.

123458.00601/11451086v1

20.     Denied.       After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint, and therefore, denies the same.

21.     Denied.       After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint, and therefore, denies the same.

22.     Denied.       After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint, and therefore, denies the same.

23.     Denied.       After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 23 of the Complaint, and therefore, denies the same.

24.     Denied.       Dracut states that paragraph 24 of the Complaint purports to establish a term used by the Plaintiff to refer to certain Defendants in the Complaint, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint, and therefore, denies the same. By way of further response, Dracut states that Bayview Crematory was a crematory used by Dracut to perform cremation services during the time period beginning in or around January of 2000 and ending in or around October of 2001.

5

## JURISDICTION AND VENUE

25.    Denied.    Dracut states that paragraph 25 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

26.    Denied.    Dracut states that paragraph 26 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

27.    Denied.    Dracut states that paragraph 27 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

28.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint, and therefore, denies the same.

## CLASS ACTION ALLEGATIONS

29.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint, and therefore, denies the same.

30.    Denied.    Dracut states that paragraph 30 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that the members of the proposed Class are not so numerous that separate joinder of each member is impracticable.

6

To the contrary, joinder is practicable because, upon information and belief, the members of the proposed Class reside in the same geographic region and can be readily identified.

31.    Denied.    Dracut states that paragraph 31 of the Complaint and its subparagraphs contain conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that the proposed Class members do not share sufficiently common questions or issues of fact or law.  Dracut further states that questions of law or fact common to the proposed Class, if any, do not predominate over individual questions particular to each proposed class member.

32.    Denied.    Dracut states that paragraph 32 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that the claims alleged by the Plaintiff are not typical of the claims of the members of the proposed Class because the Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed Class, and the legal theories and defenses to be relied upon by the Plaintiff differ from the legal theories and defenses of the members of the proposed Class. Dracut further denies that the Plaintiff or any member of the proposed Class suffered any damages for which Dracut is liable or responsible.

33.    Denied.    Dracut states that paragraph 33 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a

7

belief as to the truth of the averments in paragraph 33 of the Complaint, and therefore, denies the same.

34.    Denied.    Dracut states that paragraph 34 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  By way of further response, Dracut states that a class action is not superior to other methods for the fair and efficient adjudication of this matter.  Dracut incorporates by reference its answer to paragraph 30 of the Complaint above as if fully set forth at length herein.

35.    Denied.    Dracut states that paragraph 35 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  Dracut incorporates by reference its answers to paragraphs 30 and 34 of the Complaint above as if fully set forth at length herein.

## COMMON FACTUAL ALLEGATIONS

### Bayview Crematory Mishandled and Commingled Corpses

36.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint, and therefore, denies the same.

37.    Denied.    Dracut denies the averments in paragraph 37 of the Complaint.

38.    Denied.    Dracut states that paragraph 38 of the Complaint purports to restate a portion of an article published in *The Boston Globe* on June 29, 2003 entitled "N.H. Firm Offers Lift to Funeral Homes' Bottom Line But Questions, Complaints Are Raised Against Operator," and therefore, no answer is required.  To the extent that an answer is required,

8

Dracut states that said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

39.     Admitted in part; denied in part.    Dracut admits that human remains should be handled with decorum and respect. Dracut denies the remaining averments in paragraph 39 of the Complaint. Dracut further states that paragraph 39 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that, at all times, it displayed the requisite decorum and respect in handling human remains, and complied with the applicable ethical codes, if any, regarding the handling of such remains.

**Defendant Wallace Was Suspended for Five Years for Unprofessional Conduct**

40.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 40 of the Complaint, and therefore, denies the same.

41.     Denied.     Dracut states that paragraph 41 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Derek A. Wallace, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said decision is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, Dracut states that all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required. Dracut further states that, after reasonable investigation, Dracut lacks information or

9

knowledge sufficient to form a belief as to the truth of the averments in paragraph 41 of the Complaint, and therefore, denies the same.

42.     Denied.     Dracut states that paragraph 42 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Mr. Wallace, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said decision is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, Dracut states that all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 42 of the Complaint, and therefore, denies the same.

43.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint, and therefore, denies the same.

44.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint, and therefore, denies the same.

45.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint, and therefore, denies the same.

