UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE,<br>　　　　Defendants. | Civil Action No. 05-cv-11140-RCL |

### ANSWER OF THE DEFENDANT, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME TO PLAINTIFFS' CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

1.　The defendant, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home ("Simplicity"), denies the allegations set forth in paragraph 1 of the plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint").

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2. Simplicity denies the allegations set forth in paragraph 2 of the Complaint.

3. Simplicity denies the allegations set forth in paragraph 3 of the Complaint.

## PARTIES

4. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Simplicity admits that Bayview Crematory, LLC has its principal place of business at 204 New Zealand Road, Seabrook, New Hampshire but denies the remainder of the allegations set forth in paragraph 5 of the Complaint.

6. Simplicity denies the allegations set forth in paragraph 6 of the Complaint.

7. Simplicity admits that Linda Stokes is Derek Wallace's mother, but denies the remainder of the allegations set forth in paragraph 7 of the Complaint.

8. Simplicity admits that the plaintiff refers to the parties referenced in paragraphs 5 to 7 in the Complaint as the "Bayview Crematory Defendants" but denies the remainder of the allegations set forth in paragraph 8 of the Complaint.

9. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

13. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Simplicity admits that the Simplicity Funeral Home is located in Lawrence, Massachusetts but denies the remainder of the allegations set forth in paragraph 18 of the Complaint.

19. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Simplicity admits that Simplicity Burial & Cremation, Inc. is a Massachusetts corporation with a principal place of business in Newburyport, Massachusetts, but denies the remainder of the allegations set forth in paragraph 21 of the Complaint.

22. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

23. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Simplicity admits that the plaintiff refers to the parties referenced in paragraphs 9 to 23 in the Complaint as the "Funeral Home Defendants" but denies the remainder of the allegations set forth in paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25. Simplicity denies the allegations set forth in paragraph 25 of the Complaint.

26. Simplicity denies the allegations set forth in paragraph 26 of the Complaint.

27. Simplicity denies the allegations set forth in paragraph 27 of the Complaint.

28. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

## CLASS ACTION ALLEGATIONS

29. Simplicity denies the allegations set forth in paragraph 29 of the Complaint.

30. Simplicity denies the allegations set forth in paragraph 30 of the Complaint.

31. Simplicity denies the allegations set forth in paragraph 31 of the Complaint.

32. Simplicity denies the allegations set forth in paragraph 32 of the Complaint.

33. Simplicity denies the allegations set forth in paragraph 33 of the Complaint.

34. Simplicity denies the allegations set forth in paragraph 34 of the Complaint.

35. Simplicity denies the allegations set forth in paragraph 35 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

36. Simplicity denies the allegations set forth in paragraph 36 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

37. Simplicity denies the allegations set forth in paragraph 37 of the Complaint.

38. Simplicity denies the allegations set forth in paragraph 38 of the Complaint.

39. Simplicity admits that decorum and respect should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 30 of the Complaint.

40. Simplicity denies the allegations set forth in paragraph 40 of the Complaint.

41. Simplicity denies the allegations set forth in paragraph 41 of the Complaint.

42. Simplicity denies the allegations set forth in paragraph 42 of the Complaint.

43. Simplicity denies the allegations set forth in paragraph 43 of the Complaint.

44. Simplicity denies the allegations set forth in paragraph 44 of the Complaint.

45. Simplicity denies the allegations set forth in paragraph 45 of the Complaint.

46. Simplicity denies the allegations set forth in paragraph 46 of the Complaint.

47. Simplicity denies the allegations set forth in paragraph 47 of the Complaint.

48. Simplicity denies the allegations set forth in paragraph 48 of the Complaint.

49. Simplicity denies the allegations set forth in paragraph 49 of the Complaint.

50. Simplicity denies the allegations set forth in paragraph 50 of the Complaint.

51. Simplicity denies the allegations set forth in paragraph 51 of the Complaint.

52. Simplicity denies the allegations set forth in paragraph 52 of the Complaint.

53. Simplicity denies the allegations set forth in paragraph 53 of the Complaint.

54. Simplicity denies the allegations set forth in paragraph 54 of the Complaint.

55. Simplicity denies the allegations set forth in paragraph 55 of the Complaint.

56. Simplicity denies the allegations set forth in paragraph 56 of the Complaint.

57. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 57 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

58. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 58 of the Complaint.

59. Simplicity admits that due diligence should be accorded in handling human remains but denies the remainder of the allegations set forth in paragraph 59 of the Complaint.

60. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. Simplicity denies the allegations set forth in paragraph 61 of the Complaint.

62. Simplicity denies the allegations set forth in paragraph 62 of the Complaint.

63. Simplicity denies the allegations set forth in paragraph 63 of the Complaint.

64. Simplicity denies the allegations set forth in paragraph 64 of the Complaint.

65. Simplicity denies the allegations set forth in paragraph 65 of the Complaint.

66. Simplicity denies the allegations set forth in paragraph 66 of the Complaint.

67. Simplicity is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68. Simplicity denies the allegations set forth in paragraph 68 of the Complaint.

