UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRAINE HUNT on Behalf of Herself and All Others Similarly Situated, | ) )  ) | No. 05-11140 (RCL) |
| | ) | **JOINT STATEMENT AND PROPOSED** |
| Plaintiff, | ) | **SCHEDULING ORDER PURSUANT TO** |
| | ) | **FED. R. CIV. P. 26(f) AND LOCAL** |
| vs. | ) | **RULE 16.1** |
| | ) | |
| BAYVIEW CREMATORY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Lorraine Hunt and Defendants Dracut Funeral Home ("Dracut"), Scatamacchia Funeral Home ("Scatamacchia") and Linda Stokes, and Bayview Crematory ("Bayview") submit this Joint Statement and Proposed Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.[1]

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(B) and the Court's Order dated October 18, 2005, attorneys for the Plaintiff Lorraine Hunt, and the Defendants Bayview Crematory, LLC, Derek A. Wallace, Linda Stokes, Cremation Society, Inc., Dracut Funeral Home Incorporated, Farrah Funeral Home, Hamel Wickens & Troupe Funeral Home, Inc., Hart-Wallace Funeral Home, Keefe Funeral Home, Inc., Scatamacchia Funeral Home, and Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home, conferred *via* telephone on November 18, 2005. This telephonic meeting was conducted by:

For Plaintiff Lorraine Hunt:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS
Robert M. Rothman, Esq.
Evan J. Kaufman, Esq.
200 Broadhollow Road, Suite 406
Melville, NY  11747
(631) 367-7100
(631) 367-1173 (fax)

SHAPIRO HABER & URMY LLP
Theodore M. Hess-Mahan, Esq.
53 State Street
Boston, MA  02109
(617) 439-3939
(617) 439-0134 (fax)

---

[1] None of the other Defendants had provided Plaintiff with their position statements or proposed discovery and motion schedules prior to the filing of this joint statement.

- 1 -

For Defendants:

| | |
|---|---|
| Bayview Crematory, LLC | GETMAN, STACEY, SCHULTHESS & STEERE, P.A.<br>Dona Feeney, Esq.<br>Three Executive Park Drive, Suite 9<br>Bedford, NH  03110<br>(603) 634-4300<br>(603) 626-3647 (fax) |
| Derek A. Wallace | GALLAGHER & CAVANAUGH LLP<br>Richard E. Cavanaugh, Esq.<br>Boott Cotton Mills<br>100 Foot of John Street<br>Lowell, MA  01852<br>(978) 452-0522<br>(978) 452-0482 (fax) |
| Linda Stokes | CLARK, HUNT & EMBRY<br>Mandi Jo Hanneke, Esq.<br>55 Cambridge Pkwy.<br>Cambridge, MA  02142<br>(617) 494-1920<br>(617) 494-1921 (fax) |
| Cremation Society, Inc. | MORRISON MAHONEY LLP<br>Joseph M. Desmond, Esq.<br>250 Summer Street<br>Boston, MA 02210-1181<br>(617) 439-7500<br>(617) 439-7590 (fax) |
| Dracut Funeral Home Incorporated | BLANK ROME LLP<br>John J. DiChello, Esq.<br>One Logan Square<br>Philadelphia, PA  19103-6998<br>(215) 569-5500<br>(215) 569-5555 (fax) |
| Farrah Funeral Home | CUMMINGS, KING & MACDONALD<br>Bradley A. MacDonald, Esq.<br>One Gateway Center, Suite 351<br>Newton, MA  02458<br>(617) 630-5100<br>(617) 630-0816 (fax) |

| | |
|---|---|
| Hamel Wickens & Troupe Funeral Home, Inc. | LAW OFFICES OF ROBERTA FITZPATRICK<br>Brian K. Walsh, Esq.<br>101 Arch Street, Suite 1761<br>Boston, MA 02110<br>(617) 769-3500<br>(617) 946-0569 (fax) |
| Hart-Wallace Funeral Home | GALLAGHER & CAVANAUGH LLP<br>Richard E. Cavanaugh, Esq.<br>Boott Cotton Mills<br>100 Foot of John Street<br>Lowell, MA  01852<br>(978) 452-0522<br>(978) 452-0482 (fax) |
| Keefe Funeral Home, Inc. | FULLER, ROSENBERG, PALMER &<br>BELIEVEAU, LLP<br>George E. Clancy, Esq.<br>340 Main Street, Suite 817<br>Worcester, MA  01608<br>(508) 755-5225<br>(508) 757-1039 (fax) |
| Scatamacchia Funeral Home | BLANK ROME LLP<br>John J. DiChello, Esq.<br>One Logan Square<br>Philadelphia, PA  19103<br>(215) 569-5500<br>(215) 569-5555 (fax) |
| Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home | GALLAGHER & CAVANAUGH LLP<br>Richard E. Cavanaugh, Esq.<br>Boott Cotton Mills<br>100 Foot of John Street<br>Lowell, MA  01852<br>(978) 452-0522<br>(978) 452-0482 (fax) |

