# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

LORRAINE HUNT on behalf of herself
and others similarly situated,
    Plaintiff,

       v.                            Case Number: 05-11140 RCL

BAYVIEW CREMATORY, LLC…..
FARRAH FUNERAL HOME et al.,
    Defendants

## STATEMENT OF DEFENDANT FARRAH FUNERAL HOME PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.1

1:    <u>Statement of Defendant Farrah Funeral Home as to liability</u>: "Farrah Funeral Home" is not liable to the named plaintiff or any other person or entity upon any of the theories advanced by the plaintiff in her complaint.

    "Farrah Funeral Home" denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, "Farrah Funeral Home" exercised reasonable care and due diligence in providing funeral directing services. "Farrah Funeral Home" complied with, satisfied, discharged, and performed any and all obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, "Farrah Funeral Home" displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services. Furthermore, the plaintiff herself states no claim against this entity.

Any claims by the putative class members would be barred by the penance of prior actions and by the statute of limitations, among other affirmative defenses.

To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which claims "Farrah Funeral Home" expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom "Farrah Funeral Home" had no control, and for whom or which "Farrah Funeral Home" is not responsible. Specifically, if wrongdoing were shown, Defendant Bayview would be solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, it would be jointly or severally liable or liable to "Farrah Funeral Home" by way of contribution or indemnity for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against "Farrah Funeral Home". "Farrah Funeral Home" did not know, and, even having exercised reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

 (ii) <u>Position on Relief Sought</u>:

It is not alleged that the named plaintiff suffered loss or damage due to any wrongdoing by "Farrah Funeral Home." Furthermore, "Farrah Funeral Home," denies that the members of the putative class suffered any damages, injuries, or other losses for which "Farrah Funeral Home" is liable or responsible. Such claims are subject to affirmative defenses asserted by the defendant, including the applicable statute of limitations. Furthermore, "Farrah Funeral Home" are not liable to Plaintiff or the

members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages.  Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve "Farrah Funeral Home".  In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained, nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of "Farrah Funeral Home."

    (iii)    <u>Position on Class Certification</u>:

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder.  The defendant respectfully refers the court to the motion to dismiss filed by Defendant William F. Spencer Funeral Services (filed on August 19, 2005), ably setting forth numerous grounds upon which the class must fail (as well as why jurisdiction in this court is lacking).  Otherwise stated, the members of the proposed class are not so numerous that separate joinder of each member is impracticable.  To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified.  Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues

of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

3.  **SCHEDULE FOR DISCOVERY AND DISPOSITIVE MOTIONS:**

    (a)  Automatic Disclosures:

    "Farrah Funeral Home" propose that the parties produce their initial disclosures on or before January 16, 2006.

    (b)  Discovery and Motion Schedule:

    "Farrah Funeral Home" agrees with the time table proposed by the plaintiff.

4.  **SETTLEMENT:**

    The plaintiff has not made a settlement proposal for either the equitable relief or damages she has claimed. The plaintiff's attorneys' assertion that they must have further information from the defendant (i.e., the number of decedents taken to Bayview) is specious. The plaintiff's attorneys should be able to provide a demand for settlement per decedent, if that is indeed the measure which they seek to use for making a demand, and the defendant would be able to respond accordingly.

5.  **TRIAL BY MAGISTRATE JUDGE:**

At this time, neither plaintiffs nor defendants have consented to a trial by a magistrate judge.

6. **BUDGET AND ALTERNATIVE DISPUTE RESOLUTION**:

A copy is attached.

DEFENDANT,
By its attorney,

*/s/ Bradley A. Mac Donald*
Bradley A. Mac Donald, Esq.
B.B.O. No. 310380
CUMMINGS, KING & MacDONALD
One Gateway Center, Suite 351
Newton, MA 02458
Tel (617) 630-5100
Fax (617) 630-0816

CERTIFICATE OF SERVICE:    I hereby certify that on this date, December 1, 2005, I served an electronic copy of the foregoing upon all counsel of record with the exception of the following who were served via U.S. mail, postage paid:

Roberta Fitzpatrick
101 Arch Street
17th Floor
Boston, MA 02110

Michael E. Okolita
Donald E. Feener & Associates
Suite 310
120 Front Street
Worcester, MA 01608-1424

Samuel H. Rudman
Cauley, Geller, Bowman, Coates & Rudman, LLP
200 Broadhollow Rd.
Suite 406
Melville, NY 11747

/s/ Bradley A. Mac Donald
Bradley A. Mac Donald, Esq.