UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
NO: 05-11140 RCL

FILED
IN CLERK'S OFFICE

2005 DEC -1  P 3: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

LORRAINE HUNT, On Behalf of Herself and )
All Others Similarly Situated,            )
                                          )
Plaintiff,                                )
                                          )
    vs.                                   )
                                          )
BAYVIEW CREMATORY, LLC, DEREK A.          )
WALLACE, LINDA STOKES, AMERICAN           )
CREMATION SOCIETY, INC., AMERICAN         )
SOCIETY FOR CREMATION, AMERICAN           )
SOCIETY FOR FUNERAL SERVICES,             )
INC., COMMONWEALTH CREMATION &            )
SHIPPING SERVICE, INC.,                   )
COMMONWEALTH FUNERAL SERVICE,             )
INC., CREMATION SOCIETY, INC.,            )
DRACUT FUNERAL HOME                       )
INCORPORATED, FARRAH FUNERAL              )
HOME, HAMEL WICKENS & TROUPE              )
FUNERAL HOME, INC., HART-WALLACE          )
FUNERAL HOME, KEEFE FUNERAL               )
HOME, INC., SCATAMACCHIA FUNERAL          )
HOME, SIMPLICITY BURIAL &                 )
CREMATION, INC., f/k/a OCEANSIDE          )
FAMILY FUNERAL HOME, WILLIAM F.           )
SPENCER FUNERAL SERVICES and DOES         )
1-50, INCLUSIVE,                          )
                                          )
Defendants.                               )
                                          )

**STATEMENT OF CREMATION SOCIETY, INC.
AND HAMEL, WICKENS & TROUPE FUNERAL HOME, INC. PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.1**

1.  **CONCISE STATEMENT:**

    Pursuant to the court's notice of scheduling conference and additional matters, and in

    contemplation of the court's initial scheduling conference, the Cremation Society, Inc. and

Hamel, Wickens & Troupe Funeral Home, Inc. ("Hamel, Wickens & Troupe") hereby submit their positions.

(i)     Position on Liability:

The Cremation Society, Inc. and Hamel, Wickens & Troupe deny that they are liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, the Cremation Society, Inc. and Hamel, Wickens & Troupe exercised reasonable care and due diligence in providing funeral directing services. The Cremation Society, Inc. and Hamel, Wickens & Troupe complied with, satisfied, discharged, and performed any and all of their obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, the Cremation Society, Inc. and Hamel, Wickens & Troupe displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

(ii)    Position on Relief Sought:

The Cremation Society, Inc. and Hamel, Wickens & Troupe further deny that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which the Cremation Society, Inc. and Hamel, Wickens & Troupe are liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which the Cremation Society, Inc. and Hamel, Wickens & Troupe expressly deny, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom the Cremation Society, Inc. and Hamel, Wickens & Troupe have no control, and for whom the Cremation Society, Inc. and Hamel, Wickens & Troupe are not responsible. Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed

class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable to the Cremation Society, Inc. and Hamel, Wickens & Troupe by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against the Cremation Society, Inc. and Hamel, Wickens & Troupe. The Cremation Society, Inc. and Hamel, Wickens & Troupe did not know, and, in view of their reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, the Cremation Society, Inc. and Hamel, Wickens & Troupe are not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Cremation Society, Inc. and Hamel, Wickens & Troupe. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of the Cremation Society, Inc. or Hamel, Wickens & Troupe.

(iii)   Position on Class Certification:

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable

law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

3. **SCHEDULE FOR DISCOVERY AND DISPOSITIVE MOTIONS:**

    (a)    Automatic Disclosures:

The Cremation Society, Inc. and Hamel, Wickens & Troupe propose that the parties produce their initial disclosures on or before January 16, 2006.

    (b)    Discovery and Motion Schedule:

The Cremation Society, Inc. and Hamel, Wickens & Troupe agree with the proposed time table proposed by the plaintiff.

4. **SETTLEMENT:**

The plaintiff has not made a settlement proposal.

5. **TRIAL BY MAGISTRATE JUDGE**:

At this time, neither plaintiffs nor defendants have consented to a trial by a magistrate judge.

6. **BUDGET AND ALTERNATIVE DISPUTE RESOLUTION**:

A copy is attached.

Respectfully submitted,

THE DEFENDANT,
CREMATION SOCIETY, INC.
By its attorneys,

Joseph M. Desmond, BBO #634883
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

DATED: 12-1-05

Respectfully submitted,

HAMEL, WICKENS & TROUPE FUNERAL HOME, INC.
By its attorneys,

Brian K. Walsh, BBO #631010
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110
(617) 769-3500

DATED: 12-1-05

## CERTIFICATE OF SERVICE

I, Brian K. Walsh, do hereby certify that I have this day served the foregoing **STATEMENT OF CREMATION SOCIETY, INC. AND HAMEL, WICKENS & TROUPE FUNERAL HOME, INC. PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.1** to all counsel of record in this action by mailing the same, by first class mail, postage, prepaid to:

Richard E. Cavanaugh – richardc@gcattorneys.com

Robert A. Curley, Jr. – rac@curleylaw.com

John J. DiChello – dichello@blankrome.com

Dona Feeney – dfeeney@gstss.com

MandiJo Hanneke – mhanneke@chelaw.com

Theodore M. Hess-Mahan – ted@shulaw.com

Evan J. Kaufman – Ekaufman@lerachlaw.com

Bradley A. MacDonald – bmacdonald@ckmlaw.net, awashuta@ckmlaw.net

S. Grant Palmer – palmer@blankrome.com

Robert M. Rothman – Rrothman@larachlaw.com

Thomas G. Shapiro – tshapiro@shulaw.com, sgeresy@shulaw.com

Joseph M. Desmond, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

George E. Clancy, Esq.
Fuller, Rosenberg, Palmer & Beliveau
Suite 817
340 Main Street
Worcester, MA 01608

Michael E. Okolita, Esq.
Donald E. Feener & Associates
Suite 310
120 Front Street
Worcester, MA 01608-1424

Samuel H. Rudman, Esq.
Cauley, Geller, Bowman, Coates & Rudman LLP
200 Broadhollow Road, Suite 406
Melville, NH 11747
631-367-7100

Date: 12-1-05           Attorney: [signature]