UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, On Behalf of Herself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>BAYVIEW CREMATORY, LLC., et al.,<br><br>       Defendants. | No. 05-11140-RCL<br><br>CLASS ACTION<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT SCATAMACCHIA FUNERAL HOME'S MOTION TO DISMISS |

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ................................................................................1

II. PROCEDURAL HISTORY..................................................................................2

III. ARGUMENT........................................................................................................4

    A.  Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as
        Moot....................................................................................................................4

    B.  This Court Has Subject Matter Jurisdiction Over This Action................................5

        1.  This Court Has Already Held that It Has Jurisdiction Over Claims
            Similar to Those Alleged Here ...................................................................5

        2.  The Court Has Subject Matter Jurisdiction Under CAFA .........................6

        3.  The Court Is Not Required to Decline Jurisdiction Pursuant to
            Section 1332(d)(4) of CAFA ....................................................................7

            a.  Section 1332(d)(4)(A) Does Not Require the Court to
                Decline Jurisdiction .........................................................................7

            b.  Section 1332(d)(4)(B) Does Not Require the Court to
                Decline Jurisdiction .........................................................................9

        4.  The Court Should Not Decline to Exercise Jurisdiction Pursuant to
            Section 1332(d)(3) of CAFA ..................................................................10

    C.  Scatamacchia's Opposition to Class Certification Is Premature...........................11

        1.  It Is Improper for Scatamacchia to Oppose Class Certification at
            This Stage................................................................................................11

         2.  The Complaint Satisfies Rule 23(a)........................................................12

    D.  The Complaint Should Not Be Dismissed Due to the Fact that Another
        Action Has Been Filed in State Court....................................................................15

IV. CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

Page

## CASES

*Alan C. Andersen, et al. v. Bayview Crematory, LLC, et al.,*
   C.A. No. 05-11904-RCL................................................................................4, 17

*American Bankers Ins. Co. of Fla. v. First State Ins. Co.,*
   891 F.2d 882 (11th Cir. 1990) ...................................................................18

*Andrews v. Bechtel Power Corp.,*
   780 F.2d 124 (1st Cir. 1985).....................................................................14

*Anzalone, et al. v. Bayview Crematory, et al.,*
   No. 2005-00789 (Essex Sup. Ct.) ...................................................9, 11, 16, 17

*Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n,*
   853 F.2d 1007 (1st Cir. 1988)...................................................................16

*Byrne v. Nezhat,*
   261 F.3d 1075 (11th Cir. 2001) ..................................................................5

*Colorado River Water Conservation Dist. v. United States,*
   424 U.S. 800 (1976)...........................................................................15, 16

*Currie v. Group Ins. Comm'n,*
   290 F.3d 1 (1st Cir. 2002)........................................................................16

*Favaloro v. President and Fellows of Harvard College,*
   *Bayview Crematory, LLC, et al.,*
   Civ. No. 05-11594 (RCL) ................................................................. passim

*General Tel. Co. of Southwest v. Falcon,*
   457 U.S. 147 (1982)..............................................................................13

*Guzman-Rivera v. Rivera-Cruz,*
   98 F.3d 664 (1st Cir. 1996)........................................................................5

*In re Baldwin-United Corp. Litig.,*
   122 F.R.D. 424 (S.D.N.Y. 1986) ................................................................14

*Ohman v. Kahn,*
   No. 87 Civ. 7117 (JFK), 1990 U.S. Dist. LEXIS 7781
   (S.D.N.Y. June 27, 1990)........................................................................13

Page

*Rojas-Hernandez v. P.R. Elec. Power Auth.*,
    925 F.2d 492 (1st Cir. 1991) ..................................................................................16

*Roy v. Runyon*,
    954 F. Supp. 368 (D. Me. 1997) ..............................................................................4

*Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*,
    No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661
    (N.D.N.Y. Apr. 15, 2004) ..........................................................................................4

*Skrtich v. Thornton*,
    280 F.3d 1295 (11th Cir. 2002) ................................................................................5

