UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LORRAINE HUNT, On Behalf of Herself and )
All Others Similarly Situated,          )
                                        )
                    Plaintiff,          )
                                        )
            vs.                         )
                                        )
BAYVIEW CREMATORY, LLC., et al.,        )
                                        )
                    Defendants.         )
                                        )
_____ )

No. 05-11140-RCL

CLASS ACTION

PLAINTIFF'S OPPOSITION TO
DEFENDANT FARRAH FUNERAL
HOME'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ...................................................................................1

II. PROCEDURAL HISTORY......................................................................................2

III. ARGUMENT ........................................................................................................4

    A. Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as Moot......................................................................................................................4

    B. Farrah's Opposition to Class Certification Is Premature ..........................................5

        1. It Is Improper for Farrah to Oppose Class Certification at This Stage.........................................................................................................5

        2. The Complaint Satisfies Rule 23(a).............................................................6

    C. This Court Has Subject Matter Jurisdiction over This Action.................................9

        1. This Court Has Already Held that It Has Jurisdiction over Claims Similar to Those Alleged Here ..................................................................9

        2. The Court Has Subject Matter Jurisdiction Under CAFA ........................10

        3. The Court Is Not Required to Decline Jurisdiction Pursuant to Section 1332(d)(4) of CAFA .....................................................................11

            a. Section 1332(d)(4)(A) Does Not Require the Court to Decline Jurisdiction ....................................................................11

            b. Section 1332(d)(4)(B) Does Not Require the Court to Decline Jurisdiction ....................................................................12

        4. The Court Should Not Decline to Exercise Jurisdiction Pursuant to Section 1332(d)(3) of CAFA .....................................................................13

    D. The Complaint Should Not Be Dismissed Due to the Fact that Another Action Has Been Filed in State Court...................................................................14

    E. The Complaint Sufficiently Alleges Claims Against Defendant Farrah ...............17

        1. Legal Standard Under Rule 12(b)(6) ........................................................17

        2. The Complaint Sufficiently Alleges Claims Against Farrah ....................17

IV. CONCLUSION.....................................................................................................20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alan C. Andersen, et al. v. Bayview Crematory, LLC, et al.*,
   C.A. No. 05-11904-RCL.......................................................................................4

*American Bankers Ins. Co. of Fla. v. First State Ins. Co.*,
   891 F.2d 882 (11th Cir. 1990) .........................................................................16

*Andrews v. Bechtel Power Corp.*,
   780 F.2d 124 (1st Cir. 1985)...............................................................................8

*Anzalone, et al. v. Bayview Crematory, et al.*,
   No. 2005-00789 (Essex Sup. Ct.) .......................................................12, 15, 16

*Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n*,
   853 F.2d 1007 (1st Cir. 1988)...........................................................................15

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ..........................................................................5

*Carroll v. Xerox Corp.*,
   294 F.3d 231 (1st Cir. 2002).............................................................................17

*Colorado River Water Conservation Dist. v.  United States*,
   424 U.S. 800 (1976).....................................................................................14, 15

*Currie v. Group Ins. Comm'n*,
   290 F.3d 1 (1st Cir. 2002).................................................................................15

*Duncan v. Santaniello*,
   900 F. Supp. 547 (D. Mass. 1995) ...................................................................17

*Dura-Bilt Corp. v. Chase Manhattan Corp.*,
   89 F.R.D. 87 (S.D.N.Y. 1981) .............................................................................7

*Favaloro v. President and Fellows of Harvard College,*
   *Bayview Crematory, LLC, et al.*,
   Civ. No. 05-11594 (RCL) .......................................................................... *passim*

*General Elec. Co. v. Lyon*,
   894 F. Supp. 544 (D. Mass. 1995) ...................................................................17

Page

*Guzman-Rivera v. Rivera-Cruz*,
    98 F.3d 664 (1st Cir. 1996)..........................................................................5

*In re Baldwin-United Corp. Litig.*,
    122 F.R.D. 424 (S.D.N.Y. 1986) ..................................................................8

*In re Tri-State Crematory Litig.*,
    215 F.R.D. 660 (D. Ga. 2003)......................................................................19

*Jobin v. McQuillen*,
    158 Vt. 322 (Vt. 1992)................................................................................20

*Kelly v. Brigham & Women's Hosp.*,
    51 Mass. App. Ct. 297 (Mass. App. Ct. 2001)...............................................19

*Knight v. Mills*,
    836 F.2d 659 (1st Cir. 1987)........................................................................17

*Rojas-Hernandez v. P.R. Elec. Power Auth.*,
    925 F.2d 492 (1st Cir. 1991)........................................................................15

*Rollins v. Phillips*,
    554 So. 2d 1006 (Ala. 1989)........................................................................19

*Roy v. Runyon*,
    954 F. Supp. 368 (D. Me. 1997) ....................................................................4