10

46. Denied. Dracut states that paragraph 46 of the Complaint purports to restate a portion of a written decision rendered by the Board of Registration of Funeral Directors and Embalmers regarding the alleged misconduct of Mr. Wallace, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said decision is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, Dracut states that all averments as to the legal effect, if any, of said decision are denied as conclusions of law to which no answer is required. Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 46 of the Complaint, and therefore, denies the same.

47. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 47 of the Complaint, and therefore, denies the same.

**The Police Shut Down Bayview Crematory Due to a Series of Gruesome Finds**

48. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 48 of the Complaint, and therefore, denies the same.

49. Denied. Dracut states that paragraph 49 of the Complaint purports to restate a portion of an article published in *The Boston Herald* on February 24, 2005 entitled "Cops find rotting corpse at crematory," and therefore, no answer is required. To the extent that an answer is required, Dracut states that said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all

11

averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

50.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 50 of the Complaint, and therefore, denies the same.

51.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 51 of the Complaint, and therefore, denies the same.  By way of further response, Dracut states that it did not betray the confidence of any persons for which it provided funeral directing services.

52.     Denied.     After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 52 of the Complaint, and therefore, denies the same.

53.     Denied.     Dracut denies the averments in paragraph 53 of the Complaint.  By way of further response, Dracut states that paragraph 53 of the Complaint contains conclusions of law to which no answer is required.  To the extent that an answer is required, Dracut denies the same.  Dracut further states that  paragraph 53 of the Complaint purports to restate a portion of an article published in *The Boston Globe* on February 26, 2005 entitled "Families' Doubt on Ashes Led to Lawsuits, Crematory Was Sued Last Year in Boston," and therefore, no answer is required.  To the extent that an answer is required, Dracut states that said article is a writing that speaks for itself, and all characterizations of that writing are denied.  Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.  Dracut also states that it is

12

not liable or responsible to the Plaintiff, any members of the proposed Class, or any other person for any of the alleged misconduct or "atrocities" that occurred at Bayview Crematory.

54.    Denied.   Dracut states that paragraph 54 of the Complaint purports to restate a portion of an article published over *The Associated Press State & Local Wire* on March 20, 2005 entitled "Unlicensed crematorium operator faces more complaints," and therefore, no answer is required. To the extent that an answer is required, Dracut states that said article is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said article are denied as conclusions of law to which no answer is required.

55.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 55 of the Complaint, and therefore, denies the same.

56.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 56 of the Complaint, and therefore, denies the same.

57.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 57 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 57 of the Complaint purports to restate a portion of the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, Dracut states that said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also

13

states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, Dracut states that, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

58.     Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 58 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 58 of the Complaint purports to restate a portion of the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, Dracut states that said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, Dracut states that, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

59.     Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 59 of the Complaint, and therefore, denies the same. Dracut further states that paragraph 59 of the

14

Complaint purports to restate a portion of the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories," and therefore, no answer is required. To the extent that an answer is required, Dracut states that said document or package is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut also states that all averments as to the legal effect, if any, of said document or package are denied as conclusions of law to which no answer is required. By way of further response, Dracut states that, upon information and belief, the document or package entitled "Due Diligence for Funeral Homes Utilizing Third Party Crematories" was not drafted, published, presented, and/or released until in or around the fall of 2003, two years after Dracut last used Bayview Crematory for cremations.

60.    Denied.    Dracut states that paragraph 60 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that paragraph 60 of the Complaint purports to restate the terms of written contracts between the Plaintiff or members of the proposed Class and certain Defendants, and therefore, no answer is required.    To the extent that an answer is required, Dracut states that said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as conclusions of law to which no answer is required.    Dracut further states that, after reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 60 of the Complaint, and therefore, denies the same.

15

61.    Denied.    Dracut denies the averments in paragraph 61 of the Complaint.

62.    Denied.    Dracut denies the averments in paragraph 62 of the Complaint. By way of further response, Dracut states that paragraph 62 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements, and discharged and satisfied its duties, if any, to the members of the proposed Class for which Dracut provided funeral directing services.

63.    Denied.    After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 63 of the Complaint, and therefore, denies the same.

64.    Denied.    Dracut denies the averments in paragraph 64 of the Complaint. By way of further response, Dracut states that paragraph 64 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements, and discharged and satisfied its duties, if any, to the members of the proposed Class for which Dracut provided funeral directing services.