69. Simplicity denies the allegations set forth in paragraph 69 of the Complaint.

70. Simplicity denies the allegations set forth in paragraph 70 of the Complaint.

71. Simplicity denies the allegations set forth in paragraph 71 of the Complaint.

## COUNT I

### EQUITABLE (INJUNCTIVE AND/OR DECLARATORY) RELIEF (AGAINST ALL DEFENDANTS)

72. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 71 of the Complaint.

GALLAGHER & CAVANAUGH LLP
COUNSELLORS AT LAW
BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

73. Simplicity denies the allegations set forth in paragraph 73 of the Complaint.

74. Simplicity denies the allegations set forth in paragraph 74 of the Complaint.

75. Simplicity denies the allegations set forth in paragraph 75 of the Complaint.

76. Simplicity denies the allegations set forth in paragraph 76 of the Complaint.

77. Simplicity denies the allegations set forth in paragraph 77 of the Complaint.

78. Simplicity denies the allegations set forth in paragraph 78 of the Complaint.

79. Simplicity denies the allegations set forth in paragraph 79 of the Complaint.

80. Simplicity denies the allegations set forth in paragraph 80 (a-f) of the Complaint.

**WHEREFORE**, Simplicity moves that Count I of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT II

### BREACH OF CONTRACT
### (AGAINST THE FUNERAL HOME DEFENDANTS)

81. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 80 of the Complaint.

82. Simplicity denies the allegations set forth in paragraph 82 of the Complaint.

83. Simplicity denies the allegations set forth in paragraph 83 of the Complaint

84. Simplicity denies the allegations set forth in paragraph 84 of the Complaint.

85. Simplicity denies the allegations set forth in paragraph 85 of the Complaint.

86. Simplicity denies the allegations set forth in paragraph 86 of the Complaint.

**WHEREFORE**, Simplicity moves that Count II of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## COUNT III

### BREACH OF FIDUCIARY DUTY/SPECIAL DUTY
### (AGAINST ALL DEFENDANTS)

87. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 86 of the Complaint.

88. Simplicity denies the allegations set forth in paragraph 88 of the Complaint.

89. Simplicity denies the allegations set forth in paragraph 89 of the Complaint.

90. Simplicity denies the allegations set forth in paragraph 90 of the Complaint.

91. Simplicity denies the allegations set forth in paragraph 91 of the Complaint.

92. Simplicity denies the allegations set forth in paragraph 92 of the Complaint.

93. Simplicity denies the allegations set forth in paragraph 93 of the Complaint.

94. Simplicity denies the allegations set forth in paragraph 94 of the Complaint.

**WHEREFORE**, Simplicity moves that Count III of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT IV

### FRADULENT CONDUCT
### (AS TO BAYVIEW CREMATORY DEFENDANTS)

95. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 94 of the Complaint.

96. Simplicity denies the allegations set forth in paragraph 96 of the Complaint.

97. Simplicity denies the allegations set forth in paragraph 97 of the Complaint.

98. Simplicity denies the allegations set forth in paragraph 98 of the Complaint.

99. Simplicity denies the allegations set forth in paragraph 99 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

<a>x</a>

100. Simplicity denies the allegations set forth in paragraph 100 of the Complaint.

**WHEREFORE**, Simplicity moves that Count IV of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT V

### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

101. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 100 of the Complaint.

102. Simplicity denies the allegations set forth in paragraph 102 of the Complaint.

103. Simplicity denies the allegations set forth in paragraph 103 of the Complaint.

104. Simplicity denies the allegations set forth in paragraph 104 of the Complaint.

**WHEREFORE**, Simplicity moves that Count V of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT VI

### WILLFULL INTERFERENCE WITH REMAINS AND
### INTENTIONAL MISHANDLING OF A CORPSE
### (AGAINST ALL DEFENDANTS)

105. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 104 of the Complaint.

106. Simplicity denies the allegations set forth in paragraph 106 of the Complaint.

107. Simplicity denies the allegations set forth in paragraph 107 of the Complaint.

108. Simplicity denies the allegations set forth in paragraph 108 of the Complaint.

109. Simplicity denies the allegations set forth in paragraph 109 of the Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

110. Simplicity denies the allegations set forth in paragraph 110 of the Complaint.

111. Simplicity denies the allegations set forth in paragraph 111 of the Complaint.

112. Simplicity denies the allegations set forth in paragraph 112 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VI of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT VII

### NEGLIGENT INTERFERENCE WITH REMAINS AND MISHANDLING OF A CORPSE
### (AGAINST ALL DEFENDANTS)

113. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 112 of the Complaint.