During the meet and confer, Plaintiff proposed a schedule for discovery and motions as set forth below.  Defendants Dracut, Scatamacchia and Linda Stokes, and Bayview provided Plaintiff with their proposed dates as set forth below but Plaintiff has not received dates from any other Defendants with respect to a discovery or motion schedule.  The only item that the other Defendants agreed to on the call was that the parties would serve Initial Disclosures on or before December 21,

2005.  On the call, Plaintiff informed Defendants that the parties are required to submit a joint statement and that Plaintiff needed Defendants to provide their respective positions.  Defendants Dracut, Scatamacchia Linda Stokes, and Bayview provided Plaintiff with summaries of their positions which are included below.  None of the other Defendants provided Plaintiff with summaries of their positions.

Plaintiff and Defendants Dracut, Scatamacchia and Linda Stokes and Bayview hereby submit the following Statements, pursuant to Local Rule 16.1(D).

1.    **Parties' Concise Statements**

(a)    <u>Plaintiff's Summary of Position</u>

Plaintiff Lorraine Hunt brings this action both in her individual capacity, and as a class action against defendants, on behalf of herself and: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview Crematory, LLC ("Bayview"); (ii) all persons who were parties to any contract with any of the defendants regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview; and (iii) the estates of the decedents and the representatives thereof (the "Class") during the period commencing at a date certain, presently unknown to Plaintiff, and continuing through February 23, 2005.

As alleged in the Complaint, Bayview mishandled and commingled the remains during cremation of the loved ones of Plaintiff and the proposed Class members and that each of the Funeral Home Defendants who conducted business with Bayview knew, or should have known, that Bayview was commingling bodies during cremation and mishandling the remains.  In fact, had any of the Funeral Home Defendants conducted a minimum amount of due diligence, they would have learned that Bayview had operated without a license since at least 1999.

- 4 -

This suit seeks equitable relief and damages on behalf of the Plaintiff and the members of the Class and alleges breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, negligence, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress and civil conspiracy.

      (b)      <u>Scatamacchia's Summary of Position</u>

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference, Scatamacchia, by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

      (i)      <u>Position on Liability</u>

Scatamacchia denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Scatamacchia exercised reasonable care and due diligence in providing funeral directing services. Scatamacchia complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Scatamacchia displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which it provided funeral directing services.

      (ii)      <u>Position on Relief Sought</u>

Scatamacchia further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Scatamacchia is liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Scatamacchia expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Scatamacchia has no control and for whom

Scatamacchia is not responsible.  Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Scatamacchia, by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Scatamacchia.  Scatamacchia did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully.  Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Scatamacchia is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages.  Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Scatamacchia.  In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.  Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Scatamacchia's actions.

(iii)    Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder.  The members of the proposed class are not so numerous that separate joinder of each member is impracticable.  To the contrary,

joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

(c)      <u>Dracut's Summary of Position</u>

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference, Dracut, by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

(i)      <u>Position on Liability</u>

Dracut denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Dracut exercised reasonable care and due diligence in providing funeral directing services. Dracut complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Dracut displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which it provided funeral directing services.

(ii)        <u>Position on Relief Sought</u>

Dracut further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Dracut is liable or responsible.  To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Dracut expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Dracut has no control and for whom Dracut is not responsible.  Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Dracut, by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Dracut.  Dracut did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully.  Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Dracut is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages.  Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Dracut.  In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.  Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Dracut's actions.