*Tyco Int'l Ltd. v. Walsh*,
    No. 02 Civ. 4633 (DLC), 2003 U.S. Dist. LEXIS 2670
    (S.D.N.Y Feb. 28, 2003) ..........................................................................................4

*Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*,
    915 F.2d 7 (1st Cir. 1990) ..................................................................................16, 18

*Zucco Partners, LLC v. Findwhat.com*,
    No. 2:05-cv-201-FtM-29 DNF, 2005 U.S. Dist. LEXIS 15046
    (M.D. Fla. July 27, 2005) ..........................................................................................5

## STATUTES, RULES AND REGULATIONS

28 U.S.C.
    §1332(d) ............................................................................................. *passim*

Class Action Fairness Act of 2005,
    109 P.L. 2, 119 Stat. 4 (2005) ................................................................. *passim*

Federal Rules of Civil Procedure
    Rule 12 ..........................................................................................................4, 11
    Rule 23 ..................................................................................................... *passim*

## LEGISLATIVE HISTORY

Judiciary Committee Report on Class Action Fairness Act,
S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005
    WL 627977 ............................................................................................5, 11

Plaintiff Lorraine Hunt ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to dismiss filed by Defendant Scatamacchia Funeral Home ("Scatamacchia" or "Defendant") in the above-captioned action (the "Action").

## I.    PRELIMINARY STATEMENT

Plaintiff filed this Action in federal court because under the Class Action Fairness Act of 2005, 109 P.L. 2, 119 Stat. 4 (2005) ("CAFA"), this Court has original jurisdiction over Plaintiff's claims. Nevertheless, defendant Scatamacchia challenges this Court's jurisdiction. Scatamacchia, with the exception of one other defendant,[1] is the only defendant, out of the seventeen defendants named in this Action, that contends that this Court does not have subject matter jurisdiction over this Action. In addition, Scatamacchia contends that this Action should be dismissed because Plaintiff's Complaint (the "Complaint") fails to satisfy the requirements for class certification and because another action involving similar facts is proceeding in state court.

Plaintiff is a citizen of Massachusetts and filed claims on behalf of herself and a class she seeks to represent (the "Class") who reside throughout the United States against defendants that reside in New Hampshire and Massachusetts. Plaintiff alleges that the remains of her father and the loved ones of the Class were entrusted to the Funeral Home Defendants (defined below) for cremation. The Funeral Home Defendants utilized the services of Defendant Bayview Crematory to perform the cremations. In connection with such services, Bayview Crematory, which was located in New Hampshire, drove box trucks to pick up the remains of the loved ones of Plaintiff and the Class members, drove the remains back to its location in New Hampshire, cremated the remains in New Hampshire, and returned ashes to whatever state in which the funeral home was located.

---

[1] Defendant Farrah Funeral Home filed a Motion to Dismiss on January 31, 2006, more than five months after serving its Answer.

However, as alleged in the Complaint, rather than properly cremate the bodies, Bayview Crematory co-mingled remains during cremation prior to returning the ashes. ¶2.[2]

Defendant Scatamacchia's assertion that this Action belongs in state court is without merit. First, this Action is precisely the type of action that Congress intended to be heard by federal courts when it enacted CAFA. Second, Defendant answered the Complaint more than five months before filing its motion to dismiss, thereby rending its motion to dismiss untimely and moot. Third, in another case involving Bayview Crematory's co-mingling of remains during cremation, this Court already rejected almost exactly the same argument raised by Defendant here and ruled that the action belongs in federal court. *Favaloro v. President and Fellows of Harvard College, Bayview Crematory, LLC, et al.*, Civ. No. 05-11594 (RCL) (the "*Favaloro* Action").