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974)....................................................................................17

*Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*,
    No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661
    (N.D.N.Y. Apr. 15, 2004)..............................................................................4

*Skrtich v. Thornton*,
    280 F.3d 1295 (11th Cir. 2002) .....................................................................5

*Tyco Int'l Ltd. v. Walsh*,
    No. 02 Civ. 4633 (DLC), 2003 U.S. Dist. LEXIS 2670
    (S.D.N.Y. Feb. 28, 2003)...............................................................................5

**Page**

*Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*,
    915 F.2d 7 (1st Cir. 1990) .............................................................................................15, 16

*Zucco Partners, LLC v. Findwhat.com*,
    No. 2:05-cv-201-FtM-29 DNF, 2005 U.S. Dist. LEXIS 15046
    (M.D. Fla. July 27, 2005) ............................................................................................5

## STATUTES, RULES AND REGULATIONS

28 U.S.C.
    §1332(d) ................................................................................................. *passim*

Class Action Fairness Act of 2005
    109 P.L. 2, 119 Stat. 4 (2005) ......................................................................................1

Federal Rules of Civil Procedure
    Rule 12(b) ................................................................................................ *passim*
    Rule 23(a) ................................................................................................ *passim*

Restatement (Second) of Torts,
    §868(a) ...............................................................................................................19
    §876(b) ...............................................................................................................20

## LEGISLATIVE HISTORY

Judiciary Committee Report on Class Action Fairness Act,
S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005
    WL 627977 ........................................................................................................9, 14

Plaintiff Lorraine Hunt ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion to dismiss filed by Defendant Farrah Funeral Home ("Farrah" or "Defendant") in the above-captioned action (the "Action").

## I.     PRELIMINARY STATEMENT

Defendant Farrah answered the complaint in this Action (the "Complaint") seven months ago but now seeks dismissal of the Complaint well after the time has lapsed for Farrah to do so under the Federal Rules of Civil Procedure.  At the end of December, 2005, defendant Scatamacchia Funeral Home ("Scatamacchia"), which had also served an answer many months before that time, filed a motion to dismiss and asserted that the Court lacks subject matter jurisdiction to hear this matter. Defendant Farrah has followed Scatamacchia's lead and asserts essentially the same arguments before this Court.[1]  In addition, Farrah contends that this Action should be dismissed because the Complaint fails to satisfy the requirements for class certification and because another action involving similar facts is proceeding in state court.  Finally, Farrah asserts that the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.  Each of Farrah's arguments are without merit and its motion should be denied in its entirety.

Plaintiff filed this Action in federal court because this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005, 109 P.L. 2, 119 Stat. 4 (2005) ("CAFA").  Plaintiff is a citizen of Massachusetts and filed claims on behalf of herself and a class she seeks to represent (the "Class") who reside throughout the United States against defendants that reside in New Hampshire and Massachusetts.  Plaintiff alleges that the remains of her father and the loved ones of the Class were entrusted to the Funeral Home Defendants (defined below), including

---

[1] Farrah is one of the only two defendants (out of the seventeen defendants) that contend that this Court does not have subject matter jurisdiction over this Action.

- 1 -

Farrah, for cremation. The Funeral Home Defendants utilized the services of Defendant Bayview Crematory to perform the cremations. In connection with such services, Bayview Crematory, which was located in New Hampshire, drove box trucks to pick up the remains of the loved ones of Plaintiff and the Class members, drove the remains back to its location in New Hampshire, cremated the remains in New Hampshire, and returned ashes to whatever state in which the funeral home was located. However, as alleged in the Complaint, rather than properly cremate the bodies, Bayview Crematory co-mingled remains during cremation prior to returning the ashes. ¶2.[2]

Despite Farrah's argument, this Action is sufficiently pled and belongs in this Court for several reasons. First, this Action is precisely the type of action that Congress intended to be heard by federal courts when it enacted CAFA. Second, Defendant answered the Complaint six months before filing its motion to dismiss, thereby rending its motion to dismiss untimely and moot. Third, in another case involving Bayview Crematory's co-mingling of remains during cremation, this Court already rejected almost exactly the same argument raised by Defendant here and ruled that the action belongs in federal court. *Favaloro v. President and Fellows of Harvard College, Bayview Crematory, LLC, et al.*, Civ. No. 05-11594 (RCL) (the "*Favaloro* Action"). Fourth, Defendant's argument that the Class should not be certified is premature, and in any event, this Action deserves to be certified as a class action. Finally, the Complaint sufficiently alleges claims against Farrah so Defendant's arguments that the Complaint fails to state a claim is without merit.

## II.  PROCEDURAL HISTORY

Plaintiff filed the Complaint on June 1, 2005, against the Bayview Crematory Defendants[3]

---

[2] "¶___" refers to paragraphs of the Complaint.