65.    Denied.    Dracut denies the averments in paragraph 65 of the Complaint. Dracut further states that paragraph 65 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut also states that it complied with and performed all of its obligations and

16

123458.00601/11451086v1

duties, whether express or implied, under any applicable contracts or agreements, and discharged and satisfied its duties, if any, to the members of the proposed Class for which Dracut provided funeral directing services. By way of further response, Dracut denies that the Plaintiff or any members of the proposed Class suffered any harm for which Dracut is liable or responsible.

66.   Denied.   After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 66 of the Complaint, and therefore, denies the same.

67.   Denied.   After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 67 of the Complaint, and therefore, denies the same. By way of further response, Dracut states that paragraph 67 of the Complaint purports to restate a portion of the cremation certificate relating to the cremation of Robert Lowe Cashman, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said certificate is a writing that speaks for itself, and all characterizations of that writing are denied. Dracut further states that all averments as to the legal effect, if any, of said certificate are denied as conclusions of law to which no answer is required.

68.   Denied.   After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 68 of the Complaint, and therefore, denies the same.

69.   Denied.   Dracut denies the averments in paragraph 69 of the Complaint.

17

70.     Denied.     Dracut denies the averments in paragraph 70 of the Complaint. By way of further response, Dracut states that paragraph 70 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that the claims of the Plaintiff and the proposed Class members do not arise out of a series of transactions or occurrences that have a question of law or fact common to Dracut and any other Defendants.

71.     Denied.     Dracut denies the averments in paragraph 71 of the Complaint. By way of further response, Dracut states that paragraph 71 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

## COUNT I

## EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF (AGAINST ALL DEFENDANTS)

72.     Dracut repeats and realleges its answers to paragraphs 1 through 71 of the Complaint above as if fully set forth at length herein.

73.     Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 73 of the Complaint, and therefore, denies the same. By way of further response, Dracut states that paragraph 73 of the Complaint purports to restate the terms of written contracts between the Plaintiff, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of

18

said contracts are denied as conclusions of law to which no answer is required. Dracut also states that paragraph 73 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

74.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 74 of the Complaint, and therefore, denies the same.

75.    Denied. Dracut denies the averments in paragraph 75 of the Complaint. By way of further response, Dracut states that paragraph 75 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements.

76.    Denied. Dracut denies the averments in paragraph 76 of the Complaint.

77.    Denied. Dracut denies the averments in paragraph 77 of the Complaint. By way of further response, Dracut states that, at all times, it displayed the requisite decorum and respect for human remains in handling the remains of any decedents for which it provided funeral directing services.

78.    Denied. Dracut denies the averments in paragraph 78 of the Complaint. By way of further response, Dracut states that paragraph 78 of the Complaint purports to restate the terms of written contracts between the Plaintiff, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said contracts are writings that speak for

19

themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as conclusions of law to which no answer is required. By way of further response, Dracut states that paragraph 78 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

79.    Denied. Dracut denies the averments in paragraph 79 of the Complaint. By way of further response, Dracut states that paragraph 79 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

80.    Denied. Dracut denies that the Plaintiff and/or the proposed Class are entitled to any equitable relief, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against the Plaintiff and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT
## (AGAINST THE FUNERAL HOME DEFENDANTS)

81.    Dracut repeats and realleges its answers to paragraphs 1 through 80 of the Complaint above as if fully set forth at length herein.

82.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 82 of the Complaint, and therefore, denies the same. By way of further response, Dracut states that paragraph 82 of the Complaint purports to restate the terms of written contracts between

20

the Plaintiff, members of the proposed Class, and/or decedents and the Defendants, and therefore, no answer is required. To the extent that an answer is required, Dracut states that said contracts are writings that speak for themselves, and all characterizations of those writings are denied. Dracut further states that all averments as to the legal effect, if any, of said contracts are denied as conclusions of law to which no answer is required. Dracut also states that paragraph 82 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

83.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 83 of the Complaint, and therefore, denies the same.

84.    Denied. Dracut denies the averments in paragraph 84 of the Complaint. By way of further response, Dracut states that paragraph 84 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements.

85.    Denied. Dracut states that paragraph 85 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

86.    Denied. Dracut denies the averments in paragraph 86 of the Complaint. By way of further response, Dracut states that paragraph 86 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required,

21

Dracut denies the same. Dracut further states that it complied with and performed all of its obligations and duties, whether express or implied, under any applicable contracts or agreements. Dracut also denies that the Plaintiff, any member of the proposed Class, or any decedent suffered any damages or monetary losses for which Dracut is liable or responsible.