114. Simplicity denies the allegations set forth in paragraph 114 of the Complaint.

115. Simplicity denies the allegations set forth in paragraph 115 of the Complaint.

116. Simplicity denies the allegations set forth in paragraph 116 of the Complaint.

117. Simplicity denies the allegations set forth in paragraph 117 of the Complaint.

118. Simplicity denies the allegations set forth in paragraph 118 of the Complaint.

119. Simplicity denies the allegations set forth in paragraph 119 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VII of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

120. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 119 of the Complaint.

121. Simplicity denies the allegations set forth in paragraph 121 of the Complaint.

122. Simplicity denies the allegations set forth in paragraph 122 of the Complaint.

123. Simplicity denies the allegations set forth in paragraph 123 of the Complaint.

**WHEREFORE**, Simplicity moves that Count VIII of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

## COUNT IX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

124. Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 123 of the Complaint.

125. Simplicity denies the allegations set forth in paragraph 125 of the Complaint.

126. Simplicity denies the allegations set forth in paragraph 126 of the Complaint.

127. Simplicity denies the allegations set forth in paragraph 127 of the Complaint.

**WHEREFORE**, Simplicity moves that Count IX of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## COUNT X

### CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

128.   Simplicity adopts by reference its answers to the allegations set forth in paragraphs 1 through 127 of the Complaint.

129.   Simplicity denies the allegations set forth in paragraph 129 of the Complaint.

130.   Simplicity denies the allegations set forth in paragraph 130 of the Complaint.

131.   Simplicity denies the allegations set forth in paragraph 131 of the Complaint.

**WHEREFORE**, Simplicity moves that Count X of the Complaint be dismissed and that judgment enter for Simplicity along with costs and reasonable attorney's fees.

### PRAYER FOR RELIEF

Simplicity denies that the Plaintiff and members of the proposed Class are entitled to (a) certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure; (b) appointment of the Plaintiff as a class representative or the law firm of Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP as class counsel; and (c) a judgment in any manner or amount or any other relief. WHEREFORE, Simplicity requests that the Court enter a judgment in his favor along with costs and reasonable attorney's fees.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint was not brought within the time period permitted by the applicable statutes of limitations, and, therefore, the plaintiff is barred from recovery from Simplicity.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### SECOND DEFENSE

The damages alleged by the plaintiff resulted from the negligent act(s) or failure(s) to act of a party(ies) for whose negligent act(s) or failure(s) to act Simplicity is not responsible.

### THIRD DEFENSE

The process and service of process in this action were improper and insufficient.

### FOURTH DEFENSE

The Plaintiff has failed to mitigate her damages, if any, in a reasonable manner.

### FIFTH DEFENSE

This Court lacks jurisdiction over Simplicity; wherefore, the plaintiff may not maintain this action against Simplicity.

### SIXTH DEFENSE

Even if Simplicity is negligent, which it denies, then such negligence was not the proximate cause of the alleged damages but said damages were the result of an intervening and superceding cause over which Simplicity had no control.

### SEVENTH DEFENSE

The plaintiff has failed to state a cause of action upon which relief could be granted and, therefore, the Complaint should be dismissed.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or laches.

### NINTH DEFENSE

Venue is improper and, therefore, the Complaint should be dismissed.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

### TENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted in a class action.

### ELEVENTH DEFENSE

The persons constituting the alleged class are not so numerous as to make it impracticable to bring them all before the Court.

### TWELFTH DEFENSE

The persons on whose behalf the action purports to be brought do not constitute a class, but on the contrary, their interests are distinct and adverse.

### THIRTEENTH DEFENSE

The plaintiff asserts that to the extent that evidence has been spoliated, Simplicity has been adversely affected.

### FOURTEENTH DEFENSE

The plaintiff's damages do not meet the jurisdictional requirement of this Court.

### FIFTEENTH DEFENSE

The plaintiff cannot prove objective evidence of physical harm and, therefore, her claim for negligent infliction of emotional distress must be dismissed.

### SIXTEENTH DEFENSE

The plaintiff suffered no damages as a result of any alleged actions on the part of Simplicity and, therefore, the plaintiff cannot recover.

### SEVENTEENTH DEFENSE

It was not reasonably foreseeable that the plaintiff would suffer damages as the result Simplicity's actions as alleged by the plaintiff and, therefore, the plaintiff cannot recover.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

14

## EIGTEENTH DEFENSE

The plaintiff's damages do not exceed $75,000.00 and, therefore, the plaintiff's complaint must be dismissed.

**THE DEFENDANT, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THE PLAINTIFF'S COMPLAINT.**

_____
Michael W. Gallagher   (JWK)
BBO #: 183400
Richard E. Cavanaugh
BBO#: 557539
Gallagher & Cavanaugh LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
Attorneys for the Defendant,
Simplicity Burial & Cremation, Inc.,
f/k/a Oceanside Family Funeral Home

Dated: 8/30/05

I HEREBY CERTIFY THAT ON 8/30/05 I SERVED THE FOREGOING ON ALL COUNSEL OF RECORD.

_____ (JWK)

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

15