(iii)        Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the

Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law,

and fails to satisfy the requirements for class certification thereunder.  The members of the proposed

class are not so numerous that separate joinder of each member is impracticable.  To the contrary,

joinder is practicable because the members of the proposed class reside in the same geographic

region and can be readily identified.  Moreover, the members of the proposed class do not share

sufficiently common questions or issues of fact or law, and any questions or issues of fact or law

common to the proposed class do not predominate over individual questions particular to each

proposed class member.  Furthermore, Plaintiff's claims are not typical of the claims of the members

of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances

as the claims of the members of the proposed class, and the legal theories and defenses to be relied

upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class.

In addition, a class action is not superior to other methods for the fair and efficient adjudication of

this matter.

(d)        Bayview's Summary of Position

Defendant Bayview Crematory, LLC. ("Bayview") submits the following summary of

position.

Liability and Relief Sought: Bayview denies that it was negligent.  Bayview asserts that it

acted at all times reasonably, and in accordance with accepted standards and practices. Bayview's

building and equipment conformed to all industry standards and local codes.  Bayview obtained all

necessary permits and complied with all land use regulations. Bayview conducted cremations in

accordance with industry standards and best practices.  Bayview acted at all times to ensure that

bodies were handled with respect and were properly identified throughout the cremation process with the cremated remains being returned to the funeral homes that engaged the services of Bayview to perform the cremations. Bayview denies that there are any facts or evidence to support that any plaintiff received the wrong cremated remains or were damaged in any way. Bayview further denies that there was any violation of any law, standard or regulation during the time of this operation.

Bayview contends that Plaintiff's designation of this action as a class action fails to satisfy the requirements for class certification under Rule 23, CAFA, and other applicable laws.   The underlying claims are, essentially, for "bystander" emotional distress.  Thus, each plaintiff must prove (a) that his or her individual decedent was mishandled, commingled or otherwise abused; (b) that he or she has the requisite status relationship with the decedent; (c) that, according to expert testimony, he or she has physical manifestations of severe emotional distress resulting from the cremation of her decedent, and (d) damages.  Each plaintiff's case will turn on the particulars of that plaintiff's expert and treating physician's testimony.

Bayview expressly does not waive any contractual defenses, including indemnity.

(e)    Defendant Linda Stokes' Summary of Position

Position on Liability

Linda Stokes maintains that she is not liable to the plaintiffs in this matter.  Prior to becoming manager of Bayview Crematory, LLC, her only involvement with Bayview Crematory was as a bookkeeper.   After becoming manager of Bayview Crematory, LLC, she has continued her bookkeeping duties at Bayview Crematory and has undertaken no other duties.  Ms. Stokes has never participated in the cremation of any individual at Bayview Crematory.  Without having participated in any cremation, and as a manager of a limited liability corporation, Ms. Stokes is not liable for any of the alleged actions contemplated in the plaintiff's Complaint.

- 10 -

Ms. Stokes expressly does not waive any contractual defenses she may have in this action, including indemnification and waiver.

Ms. Stokes is no longer the Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts. The Dekes Realty Trust owns the property upon which Bayview Crematory, LLC operates its business. Since Bayview Crematory has operated its business on Dekes Realty Trust's property, Bayview Crematory has paid for the privilege through rental payments to Dekes Realty Trust. As a landowner, Dekes Realty Trust is only liable for physical injuries that occurred on the Trust's property. Since there were no physical injuries that occurred on the Trust's property, Dekes Realty Trust is not liable.

Furthermore, Ms. Stokes maintains that plaintiff cannot meet her burden in this matter. Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way. In addition, the plaintiff is unable to prove that the cremains she received are not the cremains of the loved one which she had cremated. Stokes maintains that the plaintiff cannot prove the essential elements of the plaintiff's claims and that she has done nothing that would cause her to be liable to the plaintiff.

Position on Damages

Linda Stokes denies that the plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Ms. Stokes is liable or responsible. Ms. Stokes intends to challenge the cause, duration, and extent of any alleged injuries suffered the plaintiff or the proposed class members.

Moreover, any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Ms. Stokes. In

addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Ms. Stokes' actions.

Ms. Stokes expressly does not waive any affirmative defenses asserted in her Answer to the plaintiff's Complaint.

### Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification.

(f)    Other Defendants' Summaries of Positions

The other defendants have not provided Plaintiff with a summary of their positions prior to the filing of the Joint Statement.