## II.    PROCEDURAL HISTORY

Plaintiff filed the complaint in this Action (the "Complaint") on June 1, 2005, against defendants Bayview Crematory, LLC ("Bayview Crematory"), Derek A. Wallace ("Wallace"), and Linda Stokes (collectively, the "Bayview Crematory Defendants") and American Cremation Society, Inc., American Society For Cremation, American Society For Funeral Services, Inc., Commonwealth Cremation & Shipping Service, Inc., Commonwealth Funeral Service, Inc., Cremation Society, Inc., Dracut Funeral Home Incorporated, Farrah Funeral Home, Hamel Wickens & Troupe Funeral Home, Inc., Hart-Wallace Funeral Home, Keefe Funeral Home, Inc., Scatamacchia Funeral Home, Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home and William F. Spencer Funeral Services (collectively, the "Funeral Home Defendants").

---

[2] "¶___" refers to paragraphs of the Complaint.

Plaintiff's claims arise from the mishandling, abuse and desecration of the remains of the loved ones of Plaintiff and the members of the Class she seeks to represent. Plaintiff and the Class contracted with, and utilized the services of, the Funeral Home Defendants, to properly and respectfully perform services, including the cremation of their loved ones. ¶2. Motivated by greed, the Funeral Home Defendants utilized the cut-rate services of Bayview Crematory, which was "well known throughout the industry" as a "shoddy operator." ¶2. Bayview Crematory engaged in practices offensive to public decency. For example, Bayview Crematory performed multiple cremations at the same time, co-mingled bodies as they were being cremated, failed to keep accurate records concerning the custody of bodies, and engaged in other wrongful conduct, so that the bodies of the deceased were returned to their family members in urns mixed with the ashes of other bodies or not returned at all. The Funeral Home Defendants turned a willful blind eye to the actions of defendant Bayview Crematory. ¶2.

The Class consists of more than 100 members. In fact, the definition of the Class in this Action includes: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview Crematory; (ii) all persons who were parties to any contract with any of the defendants regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview Crematory; and (iii) the estates of the decedents and the representatives thereof (the "Class") during the period commencing at a date certain, presently unknown to Plaintiffs, and continuing through February 23, 2005. ¶29. Thus, Class members potentially reside throughout the country. Defendants reside in New Hampshire and Massachusetts. ¶¶5-22.

Defendant Scatamacchia served its answer to the Complaint on July 28, 2005, but did not serve its motion to dismiss until December 20, 2005, more than five months after serving its answer.

The *Favaloro* Action, and *Alan C. Andersen, et al. v. Bayview Crematory, LLC, et al.*, C.A.

No. 05-11904-RCL (the "*Andersen* Action"), which contain similar factual allegations to this Action,

are also before this Court. Plaintiffs in the *Andersen* Action are represented by the same counsel as

Plaintiff in this Action and Plaintiffs' counsel expect to request that this Court consolidate the

*Andersen* Action with this Action. Plaintiff in the *Favaloro* Action alleged, *inter alia*, claims against

Bayview Crematory and other defendants, for negligence in connection with the handling of the

putative Class members' decedents' remains. *See Favaloro* Action Complaint attached as Exhibit A

to the Affidavit of Theodore M. Hess-Mahan ("Hess-Mahan Aff."). Plaintiffs in the *Favaloro*

Action originally filed their complaint in state court in Essex County but it was subsequently

removed to this Court. Plaintiffs in the *Favaloro* Action filed a motion to remand, which was

opposed by defendants, including defendant Bayview Crematory (which is also a primary defendant

in this Action). The Court denied the motion to remand by electronic order dated October 3, 2005,

and determined that it would exercise subject matter jurisdiction over the *Favaloro* Action pursuant

to CAFA.

## III.    ARGUMENT

### A.    Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as Moot

Defendant served its answer to the Complaint on July 28, 2005, more than five months before

filing its motion to dismiss. Pursuant to Fed. R. Civ. P. 12(b), if a Defendant is going to move to

dismiss, it must do so prior to serving its answer. *Roy v. Runyon*, 954 F. Supp. 368, 380 (D. Me.