[3] The Bayview Crematory Defendants are Bayview Crematory, LLC ("Bayview Crematory"), Derek A. Wallace ("Wallace"), and Linda Stokes.

and the Funeral Home Defendants.[4]

Plaintiff's claims arise from the mishandling, abuse and desecration of the remains of the loved ones of Plaintiff and the members of the Class she seeks to represent. Plaintiff and the Class contracted with, and utilized the services of, the Funeral Home Defendants, including Farrah, to properly and respectfully perform services, including the cremation of their loved ones. ¶2. Motivated by greed, the Funeral Home Defendants, including Farrah, utilized the cut-rate services of Bayview Crematory, which was "well known throughout the industry" as a "shoddy operator." ¶2.

Bayview Crematory engaged in practices offensive to public decency. For example, Bayview Crematory performed multiple cremations at the same time, co-mingled bodies as they were being cremated, failed to keep accurate records concerning the custody of bodies, and engaged in other wrongful conduct, so that the bodies of the deceased were returned to their family members in urns mixed with the ashes of other bodies or not returned at all. The Funeral Home Defendants, including Farrah, turned a willful blind eye to the actions of defendant Bayview Crematory. ¶2.

The Class consists of more than 100 members. In fact, the definition of the Class in this Action includes: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview Crematory; (ii) all persons who were parties to any contract with any of the defendants, including Farrah, regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview Crematory; and (iii) the estates of the decedents and the representatives thereof during the period commencing at a date certain, presently

---

[4] The funeral home Defendants are Farrah, American Cremation Society, Inc., American Society For Cremation, American Society For Funeral Services, Inc., Commonwealth Cremation & Shipping Service, Inc., Commonwealth Funeral Service, Inc., Cremation Society, Inc., Dracut Funeral Home Incorporated, Hamel Wickens & Troupe Funeral Home, Inc., Hart-Wallace Funeral Home, Keefe Funeral Home, Inc., Scatamacchia, Simplicity Burial & Cremation, Inc. f/k/a Oceanside Family Funeral Home and William F. Spencer Funeral Services.

unknown to Plaintiffs, and continuing through February 23, 2005. ¶29. Thus, Class members potentially reside throughout the country. Defendants reside in New Hampshire and Massachusetts. ¶¶5-22.

The *Favaloro* Action, and *Alan C. Andersen, et al. v. Bayview Crematory, LLC, et al.*, C.A. No. 05-11904-RCL (the "*Andersen* Action"), which contain similar factual allegations to this Action, are also before this Court. Plaintiffs in the *Andersen* Action are represented by the same counsel as Plaintiff in this Action and Plaintiffs' counsel expect to request that this Court consolidate the *Andersen* Action with this Action. Plaintiff in the *Favaloro* Action alleged, *inter alia*, claims against Bayview Crematory and other defendants, for negligence in connection with the handling of the putative Class members' decedents' remains. *See Favaloro* Action Complaint attached as Exhibit A to the Declaration of Theodore M. Hess-Mahan. Plaintiffs in the *Favaloro* Action originally filed their complaint in state court in Essex County but it was subsequently removed to this Court. Plaintiffs in the *Favaloro* Action filed a motion to remand, which was opposed by defendants, including defendant Bayview Crematory (which is also a primary defendant in this Action). This Court denied the motion to remand by electronic order dated October 3, 2005, and determined that it would exercise subject matter jurisdiction over the *Favaloro* Action pursuant to CAFA.

## III.    ARGUMENT

### A.    Defendant's Motion to Dismiss Is Untimely and Should Be Stricken as Moot

Defendant served its answer to the Complaint on June 28, 2005, more than 6 months before filing its motion to dismiss on January 31, 2006. Pursuant to Fed. R. Civ. P. 12(b), if a Defendant is going to move to dismiss, it must do so prior to serving its answer. *Roy v. Runyon*, 954 F. Supp. 368, 380 (D. Me. 1997) (stating that Fed. R. Civ. P. 12(b) requires a motion made thereunder to precede the filing of an answer.). *See Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, No.

99-CV-704, 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. Apr. 15, 2004); *Tyco Int'l Ltd. v. Walsh*, No. 02

Civ. 4633 (DLC), 2003 U.S. Dist. LEXIS 2670, at *4 (S.D.N.Y. Feb. 28, 2003). A motion to

dismiss is improper once a responsive pleading has been filed. *Skrtich v. Thornton*, 280 F.3d 1295,

1306 (11th Cir. 2002) ("In this case, because a responsive pleading--an answer--had been filed,

under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate.") (citing

*Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664 (1st Cir. 1996)); *Byrne v. Nezhat*, 261 F.3d 1075, 1094

n. 35 (11th Cir. 2001).