## COUNT III

### BREACH OF FIDUCIARY DUTY/SPECIAL DUTY (AGAINST ALL DEFENDANTS)

87.    Dracut repeats and realleges its answers to paragraphs 1 through 86 of the Complaint above as if fully set forth at length herein.

88.    Denied. Dracut denies the averments in paragraph 88 of the Complaint. By way of further response, Dracut states that paragraph 88 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

89.    Denied. Dracut denies the averments in paragraph 89 of the Complaint. By way of further response, Dracut states that paragraph 89 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

90.    Denied. Dracut denies the averments in paragraph 90 of the Complaint. By way of further response, Dracut states that paragraph 90 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it discharged and satisfied its duty, if any, to the members of the proposed Class and/or decedents for which Dracut provided funeral directing services.

22

91.    Denied.    Dracut denies the averments in paragraph 91 of the Complaint. Dracut further states that paragraph 91 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

92.    Denied.    Dracut denies the averments in paragraph 92 of the Complaint. Dracut further states that paragraph 92 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any injuries for which Dracut is liable or responsible.

93.    Denied.    Dracut denies the averments in paragraph 93 of the Complaint.    By way of further response, Dracut states that paragraph 93 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.

94.    Denied.    Dracut denies the averments in paragraph 94 of the Complaint. Dracut further states that paragraph 94 of the Complaint contains conclusions of law to which no answer is required.    To the extent that an answer is required, Dracut denies the same.    Dracut further states that it discharged and satisfied its duty, if any, to the members of the proposed Class and/or decedents for which Dracut provided funeral directing services. By way of further response, Dracut denies that the Plaintiff and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against

23

the Plaintiff and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT IV

## FRAUDULENT CONDUCT
## (AS TO BAYVIEW CREMATORY DEFENDANTS)

95.     Dracut repeats and realleges its answers to paragraphs 1 through 94 of the Complaint above as if fully set forth at length herein.

96.     The averments in paragraph 96 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

97.     The averments in paragraph 97 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

98.     The averments in paragraph 98 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

99.     The averments in paragraph 99 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

100.    The averments in paragraph 100 of the Complaint are not directed at Dracut, and therefore, no answer is required. To the extent that an answer is required, Dracut denies the same.

24

Case 1:05-cv-11140-RCL   Document 45-2   Filed 07/28/2005   Page 5 of 17

# COUNT V

## NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

101.    Dracut repeats and realleges its answers to paragraphs 1 through 100 of the Complaint above as if fully set forth at length herein.

102.    Denied. Dracut denies the averments in paragraph 102 of the Complaint. By way of further response, Dracut states that paragraph 102 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

103.    Denied. Dracut denies the averments in paragraph 103 of the Complaint. By way of further response, Dracut states that paragraph 103 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. Dracut further states that it discharged and satisfied its duty, if any, to the members of the proposed Class for which Dracut provided funeral directing services.

104.    Denied. Dracut denies the averments in paragraph 104 of the Complaint. Dracut further states that paragraph 104 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

25

## COUNT VI

### WILLFUL INTERFERENCE WITH REMAINS AND INTENTIONAL MISHANDLING OF A CORPSE (AGAINST ALL DEFENDANTS)

105. Dracut repeats and realleges its answers to paragraphs 1 through 104 of the Complaint above as if fully set forth at length herein.

106. Denied. Dracut denies the averments in paragraph 106 of the Complaint. By way of further response, Dracut states that paragraph 106 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

107. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 107 of the Complaint, and therefore, denies the same.

108. Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 108 of the Complaint, and therefore, denies the same.

109. Denied. Dracut denies the averments in paragraph 109 of the Complaint. By way of further response, Dracut states that paragraph 109 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

110. Denied. Dracut denies the averments in paragraph 110 of the Complaint. By way of further response, Dracut states that paragraph 110 of the Complaint contains

26

conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

111. Denied. Dracut denies the averments in paragraph 111 of the Complaint. Dracut further states that paragraph 111 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any injuries or damages for which Dracut is liable or responsible.

112. Denied. Dracut denies the averments in paragraph 112 of the Complaint. Dracut further states that paragraph 112 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against the Plaintiff and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT VII

### NEGLIGENT INTERFERENCE WITH REMAINS AND MISHANDLING OF A CORPSE (AGAINST ALL DEFENDANTS)

113. Dracut repeats and realleges its answers to paragraphs 1 through 112 of the Complaint above as if fully set forth at length herein.