### 2.    Matters to Be Discussed at Scheduling Conference

Plaintiff will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A):

(a)    A proposed pre trial schedule for the case that includes the plan for discovery and deadlines;

(b)    The consolidation of *Alan C. Andersen, et al. v. Bayview Crematory LLC, et al.*, No. 05-11904 (RCL) with this action;

(c)    Anticipated dispositive and pre trial motions;

(d)    Class Certification Motion;

(e)    Alternative Dispute Resolution; and

(f)    Settlement.

**3.    Schedule for Discovery and Dispositive Motions**

Plaintiff's position with respect to a schedule for discovery and dispositive motions is set forth in the table below.

(a)    <u>Automatic Disclosures</u>

Plaintiffs proposed that the parties produce their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 on or before December 21, 2005. Defendants Dracut and Scatamacchia propose that the parties produce their Initial Disclosures on or before January 16, 2006 and Defendants Bayview and Linda Stokes propose that the parties produce their Initial Disclosures on or before January 21, 2006. None of the other Defendants objected to the December 21, 2005 date proposed by Plaintiff on the November 18, 2005 conference call.

(b)    <u>Discovery and Motion Schedule</u>

The parties' proposed timetables for completing the various phases of discovery and serving and filing dispositive motions are listed below. Plaintiff and Defendants Dracut and Scatamacchia agree to the same schedule. None of the other Defendants have provided Plaintiff with their proposed schedule.

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS DRACUT, SCATAMACCHIA, BAYVIEW AND LINDA STOKES[2] |
|---|---|---|
| **FACT DISCOVERY**<br><br>Plaintiff proposes that all deposition notices and subpoenas, and all discovery requests with the exception of requests for admission, must be served with sufficient time for compliance no later than the specified deadline for the completion of fact discovery. | Plaintiff proposes that Fact Discovery shall be completed by September 8, 2006. | Defendants propose that Fact Discovery shall be completed by November 8, 2006. Defendant Linda Stokes can agree that fact discovery shall be completed by November 8, 2006, based upon the current named plaintiff. Since the total number of final plaintiffs is either unknown or has not yet been disclosed, the November 8, 2006 date may require modification. |
| **IDENTIFICATION OF EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiff proposes that opening expert reports shall be served no later than October 23, 2006. | Defendants propose that opening expert reports shall be served no later than December 16, 2006. |
| **IDENTIFICATION OF REBUTTAL EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiff proposes that rebuttal expert reports shall be served no later than November 22, 2006. | Defendants propose that rebuttal expert reports shall be served no later than January 22, 2007. |

---

[2] None of the other Defendants have informed Plaintiff of their positions on Plaintiff's proposed schedule subsequent to the meet and confer on November 18, 2005.

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS DRACUT, SCATAMACCHIA, BAYVIEW AND LINDA STOKES[2] |
|---|---|---|
| **EXPERT DEPOSITIONS** | Plaintiff proposes that expert depositions shall be completed by January 22, 2007. | Defendants propose that expert depositions shall be completed by March 22, 2007. |
| **SUMMARY JUDGMENT** | Plaintiff proposes that any motions for summary judgment and supporting papers shall be filed and served no later than February 22, 2007, with oppositions to be filed and served no later than April 25, 2007, and any reply to be filed and served no later than June 11, 2007. | Defendants propose that any motions for summary judgment and supporting papers shall be filed and served no later than April 22, 2007, with oppositions to be filed and served no later than June 25, 2007, and any reply to be filed and served no later than August 11, 2007. |

**4.    Settlement**

Pursuant to Local Rule 16.1(C) as modified by the Court's Order dated October 18, 2005, Plaintiff attempted to tender a written settlement proposal to each Defendant represented by counsel prior to the Scheduling Conference to be held pursuant to Local Rule 16.1(A).  In that regard, Plaintiff requested to obtain certain information from each Defendant, including, the number of individuals that each Funeral Home Defendant sent to Bayview for cremation.  Defendant Bayview contests the nature and relevance of such information as a prerequisite for a demand from each individual plaintiff.  Defendant Linda Stokes informed Plaintiff that Defendant Linda Stokes did not send any individuals to Bayview for Cremation.  The day Plaintiff received the response from Linda Stokes, Plaintiff requested that Defendant Stokes advise Plaintiff as to the number of individuals who were cremated at Bayview.  Defendant Stokes believes that Plaintiffs' request was too late for Defendant Stokes to respond.  Furthermore, Defendant Stokes contests the nature and

relevance of the information requested as a prerequisite for a demand from each individual plaintiff. Defendants have not provided Plaintiff with the requested information.  As a result, Plaintiff was unable to make a settlement proposal.