1997) (stating that Fed. R. Civ. P. 12(b) requires a motion made thereunder to precede the filing of

an answer.). *See Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, No. 99-CV-704, 2004 U.S.

Dist. LEXIS 6661 (N.D.N.Y. Apr. 15, 2004); *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633 (DLC),

2003 U.S. Dist. LEXIS 2670, at *4 (S.D.N.Y Feb. 28, 2003). A motion to dismiss is improper once

a responsive pleading has been filed. *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("In this case, because a responsive pleading--an answer--had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate.") (citing *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664 (1st Cir. 1996)); *Byrne v. Nezhat*, 261 F.3d 1075, 1094 n. 35 (11th Cir. 2001).

For this reason, the Court should strike Scatamacchia's motion as having been mooted by Defendant's answer. *Zucco Partners, LLC v. Findwhat.com*, No. 2:05-cv-201-FtM-29 DNF, 2005 U.S. Dist. LEXIS 15046, at *7 (M.D. Fla. July 27, 2005) (holding that "Defendants' Motions to Dismiss are DENIED as moot in light of the Answers filed by defendants" and explaining that "[a] motion to dismiss is improper once a responsive pleading has been filed . . . and a nullity.").

## B.     This Court Has Subject Matter Jurisdiction Over This Action

In the event that the Court does not strike Defendant's motion to dismiss as moot, the Court should deny Defendant's motion because, as this Court has already ruled in the *Favaloro* Action, the Court has subject matter jurisdiction over this Action. The legislative history of CAFA makes clear that it is Defendant's burden to demonstrate that the Court does not have jurisdiction over this Action: "It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977. Defendant has clearly not met this burden.

### 1.     This Court Has Already Held that It Has Jurisdiction Over Claims Similar to Those Alleged Here

In the *Favaloro* Action, this Court rejected a very similar argument to that raised by Defendant here. The plaintiff in the *Favaloro* Action initially filed the complaint in Trial Court of Massachusetts, Superior Court Department, County of Essex, and defendant Harvard removed the

case to this Court because this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A). Harvard based its removal on the fact that the *Favaloro* Action was a class action that sought relief in excess of the requisite amount in controversy and at least one member of the proposed class of plaintiffs was a citizen of a different state from at least one defendant. Plaintiff Favaloro moved to remand the action back to state court and raised arguments based on the arguments raised here.

This Court rejected Plaintiff Favaloro's argument and denied the motion to remand by electronic order dated October 3, 2005. As in *Favaloro*, this Action belongs before this Court and Defendant's motion to dismiss should be denied.

## 2.    The Court Has Subject Matter Jurisdiction Under CAFA

Pursuant to CAFA, federal district courts have original jurisdiction of class actions where: (i) the number of members of the proposed plaintiff class contains 100 or more members; (ii) the aggregate amount in controversy exceeds $5 million; and (iii) at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. §1332(d). This action satisfies each prong of CAFA.

The Class is defined to include the family members and loved ones of those who were cremated by Bayview Crematory, regardless of where those people reside. Bayview Crematory performed thousands of cremations per year. ¶5. As such, there are thousands upon thousands of potential Class members – well in excess of the 100 members set forth in CAFA.

The aggregate amount in controversy exceeds the $5 million threshold set forth by CAFA. Indeed, Scatamacchia does not contest that the potential damages are in excess of $5 million. Finally, at least one member of the plaintiff class is diverse from at least one defendant since the Plaintiff resides in Massachusetts and Bayview Crematory is located in New Hampshire. *See* ¶¶4-5.

Thus, according to the plain language of CAFA, the Court has original jurisdiction over the Action.

**3.      The Court Is Not Required to Decline Jurisdiction Pursuant to Section 1332(d)(4) of CAFA**

Notwithstanding this Court's subject matter jurisdiction, CAFA provides that, in limited circumstances, the Court must decline to hear the case. None of those circumstances apply here.