For this reason, the Court should strike Farrah's motion as having been mooted by

Defendant's answer. *Zucco Partners, LLC v. Findwhat.com*, No. 2:05-cv-201-FtM-29 DNF, 2005

U.S. Dist. LEXIS 15046, at *7 (M.D. Fla. July 27, 2005) (holding that "Defendants' Motions to

Dismiss are DENIED as moot in light of the Answers filed by defendants" and explaining that "[a]

motion to dismiss is improper once a responsive pleading has been filed . . . and a nullity.").

In the event that the Court does not strike Defendant's motion to dismiss as moot, Plaintiff

respectfully contends that the Court should deny Defendant's motion in its entirety as discussed

below.

**B.      Farrah's Opposition to Class Certification Is Premature**

**1.      It Is Improper for Farrah to Oppose Class Certification at This
        Stage**

Defendant asserts that the Complaint should be dismissed because the Complaint fails to

satisfy the requirements under Rule 23 for class certification. While Farrah certainly will have an

opportunity to argue that a Class should not be certified, that argument should be heard in connection

with Plaintiff's motion for class certification under Rule 23 – not as a motion to dismiss under Rule

12. Here, Plaintiff has not yet even filed a motion for class certification.

As discussed below, CAFA grants this Court subject matter jurisdiction over an action if it is a "class action" when certain criteria are met. CAFA defines a class action as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" §1332(d)(1)(b). Thus, all CAFA requires is that Plaintiff files a complaint under Rule 23 and has a sufficient basis for doing so. Here, there is no dispute that those two requirements have been met.

### 2.        The Complaint Satisfies Rule 23(a)

At the appropriate time, Plaintiff will establish that this Action should be certified as a class action because it satisfies both the prerequisites for Rule 23(a),[5] and the requirements of Rule 23(b)(3) that common questions of law and fact predominate and that a class action is superior to alternative methods for the fair and efficient adjudication of defendants' alleged wrongdoing.

However, even at this stage of the litigation, it is clear that this Action should be certified as a class action. First, for a class action to be appropriate, the members of the proposed class must be so numerous that joinder of all of those individual members would be impracticable. Fed. R. Civ. P. 23(a)(1). Here, Bayview Crematory "handled thousands of cremations each year" ¶5, and operated without a license since at least 1999. There are potentially several Class members for each person who was cremated at Bayview Crematory so there are thousands and thousands of potential Class members. This readily satisfies the numerosity requirement. Farrah cites no authority in support of

---

[5] Rule 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b). Fed. R. Civ. P. 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

its argument that Plaintiff's claims must be dismissed because the Complaint does not allege the names of the Class members that dealt with Farrah. In fact, such a requirement would run counter to one of the primary benefits of a class action – that one or a few individuals can allege claims on behalf of hundreds or thousands of other individuals.

Second, Rule 23(a)(2) requires that, in order for an action to be properly maintained as a class action, there must be questions of law or fact common to the class. As alleged in the Complaint, common questions of law and fact exist as to all Class members and predominate over any questions which affect only individual Class members. These common questions of law and fact include:

1.    whether contrary to their contractual, fiduciary and non-delegable duties, defendants systematically and commonly failed to accomplish the cremation and disposition process with dignity and respect expected of them by public sensibilities (¶31(a));

2.    whether defendant Bayview Crematory systematically and commonly mishandled, desecrated, abused and commingled the remains of decedents in a manner offensive to human sensibilities and/or expressly prohibited by law (¶31(b)); and

3.    whether the Funeral Home Defendants turned a blind eye or otherwise failed to inspect, supervise, monitor or oversee Bayview Crematory's practices (¶31(c)).

While certain Class members may have utilized the services of different funeral homes, each claim is connected with the wrongdoing that occurred at Bayview Crematory. Additionally, at the class certification stage of the litigation, the Court can establish subclasses based upon the respective funeral homes. Farrah's contention that there are not common issues of law or fact due to a potential disparity of damages among Class members does not defeat certifying a class. *See, e.g., Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981) (stating that differences in the amount of damages, among other differences, did not render the claim inappropriate for class certification).

Third, Rule 23(a)(3) requires that "the claims . . . of the representative parties [be] typical of

the claims . . . of the class." Courts have recognized that "[a]s a general rule, a plaintiff's claim meets the typicality requirement if it arises from the same events or course of conduct that gives rise to the claims of other Class members and if it is based on evidence and legal theories consistent with the other members' claims." *In re Baldwin-United Corp. Litig.*, 122 F.R.D. 424, 428 (S.D.N.Y. 1986). Here, Plaintiff's claims are typical of the claims of the Class members she seeks to represent in that Plaintiff and each Class member sustained, and continue to sustain, damages arising from defendants' wrongdoing in connection with cremations performed at Bayview Crematory.