27

114.    Denied. Dracut states that paragraph 114 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

115.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 115 of the Complaint, and therefore, denies the same.

116.    Denied. After reasonable investigation, Dracut lacks information or knowledge sufficient to form a belief as to the truth of the averments in paragraph 116 of the Complaint, and therefore, denies the same.

117.    Denied. Dracut denies the averments in paragraph 117 of the Complaint. By way of further response, Dracut states that paragraph 117 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

118.    Denied. Dracut denies the averments in paragraph 118 of the Complaint. By way of further response, Dracut states that paragraph 118 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

119.    Denied. Dracut denies the averments in paragraph 119 of the Complaint. Dracut further states that paragraph 119 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any damages or injuries for which Dracut is liable or responsible.

28

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

120.    Dracut repeats and realleges its answers to paragraphs 1 through 119 of the Complaint above as if fully set forth at length herein.

121.    Denied.    Dracut states that paragraph 121 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

122.    Denied.    Dracut states that paragraph 122 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any mental injuries or emotional distress for which Dracut is liable or responsible.

123.    Denied.    Dracut denies the averments in paragraph 123 of the Complaint. Dracut further states that paragraph 123 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff and/or the proposed Class are entitled to punitive and/or exemplary damages, a judgment in any manner or amount, or any other relief, and therefore, requests that the Court enter a judgment in its favor and against the Plaintiff and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

29

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

124.    Dracut repeats and realleges its answers to paragraphs 1 through 123 of the Complaint above as if fully set forth at length herein.

125.    Denied.    Dracut states that paragraph 125 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

126.    Denied.    Dracut states that paragraph 126 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that it discharged and satisfied its duty, if any, to the members of the proposed Class for which Dracut provided funeral directing services.

127.    Denied.    Dracut states that paragraph 127 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any mental injuries or emotional distress for which Dracut is liable or responsible. Dracut further states that the Plaintiff and members of the proposed Class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.

30

## COUNT X

### CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

128.   Dracut repeats and realleges its answers to paragraphs 1 through 127 of the Complaint above as if fully set forth at length herein.

129.   Denied.   Dracut states that paragraph 129 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same.

130.   Denied.   Dracut states that paragraph 130 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut states that it discharged and satisfied its duty, if any, to the members of the proposed Class for which Dracut provided funeral directing services.

131.   Denied.   Dracut states that paragraph 131 of the Complaint contains conclusions of law to which no answer is required. To the extent that an answer is required, Dracut denies the same. By way of further response, Dracut denies that the Plaintiff or any member of the proposed Class suffered any harm for which Dracut is liable or responsible.

### PRAYER FOR RELIEF

WHEREFORE, Dracut denies that the Plaintiff and the members of the proposed Class are entitled to (a) certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure; (b) appointment of the Plaintiff as a class representative or the law firms of Shapiro, Haber & Urmy LLP or Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP as class counsel; and (c) a judgment in any manner or amount or any other

31

relief. Therefore, Dracut requests that the Court enter a judgment in its favor and against the Plaintiff and the members of the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Dracut reserves its right to amend this Answer to add any matter that may constitute an additional affirmative defense.

### First Affirmative Defense

Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief can be granted and should be dismissed.

### Second Affirmative Defense

Plaintiff's alleged injuries, if any, are a direct result of the actions and inaction of other persons or entities over whom Dracut has no control and for whom Dracut is not responsible.

### Third Affirmative Defense

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure and fails to satisfy the requirements for class certification thereunder.

### Fourth Affirmative Defense

Plaintiff's Complaint is barred or otherwise limited by the doctrines of release, waiver, and/or estoppel.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

32

## Sixth Affirmative Defense

Plaintiff's Complaint is barred by the applicable statute of limitations, including, but not limited to, G.L. c. 260 *et seq.* relating to the limitation of actions.

## Seventh Affirmative Defense

Plaintiff's Complaint is barred by the equitable doctrine of laches.

## Eighth Affirmative Defense

Plaintiff's Complaint is barred because Dracut has complied with and performed all of its obligations and duties, whether express or implied, under the applicable contracts or agreements.

## Ninth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Dracut discharged and satisfied its duty, if any, to the members of the proposed Class and/or decedents for which Dracut provided funeral directing services.