      5.    <u>Trial by Magistrate Judge</u>

      At this time, neither Plaintiff nor Defendants are prepared to consent to trial by a Magistrate Judge.

      6.    <u>Budget and Alternative Dispute Resolution</u>

      Counsel for Plaintiff has conferred with Plaintiff concerning establishing a budget for litigation and the use of Alternative Dispute Resolution ("ADR").  At this juncture, Plaintiff is not interested in ADR but is willing to consider mediation on an ongoing basis as an option for the resolution of this matter.  The certifications for Plaintiff and Defendants Dracut, Scatamacchia and Linda Stokes and Bayview Crematory, LLC are attached as Exhibit A hereto pursuant to Local Rule 16.1(D)(3).

DATED:  November 30, 2005           By her attorneys,

                                   SHAPIRO HABER & URMY LLP
                                   THOMAS G. SHAPIRO BBO #454680
                                   THEODORE M. HESS-MAHAN BBO #557109

                                   /s/ Theodore M. Hess-Mahan

                                   53 State Street
                                   Boston, MA  02109
                                   Telephone:  617/439-3939
                                   617/439-0134 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN (SR-7957)
ROBERT M. ROTHMAN (RR-6090)
EVAN J. KAUFMAN (EK-8042)
200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

*Attorneys for Plaintiff Lorraine Hunt*
DONALD E. FEENER & ASSOC.

_____/s/ Micheal E. Okolita_____

Michael E. Okolita
120 Front Street, Suite 310
Worcester, MA 01608
Telephone: 508-798-0717
508-798-1850 (fax)


BLANK ROME LLP
GRANT S. PALMER
JOHN J. DICHELLO
One Logan Square
Philadelphia, PA  19103-6998
(215) 569-5500
(215) 569-5555 (fax)

*Attorneys for Defendants Dracut Funeral Home*
*Incorporated and Scatamacchia Funeral Home*

Linda Stokes, by her Attorneys,

CLARK, HUNT & EMBRY

_____/s/ Mandi Jo Hanneke_____

WILLIAM AHERN (013365)
MANDI JO HANNEKE (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

- 17 -

BAYVIEW CREMATORY, LLC

By its Attorney,

GETMAN, STACEY, SCHULTHESS &
    STEERE, P.A.

By:_____/s/_Dona Feeney_____

DONA FEENEY, ESQUIRE, #600749
ANDREW R. SCHULMAN, ESQUIRE, #549769
Three Executive Park Drive – Suite 9
Bedford, NH  03110
(603) 634-4300

I:\Bayview Crematory\Pleadings\051130 Joint Stmt and Prop Sched Order2.doc

EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LORRAINE HUNT, On Behalf of Herself and )
All Others Similarly Situated,           )
                                         )
                         Plaintiff,      )
                                         )
          vs.                            )
                                         )
BAYVIEW CREMATORY, LLC., et al.,         )
                                         )
                         Defendants.     )
_____)

No. 05-11140-RCL

CLASS ACTION

LOCAL RULE 16.1(D)(3) CERTIFICATION
FOR PLAINTIFF LORRAINE HUNT

Plaintiff Lorraine Hunt and her undersigned counsel hereby certify that they have conferred:

      (a)    with a view toward establishing a budget for costs of conducting the full course – and various alternative courses – for the litigation; and

      (b)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

DATED:  November 29, 2005

As to the Plaintiff:

_____
**LORRAINE HUNT**

As to Counsel for Plaintiff

**LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN**

_____

200 Broadhollow Road, Suite 406
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

**SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (557109)
THEODORE M. HESS-MAHAN (557109)**
53 State Street
Boston, MA  02109
Telephone:  617/439-3939
617/439-0134 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11140 (RCL)

LORRAINE HUNT, on behalf of herself and all
others similarly situated,

        Plaintiff,

       v.