In particular, Section 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)–

(A)    (i) over a class action in which-

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant-

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

**a.      Section 1332(d)(4)(A) Does Not Require the Court to Decline Jurisdiction**

Contrary to Scatamacchia's assertions, each of the four factors under subsection (A) are not met. Therefore, the Court is not required to decline jurisdiction. <u>First</u>, Scatamacchia has not demonstrated that two thirds of the members of the proposed Class are citizens of Massachusetts.

Rather, without any support, Scatamacchia simply concludes that more than two thirds of the members of the Class are citizens of Massachusetts based upon its assertion that: (i) Plaintiff and Class members used funeral homes in Massachusetts; and (ii) Plaintiff is located in Massachusetts. This argument fails.

Scatamacchia does not point to any specific facts about the members of the Class that demonstrate that more than two-thirds of potential Class members are citizens of Massachusetts. Instead, Scatamacchia solely relies on the residency of the named Plaintiff. However, under CAFA, where the named plaintiff lives is irrelevant. Rather, the citizenship of the Class members controls.

Importantly, the Class is defined to include the family members and trustees of the estates of those who were cremated at Bayview. Simply because some of those who were cremated lived in Massachusetts does not mean that each of their family members and trustees of their estates are also citizens of Massachusetts. Thus, because Scatamacchia has no basis for asserting that greater than two-thirds of the family members of people who were cremated at Bayview Crematory are citizens of Massachusetts, Defendants have failed to satisfy their burden of proving that this Court lacks jurisdiction.

Moreover, the Action does not satisfy subsection III: that the principal injuries resulting from the alleged conduct of *each* defendant were incurred in Massachusetts. First, as discussed above, Class members are located throughout the country. Additionally, the face of the Complaint shows that defendant Bayview Crematory was located in New Hampshire and that is where the mishandling of the remains occurred.

In support of its argument, Scatamacchia misquotes CAFA by stating that the Court does not have jurisdiction if the principal injuries sustained by Plaintiff were incurred in Massachusetts, regardless of the conduct of each defendant and injuries suffered by each Class member.

Scatamacchia, therefore, incorrectly argues that since *some* injuries caused by *some* defendants were incurred in Massachusetts, subsection III is satisfied.  This is simply an incorrect reading of the statute because the conduct of each Defendant and injuries of each Class member must be examined.

Finally, Defendant has not met its burden with respect to subsection (ii) because several class actions have been filed asserting the same or similar factual allegations against several of the defendants on behalf of the same or other persons during the 3-year period preceding the filing of this action.  For example, *Anzalone, et al. v. Bayview Crematory, et al.*, No. 2005-00789 (Essex Sup. Ct.) (the "*Anzalone*" Action), was filed on or about May 11, 2005, prior to this Action and is before this Court.  *See* Def. Mem. Exh. B.[3]

### b.    Section 1332(d)(4)(B) Does Not Require the Court to Decline Jurisdiction

CAFA also does not require the Court to decline to exercise jurisdiction under §1332(d)(4)(B) because Scatamacchia has not met its burden of establishing that two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of Massachusetts.  Scatamacchia points out that the Funeral Home Defendants are located in Massachusetts, but ignores that defendant Bayview Crematory, where the atrocious acts of co-mingling remains occurred, and the Bayview Crematory Defendants, reside in New Hampshire.  Scatamacchia cannot contest that the Bayview Crematory Defendants, who reside outside of Massachusetts, are central and primary defendants in this action so the inquiry should stop here.  Additionally, as described above, Scatamacchia has not established that more than two-thirds of the members of all proposed plaintiff classes are citizens of Massachusetts.

_____

[3] "Def. Mem. at ___" refers to pages of Defendant's Memorandum of Law in Support of its Motion to Dismiss.