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This requirement is met if it appears that: (1) Plaintiffs do not have interests antagonistic to those of the class; and (2) Plaintiff's attorneys are qualified, experienced, and generally able to conduct the litigation. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

Plaintiff easily satisfies both prongs of the adequacy test. Indeed, Plaintiff has already successfully represented the interests of the proposed Class and demonstrated her adequacy to prosecute the case. Moreover, Plaintiff's interests are not antagonistic to those of the Class. As discussed above, all members of the Class allege claims arising from the same wrongful conduct and are based on the same legal theories as the claims advanced by Plaintiff. Plaintiff is committed to the vigorous prosecution of this action and will protect the interests of the other members of the Class.

As to the second prong regarding adequacy of counsel, Plaintiff has selected and retained the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") which is well-established, possesses extensive experience prosecuting class actions, and has served as lead counsel in hundreds of class action cases. Lerach Coughlin is qualified to represent the Class and will, together with the Plaintiff, vigorously protect the interests of the proposed Class. Indeed,

Lerach Coughlin has successfully prosecuted the action thus far by, *inter alia*, conducting an intensive investigation of Lead Plaintiff's claims and drafting and filing a detailed Complaint. In addition, the Boston-based firm of Shapiro Haber & Urmy is serving as liaison counsel. Thus, the requirements of Rule 23(a)(4) are satisfied.

This action deserves to be certified as a class. However, the Court need not resolve this issue at this stage of the litigation. All that is required is for the Court to determine that this action is a class action as defined under CAFA. Plaintiff has demonstrated that this action is a class action as defined under CAFA for purposes of the Court's jurisdiction.

### C.     This Court Has Subject Matter Jurisdiction over This Action

The Court should deny Defendant's motion with respect to the Court's jurisdiction over this Action because, as this Court has already ruled in the *Favaloro* Action, the Court has subject matter jurisdiction over this Action. The legislative history of CAFA makes clear that it is Defendant's burden to demonstrate that the Court does not have jurisdiction over this Action: "It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977. Defendant has clearly not met this burden.

### 1.     This Court Has Already Held that It Has Jurisdiction over Claims Similar to Those Alleged Here

In the *Favaloro* Action, defendant Harvard removed the case to this Court because this Court has original jurisdiction under 28 U.S.C. §1332(d)(2)(A). Harvard based its removal on the fact that the *Favaloro* Action was a class action that sought relief in excess of the requisite amount in controversy and at least one member of the proposed class of plaintiffs was a citizen of a different

state from at least one defendant. Plaintiff Favaloro moved to remand the action back to state court and raised arguments based on the arguments raised here.

This Court rejected Plaintiff Favaloro's argument and denied the motion to remand by electronic order dated October 3, 2005. As in *Favaloro*, this Action belongs before this Court and Defendant's motion to dismiss should be denied.

### 2.     The Court Has Subject Matter Jurisdiction Under CAFA

Pursuant to CAFA, federal district courts have original jurisdiction of class actions where: (i) the number of members of the proposed plaintiff class contains 100 or more members; (ii) the aggregate amount in controversy exceeds $5 million; and (iii) at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. §1332(d). This action satisfies each prong of CAFA.

The Class is defined to include the family members and loved ones of those who were cremated by Bayview Crematory, regardless of where those people reside. Bayview Crematory performed thousands of cremations per year. ¶5. As such, there are thousands upon thousands of potential Class members – well in excess of the 100 members set forth in CAFA.

The aggregate amount in controversy exceeds the $5 million threshold set forth by CAFA. Indeed, Farrah does not contest that the potential damages are in excess of $5 million. Finally, at least one member of the plaintiff class is diverse from at least one defendant since the Plaintiff resides in Massachusetts and Bayview Crematory is located in New Hampshire. For these reasons, the Court also may exercise jurisdiction over this Action pursuant to 28 U.S.C. §1332(d). *See* ¶¶4-5.

Thus, according to the plain language of CAFA, the Court has original jurisdiction over the Action.

### 3.     The Court Is Not Required to Decline Jurisdiction Pursuant to Section 1332(d)(4) of CAFA

Notwithstanding this Court's subject matter jurisdiction, CAFA provides that, in limited

circumstances, the Court must decline to hear the case. None of those circumstances apply here.

In particular, Section 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)–
(A)     (i) over a class action in which-
        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
        (II) at least 1 defendant is a defendant-
            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc) who is a citizen of the State in which the action was originally filed; and
        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
        (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

### a.     Section 1332(d)(4)(A) Does Not Require the Court to Decline Jurisdiction

Contrary to Farrah's assertions, Section 1332(d)(4)(A) does not require the Court to decline

jurisdiction over this Action. Without any support, Farrah simply concludes that more than two

thirds of the members of the Class are citizens of Massachusetts based upon its assertion that: (i)

Plaintiff and Class members used funeral homes in Massachusetts; and (ii) Plaintiff is located in

Massachusetts. This argument fails.