## Tenth Affirmative Defense

Plaintiff's Complaint is barred because Plaintiff failed to give proper or adequate notice of the damages or injuries allegedly suffered by the Plaintiff and/or members of the proposed Class to Dracut as required by the statutes of the Commonwealth of Massachusetts.

## Eleventh Affirmative Defense

Plaintiff's Complaint is barred because a prior pending action in which claims of the same right allegedly infringed upon by the same wrong and involving the same evidence has

33

been asserted in Essex Superior Court, captioned *Anzalone, et al. v. Bayview Crematory, LLC, et al.*, Civil Action No. 05-789C, which action was filed on or about May 11, 2005.

## CROSS-CLAIM AGAINST DEFENDANT BAYVIEW CREMATORY, LLC

132.    Without admitting any averments set forth in the Complaint, Dracut asserts that if there is any legal responsibility or liability for the acts and/or damages set forth in the Complaint, Defendant Bayview Crematory, LLC is solely liable to the Plaintiff and the proposed Class for any and all acts and/or damages alleged.  In the alternative, Defendant Bayview Crematory, LLC is jointly or severally liable or liable over to Dracut, by way of contribution or indemnity, for any and all acts and/or damages, costs, or attorneys' fees that may be assessed against Dracut.

## JURY DEMAND

Dracut demands a trial by jury as to all issues properly triable by a jury.

34

WHEREFORE, Defendant Dracut Funeral Home, Inc. denies that the Plaintiff and the proposed Class are entitled to a judgment in any manner or amount or any other relief, and therefore, requests that the Court enter a judgment in its favor and against the Plaintiff and the proposed Class, plus costs and attorneys' fees, and such other relief as this Court deems just and proper, or alternatively, in the event that the Court finds that there is legal responsibility or liability for the acts and/or damages set forth in the Complaint, a judgment in Dracut's favor and against Bayview Crematory, LLC, plus costs and attorneys' fees, and such other relief as this Court deems just and proper.

Respectfully Submitted,

**DEFENDANT, DRACUT FUNERAL HOME, INC.**
By its attorneys,

Dated:  July 28, 2005

MICHAEL E. OKOLITA
Donald E. Feener & Associates
120 Front Street, Suite 310
Worcester, MA 01608-1424

and

GRANT S. PALMER
JOHN J. DiCHELLO
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
(215) 569-5500
*(Pro Hac Vice Motions pending)*

*Attorneys for Defendant, Dracut Funeral Home, Inc.*

## CERTIFICATE OF SERVICE

I, Michael E. Okolita, certify that a true and correct copy of the foregoing Answer of
Defendant Dracut Funeral Home, Inc. to Plaintiff's Complaint with Affirmative Defenses
and Cross-Claim was served this 28th day of July, 2005, via First Class Mail, postage
prepaid, upon the following counsel of record:


Theodore M. Hess-Mahan, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02108
**Counsel for Plaintiff Lorraine Hunt**

Thomas G. Shapiro, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02108
**Counsel for Plaintiff Lorraine Hunt**

Dona Feeney, Esquire
Getman, Stacey, Tamposi, Schulthess & Steere
163 South River Road
Bedford, NH 03110
**Counsel for Bayview Crematory, LLC**

Richard B. McNamara, Esquire
Wiggin & Nourie, P.A.
670 North Commercial Street
P.O. Box 808
Manchester, NH 03105-0808
**Counsel for Derek A. Wallace**

William F. Ahern, Jr., Esquire
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
**Counsel for Linda Stokes**

Joseph M. Desmond, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210
**Counsel for Cremation Society, Inc.**

Bradley A. MacDonald, Esquire
Cummings, King & MacDonald
One Gateway Center
Suite 351
Newton, MA 02458
**Counsel for Farrah Funeral Home**

Brian K. Walsh, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111
**Counsel for Hamel Wickens & Troupe Funeral Home, Inc.**

Roberta Fitzpatrick, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111
**Counsel for Hamel Wickens & Troupe Funeral Home, Inc.**

George E. Clancy, Esquire
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street
Suite 817
Worcester, MA 01608
**Counsel for Keefe Funeral Home, Inc.**

Robert A. Curley, Jr., Esquire
Curley & Curley P.C.
27 School Street
Boston, MA 02108
**Counsel for William F. Spencer Funeral Services**

MICHAEL E. OKOLITA