BAYVIEW CREMATORY, LLC, DEREK A.
WALLACE, LINDA STOKES, AMERICAN
CREMATION SOCIETY, INC., AMERICAN
SOCIETY FOR CREMATION, AMERICAN
SOCIETY FOR FUNERAL SERVICES, INC.,
COMMONWEALTH CREMATION &
SHIPPING SERVICE, INC.,
COMMONWEALTH FUNERAL SERVICE,
INC., CREMATION SOCIETY, INC.,
DRACUT FUNERAL HOME
INCORPORATED, FARRAH FUNERAL
HOME, HAMEL WICKENS & TROUPE
FUNERAL HOME, INC., HART-WALLACE
FUNERAL HOME, KEEFE FUNERAL
HOME, INC., SCATAMACCHIA FUNERAL
HOME, SIMPLICITY BURIAL &
CREMATION, INC. f/k/a OCEANSIDE
FAMILY FUNERAL HOME, WILLIAM F.
SPENCER FUNERAL SERVICES, and
DOES 1-50, INCLUSIVE,

        Defendants.

## CERTIFICATION

The undersigned hereby certify that Scatamacchia Funeral Home, by and through its counsel, has conferred with Plaintiff and Defendants, by and through their respective counsel, with a view toward establishing a budget for the costs of conducting the full course, as well as various alternative courses, for the foregoing litigation, and toward considering the

1

NOV 2 9 2005

resolution of the foregoing litigation through the use of alternative dispute resolution programs, including those programs outlined in L. R. 16.4.

Robert Scatamacchia
Scatamacchia Funeral Home

Date: _11/28/05_

Grant S. Palmer/John J. DiChello
Counsel for Scatamacchia Funeral Home

Date: _11/28/05_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.  05-11140 (RCL)

| | |
|---|---|
| LORRAINE HUNT, on behalf of herself and all others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME,  HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE, | : : : : : : : : : : : : : : : : : : : : |
| | : |
| Defendants. | : |

## CERTIFICATION

The undersigned hereby certify that Dracut Funeral Home, Inc., by and through its counsel, has conferred with Plaintiff and Defendants, by and through their respective counsel, with a view toward establishing a budget for the costs of conducting the full course, as well as various alternative courses, for the foregoing litigation, and toward considering the

1

NOV 2 9 2005

resolution of the foregoing litigation through the use of alternative dispute resolution programs, including those programs outlined in L. R. 16.4.

_____

Mark Gacek
Dracut Funeral Home, Inc.

Date: _11-26-05_____

_____

Grant S. Palmer/John J. DiChello
Counsel for Dracut Funeral Home, Inc.

Date: ___11/28/05_____

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 05-11140-RCL

|  |  |
|---|---|
| LORRAINE HUNT on behalf of herself And all others similarly situated,     Plaintiff | ) ) ) ) ) |
| v. | ) ) ) |
| BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNDERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES and DOES 1-50, INCLUSIVE,     Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY
DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC**

We hereby certify that the undersigned counsel and Linda Stokes, individually

and as authorized representative of Bayview Crematory, LLC have conferred

concerning budgets for the cost of conducting the full course and various alternative

courses of this litigation, and to consider the resolution of the litigation for the use of

alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

| | |
|---|---|
| Respectfully submitted,<br>on behalf of defendant,<br>Linda Stokes, by her Attorneys, | Respectfully Submitted,<br>Linda Stokes, |
| **CLARK, HUNT & EMBRY** | /s/ Linda Stokes |
| /s/ Mandi Jo Hanneke | _____<br>Linda Stokes<br>18 Seabrook Road<br>Salisbury, MA 01952 |
| _____<br>William Ahern (013365)<br>Mandi Jo Hanneke (657349)<br>55 Cambridge Parkway<br>Cambridge, MA 02142<br>(617) 494-1920 | |

| | |
|---|---|
| Respectfully Submitted,<br>On behalf of defendant Bayview<br>Crematory, LLC<br>By its attorneys, | Respectfully Submitted,<br>Bayview Crematory, LLC |
| **GETMAN, STACEY, SCHULTHESS &<br>STEERE, P.A.** | /s/ Linda Stokes |
| /s/ Dona Feeney | _____<br>Linda Stokes<br>Manager, Bayview Crematory, LLC<br>18 Seabrook Road<br>Salisbury, MA 01952 |
| _____<br>Dona Feeney (600749)<br>Andrew Schulman (549769)<br>Three Executive Park Drive, Suite 9<br>Bedford, NH 03110 | |