### 4. The Court Should Not Decline to Exercise Jurisdiction Pursuant to Section 1332(d)(3) of CAFA

Scatamacchia also asserts that the Court should exercise its discretion to decline jurisdiction under §1332(d)(3). Section 1332(d)(3) provides:

> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of–
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

An examination of the above factors does not warrant the Court declining to exercise jurisdiction over this Action. As a preliminary matter, as discussed above, Scatamacchia has not even come close to satisfying its burden to show that greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of Massachusetts. Nevertheless, even if this was the case, the Court still should not decline jurisdiction for several reasons. First, the claims asserted in the Complaint clearly involve matters of national or interstate interest. The Funeral Home Defendants, which were located in Massachusetts,

- 10 -

utilized the services of Bayview Crematory which was located in New Hampshire. Bayview Crematory sent box trucks across state lines in connection with interstate commerce to pick up bodies for cremation. Numerous unnamed Class members are located throughout the United States. There is a significant national and interstate interest involved in this action.

Furthermore, this action is precisely the type of action that Congress intended to be litigated in federal court when enacting CAFA. Indeed, CAFA's legislative history demonstrates Congress' intent for federal courts to hear actions such as the one before this Court. For example, the Judiciary Committee Report on CAFA states that CAFA "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court . . ." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977.

Finally, Scatamacchia points to the filing of the *Anzalone* Action in state court as a reason for the Court to decline exercising jurisdiction. As discussed in point D, below, the existence of the *Anzalone* Action does not warrant declining jurisdiction over this Action.

**C.    Scatamacchia's Opposition to Class Certification Is Premature**

      **1.    It Is Improper for Scatamacchia to Oppose Class Certification at This Stage**

Defendant asserts that the Complaint should be dismissed because the Complaint fails to satisfy the requirements under Rule 23 for class certification. While Scatamacchia certainly will have an opportunity to argue that a Class should not be certified, that argument should be heard in connection with Plaintiff's motion for class certification under Rule 23 – not as a motion to dismiss under Rule 12. Here, Plaintiff has not yet even filed a motion for class certification.

As discussed above, CAFA grants this Court subject matter jurisdiction over an action if it is a "class action" when certain criteria are met. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" §1332(d)(1)(b). Thus, all CAFA requires is that Plaintiff files a complaint under Rule 23 and has a sufficient basis for doing so. Here, there is no dispute that those two requirements have been met.

## 2.    The Complaint Satisfies Rule 23(a)

At the appropriate time, Plaintiff will establish that this Action should be certified as a class action because it satisfies both the prerequisites for Rule 23(a),[4] and the requirements of Rule 23(b)(3) that common questions of law and fact predominate and that a class action is superior to alternative methods for the fair and efficient adjudication of defendants' alleged wrongdoing.

However, even at this stage of the litigation, it is clear that this Action should be certified as a class action. First, for a class action to be appropriate, the members of the proposed class must be so numerous that joinder of all of those individual members would be impracticable. Fed. R. Civ. P. 23(a)(1). Here, Bayview Crematory "handled thousands of cremations each year" ¶5, and operated without a license since at least 1999. There are potentially several Class members for each person

_____

[4] Rule 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b). Fed. R. Civ. P. 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

who was cremated at Bayview Crematory so there are thousands and thousands of potential Class members. This readily satisfies the numerosity requirement.

Second, Rule 23(a)(2) requires that, in order for an action to be properly maintained as a class action, there must be questions of law or fact common to the class. As alleged in the Complaint, common questions of law and fact exist as to all Class members and predominate over any questions which affect only individual Class members. These common questions of law and fact include:

      1.     whether contrary to their contractual, fiduciary and non-delegable duties, defendants systematically and commonly failed to accomplish the cremation and disposition process with dignity and respect expected of them by public sensibilities (¶31(a));

      2.     whether defendant Bayview Crematory systematically and commonly mishandled, desecrated, abused and commingled the remains of decedents in a manner offensive to human sensibilities and/or expressly prohibited by law (¶31(b)); and

      3.     whether the Funeral Home Defendants turned a blind eye or otherwise failed to inspect, supervise, monitor or oversee Bayview Crematory's practices (¶31(c)).