Farrah does not point to any specific facts about the members of the Class that demonstrate

that more than two-thirds of potential Class members are citizens of Massachusetts. Instead, Farrah

solely relies on the residency of the named Plaintiff. However, under CAFA, where the named plaintiff lives is irrelevant. Rather, the citizenship of the Class members controls.

Importantly, the Class is defined to include the family members and trustees of the estates of those who were cremated at Bayview. Simply because some of those who were cremated lived in Massachusetts does not mean that each of their family members and trustees of their estates are also citizens of Massachusetts. Thus, because Farrah has no basis for asserting that greater than two-thirds of the family members of people who were cremated at Bayview Crematory are citizens of Massachusetts, Defendants have failed to satisfy their burden of proving that this Court lacks jurisdiction.

Moreover, the Action does not satisfy subsection III: that the principal injuries resulting from the alleged conduct of *each* defendant were incurred in Massachusetts. As discussed above, Class members are located throughout the country. Additionally, the face of the Complaint shows that defendant Bayview Crematory was located in New Hampshire and that is where the mishandling of the remains occurred.

Finally, Defendant has not met its burden with respect to subsection (ii) because several class actions have been filed asserting the same or similar factual allegations against several of the defendants on behalf of the same or other persons during the 3-year period preceding the filing of this action. For example, *Anzalone, et al. v. Bayview Crematory, et al.*, No. 2005-00789 (Essex Sup. Ct.) (the "*Anzalone*" Action), was filed on or about May 11, 2005, prior to this Action and is before this Court. *See* Def. Mem. Exh. A. ("Def. Mem. at ___" refers to pages of Defendant's Memorandum of Law in Support of its Motion to Dismiss.)

### b.    Section 1332(d)(4)(B) Does Not Require the Court to Decline Jurisdiction

CAFA also does not require the Court to decline to exercise jurisdiction under

- 12 -

§1332(d)(4)(B) because Farrah has not met its burden of establishing that two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of Massachusetts. Farrah points out that a number of parties are located in Massachusetts, but ignores that defendant Bayview Crematory, where the atrocious acts of co-mingling remains occurred, and the Bayview Crematory Defendants, reside in New Hampshire. Farrah cannot contest that the Bayview Crematory Defendants, who reside outside of Massachusetts, are central and primary defendants in this action so the inquiry should stop here. Additionally, as described above, Farrah has not established that more than two-thirds of the members of all proposed plaintiff classes are citizens of Massachusetts.

### 4. The Court Should Not Decline to Exercise Jurisdiction Pursuant to Section 1332(d)(3) of CAFA

Farrah also asserts that the Court should exercise its discretion to decline jurisdiction under §1332(d)(3). Section 1332(d)(3) provides:

> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of–
>
> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

An examination of the above factors does not warrant the Court declining to exercise jurisdiction over this Action. As a preliminary matter, as discussed above, Farrah has not even come close to satisfying its burden to show that greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of Massachusetts. Nevertheless, even if this was the case, the Court still should not decline jurisdiction for several reasons. The claims asserted in the Complaint clearly involve matters of national or interstate interest. The Funeral Home Defendants, which were located in Massachusetts, utilized the services of Bayview Crematory which was located in New Hampshire. Bayview Crematory sent box trucks across state lines in connection with interstate commerce to pick up bodies for cremation. Numerous unnamed Class members are located throughout the United States.

Furthermore, this Action is precisely the type of action that Congress intended to be litigated in federal court when enacting CAFA. Indeed, CAFA's legislative history demonstrates Congress' intent for federal courts to hear actions such as the one before this Court. For example, the Judiciary Committee Report on CAFA states that CAFA "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court . . ." Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14, at 42-44 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977.

**D.    The Complaint Should Not Be Dismissed Due to the Fact that Another Action Has Been Filed in State Court**

Defendant asserts that the Court should dismiss the Complaint because this Action is within the scope of the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v.*

*United States*, 424 U.S. 800 (1976).[6] Although the Supreme Court held in *Colorado River* that "in situations involving the contemporaneous exercise of concurrent jurisdiction[] . . . by state and federal courts" it may be appropriate for the federal court to defer to the state court, the Court emphasized that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention" and should be "*exceptional*" to justify deferral to the state court. *Id*. at 818 (emphasis added).[7]

Accordingly, the First Circuit has held that there is a "heavy presumption favoring the exercise of jurisdiction." *Villa Marina I*, 915 F.2d at 13. "There must be some extraordinary circumstances for a federal court to shrink from 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817). Those extraordinary circumstances do not exist here and the Court should not decline to exercise jurisdiction.