While certain Class members may have utilized the services of different funeral homes, each claim is connected with the wrongdoing that occurred at Bayview Crematory. Additionally, at the class certification stage of the litigation, the Court can establish subclasses based upon the respective funeral homes.

Third, Rule 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of the claims . . . of the class."[5] Courts have recognized that "[a]s a general rule, a plaintiff's claim meets the typicality requirement if it arises from the same events or course of conduct that gives rise

---

[5] The Supreme Court has noted that the "commonality and typicality requirements of Rule 23(a) tend to merge." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982). *Accord Ohman v. Kahn*, No. 87 Civ. 7117 (JFK), 1990 U.S. Dist. LEXIS 7781 at *n.6 (S.D.N.Y. June 27, 1990) ("The typicality requirement of Rule 23(a)(3) is a close cousin of the commonality requirement."). Accordingly, inasmuch as commonalty has been established, typicality has been established as well.

to the claims of other Class members and if it is based on evidence and legal theories consistent with the other members' claims." *In re Baldwin-United Corp. Litig.*, 122 F.R.D. 424, 428 (S.D.N.Y. 1986). Here, Plaintiff's claims are typical of the claims of the Class members she seeks to represent in that Plaintiff and each Class member sustained, and continue to sustain, damages arising from defendants' wrongdoing. Plaintiff's damages, as well as the damages of each Class member, were caused by defendants' wrongful conduct as alleged in the Complaint.

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requirement is met if it appears that: (1) Plaintiffs do not have interests antagonistic to those of the class; and (2) Plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

Plaintiff easily satisfies both prongs of the adequacy test. Indeed, Plaintiff has already successfully represented the interests of the proposed Class and demonstrated her adequacy to prosecute the case. Moreover, Plaintiff's interests are not antagonistic to those of the Class. As discussed above, all members of the Class allege claims arising from the same wrongful conduct and are based on the same legal theories as the claims advanced by Plaintiff. Plaintiff is committed to the vigorous prosecution of this action and will protect the interests of the other members of the Class.

As to the second prong regarding adequacy of counsel, Plaintiff has selected and retained the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") which is well-established, possesses extensive experience prosecuting class actions, and has served as lead counsel in hundreds of class action cases. Lerach Coughlin is qualified to represent the Class and will, together with the Plaintiff, vigorously protect the interests of the proposed Class. Indeed,

Lerach Coughlin has successfully prosecuted the action thus far by, *inter alia*, conducting an intensive investigation of Lead Plaintiff's claims and drafting and filing a detailed Complaint. In addition, the Boston-based firm of Shapiro Haber & Urmy is serving as liaison counsel. Thus, the requirements of Rule 23(a)(4) are satisfied.

This action deserves to be certified as a class. However, the Court need not resolve this issue at this stage of the litigation. All that is required is for the Court to determine that this action is a class action as defined under CAFA. Plaintiff has demonstrated that this action is a class action as defined under CAFA for purposes of the Court's jurisdiction.

**D.    The Complaint Should Not Be Dismissed Due to the Fact that Another Action Has Been Filed in State Court**

Defendant asserts that the Court should dismiss the Complaint because this Action is within the scope of the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). The Supreme Court, in *Colorado River*, identified several factors to consider when evaluating whether to decline exercising jurisdiction, including: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

Although the Supreme Court held in *Colorado River* that "in situations involving the contemporaneous exercise of concurrent jurisdiction[] . . . by state and federal courts" it may be appropriate for the federal court to defer to the state court, the Court emphasized that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention" and should be "*exceptional*" to justify deferral to the state

- 15 -

court. *Id.* at 818 (emphasis added); *see also Rojas-Hernandez v. P.R. Elec. Power Auth.*, 925 F.2d 492, 495-96 (1st Cir. 1991); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts ("Villa Marina I")*, 915 F.2d 7, 12 (1st Cir. 1990); *Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n*, 853 F.2d 1007, 1015 (1st Cir. 1988).