This federal forum is very convenient for this litigation. For example, the parties are located in several states across the country so the nationwide subpoena power available to this Court (but unavailable in a state court) will streamline discovery and other aspects of the litigation. Defendant points to the *Anzalone* Action as a basis for the Court to decline jurisdiction and asserts that unless

---

[6] The Supreme Court, in *Colorado River*, identified several factors to consider when evaluating whether to decline exercising jurisdiction, including: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

[7] *See also Rojas-Hernandez v. P.R. Elec. Power Auth.*, 925 F.2d 492, 495-96 (1st Cir. 1991); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts ("Villa Marina I")*, 915 F.2d 7, 12 (1st Cir. 1990); *Bath Mem'l Hosp. v. Me. Health Care Fin. Comm'n*, 853 F.2d 1007, 1015 (1st Cir. 1988).

this case is dismissed, there will be piecemeal litigation. Defendant, however, ignores that the Court has already decided to exercise jurisdiction over the *Favaloro* Action as discussed above. As such, regardless of whether this Action proceeds before this Court, the *Favaloro* Action will be separate from the *Anzalone* Action.

Further, Defendant incorrectly contends that the *Anzalone* matter will adequately protect the interest of all parties. The *Anzalone* Action cannot represent the interests of the Class in this action. Plaintiff here seeks to represent the family members and loved ones of those who were cremated at Bayview Crematory, regardless of what states those Class members reside. In stark contrast, the *Anzalone* Action defines its class to only include Massachusetts residents and *excludes* many of the members of the Class in this Action. *See* Def. Mem. Exh. B at ¶124. There is no merit to Farrah's assertion that the interests of the Class in this Action will be adequately represented by the *Anzalone* Action.

Defendant asserts that since the *Anzalone* Action was filed prior to this Action, this action should be dismissed. However, simply the filing of another case in state court is not grounds for this Court dismissing this Action. Defendant also offers no support for its contention that state court is more convenient than federal court since Defendant resides in Massachusetts.

Finally, Defendant asserts that a state court should hear this Action because the Complaint alleges violations of state law. However, as stated by the First Circuit, "courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." *Villa Marina I*, 915 F.2d at 13 (quoting *American Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990)). In fact, federal courts resolve issues involving the interpretation of state law every day. Congress long ago provided federal courts with the authority to do so in diversity actions based on state laws and more recently in class actions

- 16 -

based on state laws. 28 U.S.C. §1332(d). This is not one of those rare circumstances when only a state court can adjudicate Plaintiff's claims.

### E.    The Complaint Sufficiently Alleges Claims Against Defendant Farrah

#### 1.    Legal Standard Under Rule 12(b)(6)

Farrah also contends that the Complaint should be dismissed for failure to state a claim. Farrah, however, has not come close to satisfying its weighty burden on such a motion. Nor can it, as the Complaint adequately alleges each of the causes of action.

The standard for evaluating a motion to dismiss is well established. The appropriate inquiry on a motion to dismiss is whether, based on the allegations of the complaint, the plaintiffs are "entitled to offer evidence to support their claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, in reviewing a motion to dismiss, a court should accept as true "all well-pleaded factual allegations . . . and draw all reasonable inferences" as favorable to the non-movant. *Carroll v. Xerox Corp.*, 294 F.3d 231, 241 (1st Cir. 2002). "If the complaint is sufficient to state a cause of action in accordance with the law, under any theory, the court must deny a motion to dismiss." *Duncan v. Santaniello*, 900 F. Supp. 547, 554 (D. Mass., 1995) (citing *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir. 1987)). "The burden is heavy on a party moving to dismiss." *General Elec. Co. v. Lyon*, 894 F. Supp. 544, 548 (D. Mass. 1995).

#### 2.    The Complaint Sufficiently Alleges Claims Against Farrah

Defendant Farrah asserts that Plaintiff has failed to state a claim for any of the Counts alleged in the Complaint.[8] Farrah's argument is predominately based upon the faulty premise that "Plaintiff

---

[8] Farrah challenges Plaintiff's claims for: (i) equitable relief; (ii) breach of contract; (iii) breach of fiduciary duty/special duty; (iv) negligence; (v) willful interference with remains and intentional mishandling of a corpse; (vi) negligent interference with remains and intentional mishandling of a

fails to identify any individual in the purported class that had any relationship with Farrah." Def. Mem. at 8. Farrah also contends that the Complaint fails to allege that Farrah engaged in any wrongdoing. *Id.* Farrah's assertions are false and the Complaint sufficiently alleges claims against Farrah.