Accordingly, the First Circuit has held that there is a "heavy presumption favoring the exercise of jurisdiction." *Villa Marina I*, 915 F.2d at 13. "There must be some extraordinary circumstances for a federal court to shrink from 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). Those extraordinary circumstances do not exist here and the Court should not decline to exercise jurisdiction.

This federal forum is very convenient for this litigation. For example, the parties are located in several states across the country so the nationwide subpoena power available to this Court (but unavailable in a state court) will streamline discovery and other aspects of the litigation. Defendant points to the *Anzalone* Action as a basis for the Court to decline jurisdiction and asserts that unless this case is dismissed, there will be piecemeal litigation. Defendant, however, ignores that the Court has already decided to exercise jurisdiction over the *Favaloro* Action as discussed above. As such, regardless of whether this Action proceeds before this Court, the *Favaloro* Action will be separate from the *Anzalone* Action.

Further, Defendant incorrectly contends that the *Anzalone* matter will adequately protect the interest of all parties. The *Anzalone* Action cannot represent the interests of the Class in this action. As discussed above, Plaintiff here seeks to represent the family members and loved ones of those who were cremated at Bayview Crematory, regardless of what states those Class members reside. In stark contrast, the *Anzalone* Action defines its class to only include Massachusetts residents and

*excludes* many of the members of the Class in this Action. *See* Def. Mem. Exh. B at ¶124. There is no merit to Scatamacchia's assertion that the interests of the class in this Action will be adequately represented by the *Anzalone* Action.

Defendant asserts that since the *Anzalone* Action was filed prior to this Action and has begun discovery, the Court should decline jurisdiction. First, while some discovery may have begun in the *Anzalone* Action, that matter is not much further advanced than this Action. Further, Plaintiff has been unable to begin discovery in this Action because under the Federal Rules of Civil Procedure, the parties must appear at a conference before the Court prior to initiating discovery. When Plaintiff attempted to proceed with the conference originally set by this Court, Defendants, including Defendant Scatamacchia, requested that Plaintiff wait until each party had been served in the *Andersen* Action prior to proceeding with a conference. Additionally, Defendant's motion to dismiss itself has delayed the progress of this Action so Defendant should not be rewarded for this litigation tactic.[6]

Defendant also wrongly contends that there is not peculiar "federal" interest in this case. Plaintiff and Class Members are located throughout the United States, and Bayview Crematory, a New Hampshire entity, crossed state lines in order to pick up the remains of the loved ones of Plaintiff and the Class Members. Additionally, by enacting CAFA, Congress has clearly expressed a "federal" interest in this type of case.

Finally, Defendant asserts that a state court should hear this Action because the Complaint alleges violations of state law. However, as stated by the First Circuit, "courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would

---

[6] The Court has informed Plaintiffs that it will determine to schedule a conference after the submission of the parties' papers in connection with the motion to dismiss.

best be resolved by a state court." *Villa Marina I*, 915 F.2d at 13 (quoting *American Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990)). In fact, federal courts resolve issues involving the interpretation of state law every day. Congress long ago provided federal courts with the authority to do so in diversity actions based on state laws and more recently in class actions based on state laws. 28 U.S.C. §1332(d). This is not one of those rare circumstances when only a state court can adjudicate Plaintiff's claims.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Defendant's motion to dismiss should be denied in its entirety.[7]

DATED:  February 17, 2006                    Respectfully submitted,


                                        /s/Theodore M. Hess-Mahan
                                        Thomas G. Shapiro BBO #454680
                                        Theodore M. Hess-Mahan BBO #557109
                                        Shapiro Haber & Urmy LLP
                                        53 State Street
                                        Boston, MA  02109
                                        Telephone:  617/439-3939

---

[7] In the event that the Court is inclined to grant Defendant's motion, Plaintiffs respectfully request the opportunity to conduct discovery with respect to the jurisdictional issues raised herein.

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
MARK S. REICH
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100

*Attorneys for Plaintiff*