First, the Complaint identifies individuals that had a relationship with Farrah since the Class is defined to include individuals who had a relationship with, or whose loved ones' remains were entrusted to, Farrah (as well as the other Funeral Home Defendants) and then subsequently cremated at Bayview Crematory. ¶29. Second, the Complaint alleges that Farrah engaged in wrongful conduct involving the remains of the loved ones of Class members who were entrusted to Farrah and then cremated at Bayview Crematory. The "Funeral Home Defendants" are defined in the Complaint to include defendant Farrah. ¶24. Each time allegations are made with respect to the Funeral Home Defendants, they are made with respect to each Funeral Home Defendant, individually, including Farrah, unless otherwise indicated. *Id.*

Accordingly, the Complaint alleges that Class members entered into individual contracts for Farrah to perform funeral related services in connection with the passing of their loved ones and that such funeral services were to be performed by Farrah in a respectful manner. ¶60. The Complaint alleges that "motivated by greed," Farrah used defendant Bayview Crematory to carry out the cremation process even though Bayview Crematory was not licensed to perform cremations. ¶61. Further, the Complaint alleges that Farrah failed to inspect, supervise, monitor or oversee Bayview Crematory's practices although Farrah was under a duty to do so and thereby breached its duties to Class members whose loved ones were entrusted to Farrah. ¶64. Plaintiff has clearly met its

---

corpse; (vii) intentional infliction of emotion distress; (viii) negligent infliction of emotional distress; and (ix) civil conspiracy.

pleading burden with respect to Farrah.

Farrah also advances the following arguments which are without merit. First, Farrah contends that Plaintiff fails to state a claim for (i) breach of fiduciary duty/special duty; and (ii) negligent interference with remains and intentional mishandling of a corpse, because *Farrah* has been unable to find case law supporting those causes of action. Def. Mem. at 9-10. Farrah's inability to find case law supporting Plaintiff's claims does not satisfy Defendant's burden in connection with its motion. Indeed, courts in Massachusetts as well as in circuits around the country, have repeatedly found that individuals may allege tort claims arising out of the mishandling of the remains of their loved ones. *See Kelly v. Brigham & Women's Hosp.*, 51 Mass. App. Ct. 297, 308 (Mass. App. Ct. 2001) (recognizing claims for (i) tortious interference with a dead body; (ii) negligent infliction of emotional distress; and (iii) intentional infliction of emotional distress arising out of the mishandling of an autopsy); *In re Tri-State Crematory Litig.*, 215 F.R.D. 660 (D. Ga. 2003) (certifying class based upon claims for breach of contract, negligence, willful interference with remains and intentional mishandling of a corpse, and negligent interference with remains and mishandling of a corpse.); s*ee Restatement (Second) of Torts*, §868(a) (commenting that "[o]ne who is entitled to the disposition of the body of a deceased person has a cause of action in tort against one who intentionally, recklessly or negligently mistreats or improperly deals with the body or prevents its proper burial or cremation.").

In fact, courts widely recognize the severe emotional distress that arises from the mishandling of the corpse of a loved one. "Emotional distress is the natural and proximate result of knowing that the remains of a deceased family member have not been preserved as the family desired." *Kelly*, 51 Mass. App. Ct. at 307; *Rollins v. Phillips*, 554 So. 2d 1006, 1008 (Ala. 1989) ("It is a matter of common knowledge in civilized society that close relatives and friends possess deep-

seated feelings and emotions regarding the remains of their dead.  The person or persons with the duty of burying a loved one have the right to see that the body is preserved and their feelings in relation thereto protected").  Mishandling of a corpse is so contrary to public policy that the infliction of emotional distress is presumed in connection with such claims.  *Jobin v. McQuillen*, 158 Vt. 322, 328 (Vt. 1992) (acknowledging "the special sensitivity that accompanies the handling of corpses" that justifies claims for negligent infliction of emotional distress without accompanying physical harm).

Finally, Farrah's assertion that the Complaint fails to sufficiently allege a claim for civil conspiracy is without merit.[9]  The Complaint alleges that Farrah, along with the other Funeral Home Defendants, utilized the services of Bayview Crematory even though those defendants understood that Bayview Crematory was well known in the industry as a "shoddy operator."  ¶2.  By turning a "willful blind eye" to the horrible conduct that was taking place at Bayview Crematory, Farrah, along with the other Funeral Home Defendants, enabled Bayview Crematory to continue to operate and mishandle the remains of Plaintiff and the other members of the Class.  ¶2.  Plaintiff has sufficiently alleged a claim for civil conspiracy against Farrah.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Defendant's motion to dismiss should be denied in its entirety.[10]

---

[9] A person may be liable for civil conspiracy if he "knows that the . . . conduct [of another person] constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself."  *Restatement (Second) of Torts*, §876(b) (1977).

[10] In the event that the Court is inclined to grant Defendant's motion, Plaintiff respectfully requests the right to replead.

DATED:  February 28, 2006

Respectfully submitted,

_____
/s/Theodore M. Hess-Mahan
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA  02109
Telephone:  617/439-3939

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 28, 2006.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan