## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **LORRAINE HUNT, On Behalf of Herself and All Others Similarly Situated,** | : |
| | : |
| | : |
| **Plaintiff,** | : |
| | : C.A. NO.  05-11140 (RCL) |
| **v.** | : |
| | : |
| **BAYVIEW CREMATORY, LLC, et al.,** | : |
| | : |
| **Defendants.** | : |

_____:

### DEFENDANT SCATAMACCHIA FUNERAL HOME'S REPLY MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Scatamacchia Funeral Home ("Scatamacchia"), by and through its undersigned counsel, hereby submits this Reply Memorandum in support of its Motion to Dismiss Plaintiff's Complaint (the "Motion").

## I.     PRELIMINARY STATEMENT

Plaintiff's Opposition to Scatamacchia's Motion to Dismiss (the "Opposition") is most striking in what it does not say.  Critically, Plaintiff makes no argument to rebut that the *Anzalone* Action pending in Massachusetts state court involves *identical* issues and circumstances, and that the continuation of both lawsuits would waste this Court's and the litigants' limited resources through piecemeal and duplicative litigation, which might also create conflicting results.  Plaintiff cannot dispute that an undue and unfair burden would be placed upon Scatamacchia and other small defendants required to defend the same allegations twice, and that this problem is exacerbated in discovery-intensive class actions such as this one.  While Plaintiff admits that no discovery has taken place in this case, Plaintiff cannot deny that depositions and extensive document discovery have taken place in the *Anzalone* Action, and therefore, that the state court is the most logical and efficient forum to handle this dispute.  Accordingly, Plaintiff has presented no argument why this case should

**Error! Unknown document property name.**

not be dismissed pursuant to the abstention principles set forth by the Supreme Court of the United States in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), and its progeny.

The weakness of Plaintiff's Opposition is also reflected by Plaintiff's argument that Scatamacchia's Motion is untimely because Scatamacchia has previously filed an answer to Plaintiff's Complaint. Fed. R. Civ. P. 12(h)(3) clearly provides, and courts in the First Circuit have uniformly held, that a party may move to dismiss an action for lack of subject matter jurisdiction, as Scatamacchia has done here, *at any time*.

Plaintiff's arguments regarding whether this Court is required to decline to exercise jurisdiction under the Class Action Fairness Act ("CAFA") simply ignore her own allegations. The Complaint on its face establishes that this case involves a truly local dispute in which Massachusetts' interests are at stake, virtually all of the parties are from Massachusetts, and nearly all (if not all) of the alleged injuries resulting from the conduct of the Defendants occurred in Massachusetts – all of which require this Court to decline jurisdiction.[1]

## II.    ARGUMENT

### A.    Scatamacchia's Motion Is Not Untimely.

Plaintiff contends that Scatamacchia's Motion is untimely because Scatamacchia filed an answer to Plaintiff's Complaint before filing its Motion.[2] *See* Plaintiff's Opposition at 4-5. Fed. R. Civ. P. 12(h)(3), however, provides that courts may dismiss an action *at any time* for lack of subject

---

[1] As part of its weak and unsupported arguments, Plaintiff also claims that she has satisfied the requirements for class certification under Fed. R. Civ. P. 23(a). *See* Plaintiff's Opposition at 11-15. In fact, as discussed in Scatamacchia's Motion, Plaintiff has not and cannot specifically plead adequate facts to satisfy the requirements. *See* Scatamacchia's Motion at 7-9. Plaintiff further contends that Scatamacchia's opposition to class certification at this stage is premature. *See* Plaintiff's Opposition at 11-12. However, because Plaintiff has had over *nine* months since filing this action in June of 2005 to seek certification of a class, the issue of class certification is properly before this Court.

[2] It also should be noted that Plaintiff's statement that Scatamacchia is the only Defendant that has raised these arguments for dismissal is false. Spencer Funeral Home ("Spencer") filed an almost identical motion to dismiss early in this litigation. *See* Motion to Dismiss Plaintiff's Complaint dated August 19, 2005 attached as **Exhibit A**. Because of the pendency of the Spencer motion to dismiss, Scatamacchia and the other defendants determined not to burden this Court with identical motions raising the exact same arguments. Apparently recognizing the validity of the arguments raised in the motion to dismiss, Plaintiff obtained extensions to respond and then voluntarily dismissed Spencer from this action. *See* [Corrected] Notice of Voluntary Dismissal With Prejudice as to Defendant William F. Spencer Funeral Services dated November 18, 2005 attached as **Exhibit B**. Upon discovering that Spencer's motion to dismiss would not be ruled upon, Scatamacchia promptly placed these issues before the Court again for disposition.

**Error! Unknown document property name.**

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("*[w]henever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action") (emphasis added). Consistent with this rule, courts in the First Circuit routinely hold that "[s]ubject matter jurisdiction is not waivable, and a party cannot confer subject matter jurisdiction upon a federal court by failing to assert that defense in a timely manner." *Bolduc v. United States*, 402 F.3d 50, 54 (1st Cir. 2005) (citations omitted). In other words, a party may move to dismiss an action for lack of subject matter jurisdiction *at any time*. *See Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 447 (1st Cir. 1995) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992) (citing Fed. R. Civ. P. 12(h)(3) and *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)).

Plaintiff cites no legal authority to the contrary. The cases primarily relied upon by Plaintiff, *Roy v. Runyon*, 954 F. Supp. 368 (D. Me. 1997), *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, No. 99-CV-704, 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. Apr. 15, 2004), *Tyco Int'l Ltd. v. Walsh*, No. 02 CIV 4633 (S.D.N.Y. Feb. 27, 2003), *Skrtich v. Thornton*, 280 F.3d 1295 (11th Cir. 2002), and *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), involved belated motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and other *waivable* grounds not raised here by Scatamacchia. *Id.*; *see also* Fed. R. Civ. P. 12(h)(1), (2).

### B.    This Court Lacks Jurisdiction under CAFA.

### 1.    This Court Must Decline Jurisdiction under § 1332(d)(4)(A).

Without any support, Plaintiff claims that § 1332(d)(4)(A) does not require the Court to decline to exercise jurisdiction because two-thirds of the members of the proposed class are not citizens of Massachusetts. *See* Plaintiff's Opposition at 7-8. In making this argument, Plaintiff contends only that the purported class *may* include persons who reside outside of the state. *Id.* Even

**Error! Unknown document property name.**

if some of the members of the proposed class may not be residents of Massachusetts, the only

evidence of record is that all of the members of the class are residents of the state.  The only

identified class member to date, Plaintiff, Lorraine Hunt, is a citizen of Massachusetts.  Likewise, the

vast majority of the proposed class clearly reside in Massachusetts where all of the decedents from

or through whom the class members seek relief received funeral directing services from the fourteen

funeral home Defendants located exclusively in Massachusetts.  *See* Plaintiff's Complaint at ¶¶ 9-22.

There is no question here that "virtually all of the parties . . . would be local, and local interests

therefore presumably would predominate."  Sen. Rep., No. 109-14, at 23 (2005), reprinted in 2005

U.S.C.C.A.N. 3, 2005 WL 627977.  Plaintiff has presented no evidence whatsoever to the contrary

and is bound by the allegations in her own Complaint.[3]

 In addition, Plaintiff argues that this Court is not required to decline to exercise jurisdiction

under § 1332(d)(4)(A) because the principal injuries resulting from the alleged conduct of each

Defendant were not incurred in Massachusetts – a misplaced argument based upon the fact that

Bayview Crematory is in New Hampshire.  *See* Plaintiff's Opposition at 8-9.  Regardless of the

location of Bayview Crematory, it is indisputable that the only alleged injuries sustained by Plaintiff

and the proposed class resulting from this misconduct occurred in Massachusetts.  The injuries in

this case are solely alleged injuries for emotional distress to family members in Massachusetts - not

alleged harm to the decedents or their ashes.  Because the only class member identified in this case,

Plaintiff, resides in Massachusetts, members of the proposed class are primarily located in

Massachusetts, and all fourteen of the funeral home Defendants are located in Massachusetts, "all or

---

[3] Plaintiff also baselessly contends that this Court should not decline to exercise jurisdiction under § 1332(d)(4)(B) because two-thirds of the members of the proposed class of plaintiffs, and the primary defendants, are not residents of Massachusetts.  *See* Plaintiff's Opposition at 9.  As discussed above, Plaintiff's own allegations establish that more than two-thirds of all members of the proposed class *are* citizens of Massachusetts, and there is no evidence to the contrary.  Similarly, the fourteen funeral homes who are citizens of Massachusetts constitute the primary defendants in this case.  All of the decedents from or through whom Plaintiff and members of the proposed class seek relief were cremated pursuant to contracts for funeral directing services with the funeral home Defendants.  Again, Plaintiff is bound by her own allegations and this Court must decline to exercise jurisdiction pursuant to § 1332(d)(4)(B).

**Error! Unknown document property name.**

almost all"[4] of the alleged injuries undoubtedly occurred in Massachusetts.  Simply put, the "impact

of the misconduct alleged by the purported class is localized."  *See* Sen. Rep., No. 109-14, at 26.

Lastly, Plaintiff claims that § 1332(d)(4)(A) does not require this Court to decline to exercise

jurisdiction because the *Anzalone* Action, which involves identical factual allegations against many

of the same Defendants, was filed during the three-year period preceding the filing of this case.  That

action, however, was filed in state court, not this Court, and therefore does not support Plaintiff's

position.  For these reasons, this Court must decline to exercise jurisdiction.

## 2.    This Court Should Exercise Its Discretion to Decline Jurisdiction under § 1332(d)(3).

Plaintiff speciously argues that this Court should not exercise its discretion to decline

jurisdiction under § 1332(d)(3) because there is no evidence that greater than one-third of the

members of the proposed class, and the primary defendants, are citizens of Massachusetts, and the

claims in this case involve matters of national or interstate interest.  *See* Plaintiff's Opposition at 10-

11.[5]  It is difficult to understand how Plaintiff can make this argument with a straight face based on

the allegations in the Complaint.  As discussed above, Plaintiff's Complaint confirms that practically

all, and certainly one-third, of the class are Massachusetts citizens, and that all of the fourteen

funeral homes are residents of Massachusetts.

Further, this action does not involve matters of national interest.  This is not a case in which

class actions were filed in multiple jurisdictions across the county seeking relief for side effects

caused by a nationally-distributed pharmaceutical product, which actions should be heard by a

federal court due to the national ramifications of the dispute and the interface with federal drug laws.

---

[4] Congress intended for this requirement to mean that "all or *almost all* of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought."  Sen. Rep., No. 109-14, at 26 (emphasis added).

[5] Plaintiff does not contend that *any* of the other factors set forth in § 1332(d)(3), each of which Scatamacchia relied upon in its Motion and this Court must consider here, support Plaintiff's position.

**Error! Unknown document property name.**

*See* Sen. Rep., No. 109-14, at 24. Rather, this action is at its core a local one because substantially all of the members of the proposed class, and all fourteen of the primary defendants, are citizens of Massachusetts. In addition, Plaintiff's claims are governed by Massachusetts state law, and nearly all (if not all) of the alleged harm resulting from the Defendants' misconduct occurred in Massachusetts. Therefore, this Court should exercise its discretionary authority under § 1332(d)(3) and dismiss this action.

### 3.     The *Favaloro* Case Is Inapposite.

Without any analysis, Plaintiff also claims that this Court has jurisdiction under CAFA because this Court retained jurisdiction over a different case involving cremation of bodies, captioned *Favaloro v. President and Fellows of Harvard College, et al.*, No. 05-11594 (D. Mass.) (the "*Favaloro* Action"). *See* Plaintiff's Opposition at 5-6. In fact, the *Favaloro* Action is entirely different from this case. In *Favaloro*, the plaintiff filed suit in Massachusetts state court and a defendant sought removal of the action. There was no concern in the *Favaloro* Action regarding piecemeal litigation or forcing a party like Scatamacchia to defend identical class actions in two different forums, wasting the time, effort, and resources of the courts, the litigants, and the attorneys. The *Favaloro* Action also involves claims relating to the cremation of bodies donated to Harvard Medical School's Anatomical Gifts Program, not bodies cremated for or on behalf of funeral homes providing funeral directing services. *See Favaloro* Complaint attached as Exhibit A to the Affidavit of Theodore M. Hess-Mahan filed concurrently with Plaintiff's Opposition. As such, the *Favaloro* Action involves a different class of plaintiffs, different issues, and only two of the defendants in this case. *Id.*

In addition, the moving party in the *Favaloro* Action failed to satisfy the requirements of § 1332(d)(4)(A) because there was no evidence that two-thirds of the proposed class of plaintiffs resided in Massachusetts, since Harvard is a world-renowned institution and likely received gifts for

**Error! Unknown document property name.**

its Anatomical Gifts Program from donors located all around the country.  Furthermore, the moving

party did not meet the requirements of § 1332(d)(4)(B) because two-thirds of the proposed class, and

all of the primary defendants, were not residents of Massachusetts.  In contrast, Scatamacchia has

clearly satisfied the requirements under these two provisions.

      **C.**    **This Court Should Abstain from Hearing this Case under *Colorado River* because Exceptional Circumstances Exist.**

Plaintiff correctly notes in its Opposition that federal courts generally abstain from exercising

jurisdiction under *Colorado River* only in exceptional circumstances.  *See* Plaintiff's Opposition at

15-16.  Plaintiff fails to note that, in cases similar to this one, courts have uniformly determined that

exceptional circumstances *do* exist.  *See, e.g.*, *Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir.

2002) (abstention due to *some* risk of piecemeal litigation, a more complete record in the state case,

a complex and unsettled issue of state law, and the adequacy of the state court); *Davila v. Maloney*,

No. 99-2163, 2000 U.S. App. LEXIS 38581 (1st Cir. Dec. 27, 2000) (abstention where both actions

were duplicative, the state court obtained jurisdiction first and the case was more advanced, and the

state court could adequately protect the parties' rights); *Villa Marina Yacht Sales, Inc. v. Hatteras

Yacht*, 947 F.2d 529 (1st Cir. 1991) (abstention where a novel issue of state law existed, the state

case had progressed further, and the risk of piecemeal litigation rose above routine inefficiency);

*Shepard v. Egan*, 767 F. Supp. 1158 (D. Mass. 1990) (abstention because risk of piecemeal litigation

existed, dual proceedings would involve questions arising from the same factual background and

impose burdensome discovery obligations upon the parties, and state law governed the majority of

the claims).

      **1.**    **Abstention Is Particularly Appropriate In Class Actions.**

In *Romine v. CompuServe Corp.*, 160 F.3d 337 (6th Cir. 1998), the Sixth Circuit affirmed the

district court's decision to abstain from hearing a federal court class action that was parallel to a state

court class action under *Colorado River*.  *Id.* at 342-43.  The *Romine* Court decided to abstain

**Error! Unknown document property name.**

because the threat of piecemeal results was high where the state and federal actions depended upon resolution of the very same issue. *Id.* at 341. Significantly, the court stated that "*the specter of judicial duplication of effort looms particularly ominously in the class action context*, where the potential for inefficiency is acute, and "*[c]omplex class litigation is particularly suited to application of a non-duplication principle* [because] duplication of such class litigation, with all the multiplicity of waste attendant in it, is simply more likely to present an exceptional circumstance warranting *Colorado River* abstention." *Id.* (citations omitted) (emphasis added). The court added that the "threat to efficient adjudication is self-evident" where parallel cases proceed in state and federal court, jeopardizing judicial economy, the legitimacy of the court system, and fairness to the parties. *Id.* (citation omitted).

Like *Romine*, this case presents exactly the type of extraordinary circumstances that warrant abstention. There are compelling reasons here to avoid piecemeal litigation because this case and the *Anzalone* Action are class actions in which the proposed classes include large numbers of members and allegations against more than a dozen defendants. Both actions are predicated on the same allegations, contain the same defendants and nearly identical proposed classes, and are fact-intensive, requiring the parties to examine each plaintiff's alleged mental injuries, each funeral home's contract and services, and the unique circumstances of each Defendants' conduct and relationship with Bayview Crematory. The amount of discovery and pleadings will likely be substantial. If this Court does not abstain, Scatamacchia will be forced to defend identical class actions in two different forums, resulting in wasted time, effort, and resources for the Court, the litigants, and the attorneys, and unduly prejudicing Scatamacchia's defense. Critically, courts in this Circuit assign the most weight to this factor where, as here, piecemeal litigation could severely prejudice one of the parties. *See Rojas-Hernandez v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496-97 (1st Cir. 1991) (citations omitted). *See also Shepard*, 767 F. Supp. at 1164 (abstention where

**Error! Unknown document property name.**

"piecemeal litigation will prove costly and troublesome to the parties"). This factor, alone, warrants abstention under *Colorado River*.

### 2. Abstention Is Warranted Where Discovery Has Advanced In The State Court.

Moreover, the court in the *Anzalone* Action acquired jurisdiction before this case was filed, and that action is significantly more advanced than this case. In the *Anzalone* Action, extensive written discovery has been exchanged by numerous parties and depositions are progressing expeditiously. Here, in contrast, *no* discovery has been taken to date.[6]

### 3. Novel Issues Of State Law Support Abstention.

In addition, all of Plaintiff's claims are governed by Massachusetts state law. The existence of issues of state law supports abstention where, as here, *unsettled* or *complex* claims of state law are raised. *See Rojas-Hernandez*, 925 F.2d at 496. *See also Villa Marina*, 947 F.2d at 534-35 (claim for tortious interference with prospective business advantage presented a sufficiently novel issue of state law because it was uncertain whether the state's courts would adopt the approach taken by the majority of other courts). Here, at least three of Plaintiff's claims involve novel issues of state law, namely, the claims for negligent interference with a corpse or remains, intentional interference with a corpse or remains, and breach of a fiduciary or special duty by a funeral home. Open issues exist as to whether such claims are viable under Massachusetts law. Because this is not a simple, garden variety tort action, this factor supports abstention.

---

[6] Plaintiff wrongly states that discovery in this case has not begun because "Defendants, including Defendant Scatamacchia, requested that Plaintiff wait until each party had been served in the *Andersen* Action prior to proceeding with a conference" before the Court regarding, among other things, discovery. *See* Plaintiff's Opposition at 17. Scatamacchia never made such a request. Nor would it have any reason to do so. Scatamacchia is not a defendant in the *Andersen* Action, and, although counsel for Scatamacchia also represents Defendant Dracut Funeral Home, Inc. in the *Andersen* Action, Dracut filed its answer in that case on November 3, 2005, over two weeks before counsel for Scatamacchia and Plaintiff's counsel met and conferred on November 18, 2005 in preparation for the conference.

9

**Error! Unknown document property name.**

    **4.**     **Abstention Is Also Warranted Because The State Court Is An Adequate Forum.**

Finally, the state court is fully capable of resolving the novel issues of state law, safeguarding the parties' rights, and otherwise providing an adequate forum. Because the balance of factors weighs heavily in favor of abstention, it is of no consequence that, as Plaintiff contends, the proposed class of plaintiffs in the *Anzalone* Action *may* not include persons contained within the proposed class in this case (a contention that is belied by the undisputed evidence above), or that this Court has retained jurisdiction over the *Favaloro* Action (which involves different factual allegations, different issues, different claims, and different parties). Consequently, this Court should decline jurisdiction under *Colorado River*.

## III.  CONCLUSION

For each of the foregoing reasons, Scatamacchia respectfully requests that Plaintiff's Complaint be dismissed in its entirety.

                           Respectfully Submitted,
                           **DEFENDANT SCATAMACCHIA FUNERAL HOME**
                           By its attorneys,

Dated:  March 10, 2006         /s/ Michael E. Okolita
                           MICHAEL E. OKOLITA
                           Donald E. Feener & Associates
                           120 Front Street, Suite 310
                           Worcester, MA 01608-1424
                               and

                           GRANT S. PALMER
                           JOHN J. DiCHELLO
                           Blank Rome LLP
                           One Logan Square
                           Philadelphia, PA  19103
                           (215) 569-5500
                           *Attorneys for Defendant Scatamacchia Funeral Home*

**Error! Unknown document property name.**

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael E. Okolita, certify that a true and correct copy of the foregoing Scatamacchia Funeral Home's Reply Memorandum in Support of Motion to Dismiss Plaintiff's Complaint was served upon the parties or their counsel of record as appearing on the attached Service List on this 10th day of March, 2006.

<u>/s/ Michael E. Okolita</u>
MICHAEL E. OKOLITA

**Error! Unknown document property name.**

**SERVICE LIST**
***Hunt v. Bayview Crematory, LLC, et al.***
**C.A. NO. 05-11140 (RCL)**

Theodore M. Hess-Mahan, Esquire
Shapiro, Haber & Urmy LLP
53 State Street
Boston, MA 02108
*Counsel for Plaintiff Lorraine Hunt*

Robert M. Rothman, Esquire
Evan J. Kaufman, Esquire
Lerach Coughlin Stoia Geller Rudman & Robbins
200 Broadhollow Road, Suite 406
Melville, NY 11747
*Counsel for Plaintiff Lorraine Hunt*

Dona Feeney, Esquire
Getman, Stacey, Tamposi, Schulthess & Steere
163 South River Road
Bedford, NH 03110
*Counsel for Bayview Crematory, LLC*

Richard E. Cavanaugh, Esquire
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
*Counsel for Derek A. Wallace, Hart-Wallace Funeral Home,*
*and Simplicity Burial & Cremation, Inc.*

William F. Ahern, Jr., Esquire
Mandi Jo Hanneke, Esquire
Clark, Hunt, & Embry
55 Cambridge Parkway
Cambridge, MA 02142
*Counsel for Linda Stokes*

Joseph M. Desmond, Esquire
Morrison, Mahoney, & Miller LLP
250 Summer Street
Boston, MA 02210
*Counsel for Cremation Society, Inc.*

**Error! Unknown document property name.**

Bradley A. MacDonald, Esquire
Cummings, King & MacDonald
One Gateway Center
Suite 351
Newton, MA 02458
*Counsel for Farrah Funeral Home*

Brian K. Walsh, Esq.
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, MA 02110
Tel: (617) 769-3500
*Counsel for Hamel Wickens & Troupe Funeral Home, Inc.*

George E. Clancy, Esquire
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street
Suite 817
Worcester, MA 01608
*Counsel for Keefe Funeral Home, Inc.*

Robert A. Curley, Jr., Esquire
Curley & Curley P.C.
27 School Street
Boston, MA 02108
*Counsel for William F. Spencer Funeral Services*

American Cremation Society, Inc.
385 Washington Street
Haverhill, MA 01832

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT on behalf of herself and all others similarly situated, | ) No. 05-11140 (RCL) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC. f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES and DOES 1-50, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

---

**[CORRECTED] NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE AS TO
DEFENDANT WILLIAM F. SPENCER FUNERAL SERVICES**

Plaintiff Lorraine Hunt, by and through counsel, pursuant to Rule 41(a)(1)(i) of the Federal

Rules of Civil Procedure, hereby gives notice of the dismissal of Defendant William F. Spencer

Funeral Services ("Spencer Funeral Services") from this proposed class action with prejudice,

subject to the approval of this Honorable Court; and Plaintiff moves that an Order be entered

- 1 -

granting approval of the voluntary dismissal of Spencer Funeral Services with prejudice and without

notice in accordance with the provisions of Fed. R. Civ. P. 23(e). In support of this motion, Plaintiff

states as follows:

  1.  Spencer Funeral Services was named as a defendant in this action in Plaintiff's

Complaint filed on June 1, 2005.

  2.  Spencer Funeral Services has not filed an answer or motion for summary judgment.

  3.  This Court has subject matter jurisdiction with respect to all claims asserted against

each of the other Defendants in this action.

  4.  No motion for class certification has yet been filed in this action.

  5.  No parties having an interest in this action will be prejudiced by the dismissal of

Spencer Funeral Services under these circumstances, because there has been no settlement of claims

in this action and no attempt to settle Plaintiff's claims; and Plaintiff and Plaintiff's counsel intend to

pursue all claims against the remaining Defendants vigorously.

WHEREFORE, Plaintiff respectfully moves this Honorable Court for an Order approving the voluntary dismissal of Spencer Funeral Services with prejudice and without notice pursuant to Fed. R. Civ. P. 23(e).

DATED: November 18, 2005                    By her attorneys,


**/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
Facsimile: 617/439-0134

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

*Attorneys for Plaintiff Lorraine Hunt*

C:\DOCUME~1\ekaufman\LOCALS~1\Temp\MetaSave\051114 Notice of Voluntary Dismissal.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 1:05-CV-11140-RCL

LORRAINE HUNT, ON BEHALF OF HERSELF AND
OTHERS SIMILARLY SITUATED,
Plaintiff

v.

BAYVIEW CREMATORY, LLC, et al
Defendants

## THE DEFENDANT WILLIAM F. SPENCER FUNERAL SERVICES' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Now comes the Defendant, William F. Spencer Funeral Services, and respectfully requests this Honorable Court to dismiss the within action for lack of jurisdiction, for pending of a state action arising out of the same issues and for failure to state a claim upon which relief can be granted and pursuant to Fed. R. Civ. P. 12(b).

As grounds therefor, the Defendant, William F. Spencer Funeral Services, states that the Plaintiff has failed to meet the requirements for class certification pursuant to Fed. R. Civ. P. 23, that the Class Action Fairness Act of 2005 mandates the court decline jurisdiction, that the suit lacks complete diversity jurisdiction if a class is not certified, that a state matter is already pending arising out of the same circumstances that the Plaintiff can prove no set of facts upon which relief can be granted on any claim where the Plaintiff has alleged no relationship with Spencer.

The Defendant, William F. Spencer Funeral Services, relies upon the attached Memorandum of Law, in support of the within motion.

Dated: August 19, 2005

WILLIAM F. SPENCER
FUNERAL SERVICES,
By Its Attorneys,
CURLEY & CURLEY, P.C.

Robert A. Curley, Jr., Esq.
BBO #109180
Kim M. Roussos, Esq.
BBO #637408
27 School Street
Boston, MA 02108
(617) 523-2990

CERTIFICATE OF SERVICE

I, Kim M. Roussos, Esq., hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Thomas G. Shapiro, Esq.
Theodore M. Hess-Mahan, Esq.
Shapiro, Haber & Urmy, LLP
53 State Street
Boston  MA   02109

Samuel H. Rudman, Esq.
Robert M. Rothman, Esq.
Evan J. Kaufman, Esq.
Lerach, Coughlin, Stoia, Geller,
    Rudman & Robbin, LLP
200 Broadhollow Road, Suite 406
Melville   NY   11747

Bradley A. MacDonald, Esq.
Cummings, King & MacDonald
One Gateway Center
Newton   MA   02458

Joseph M. Desmond, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston  MA   02210

William F. Ahern, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge  MA   02142

George F. Clancy, Esq.
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street, Suite 817
Worcester  MA   01608

Dona Feeney, Esq.
Getman, Stacey, Tamposi, Schulthess, &
    Steere
163 South River Road
Bedford   NH   03110

Richard B. McNamara, Esq.
Wiggin & Nourie, PA
670 North Commercial Street
P.O. Box 808
Manchester  NH   03105

Roberta Fitzpatrick, Esq.
Brian K. Walsh, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
    & Popeo, PC
One Financial Center
Boston   MA   02111

John J. DiChello, Esq.
S. Grant Palmer, Esq.

— 2 —

and upon the pro se Defendants:

American Cremation Society, Inc.
342 Washington Street
Haverhill  MA  01832

American Society for Funeral Services, Inc.
342 Washington Street
Haverhill  MA  01832

Dracut Funeral Home, Inc.
2159 Lakeview Anveue
Dracut  MA  01826

Hamel, Wickens & Troupe
  Funeral Home,  Inc.
26 Adams Street
Quincy  MA  02169

Hart-Wallace Funeral Home
107 South Broadway
Lawrence  MA  01843

Scatamacchia Funeral Home
25 Railroad Square
Haverhill  MA  01832

Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home
34 Lafayette Road
Salisbury  MA  01952

Dated: _____8/19/05_____

_____

Kim M. Roussos, Esq.
CURLEY  & CURLEY P.C.
27 School Street
Boston  MA  02108
(617) 523-2990
BBO #

-4-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 1:05-CV-11140-RCL

LORRAINE HUNT, ON BEHALF OF HERSELF AND
OTHERS SIMILARLY SITUATED,
Plaintiff

v.

BAYVIEW CREMATORY, LLC, et al
Defendants

### THE DEFENDANT WILLIAM F. SPENCER FUNERAL SERVICES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

**I.     STATEMENT OF THE CASE**

William F. Spencer Funeral Services ("Spencer") is named as one of several defendants in the above-captioned suit.  The Plaintiff claims her decedent's remains were handled by the co-defendant Hamel, Wickens & Troupe Funeral Home.  Neither the Plaintiff nor her decedent had any relationship whatsoever with Spencer and the Plaintiff does not allege any relationship with Spencer in her Complaint.  Although the Plaintiff's Complaint references an alleged "class," the Plaintiff has failed to identify any individual within that "class" that had any relationship with Spencer.  Indeed, the Plaintiff has failed to identify any other member of the alleged "class" in any way.

**II.     STATEMENT OF THE ISSUES**

A.     Should the Plaintiff's Complaint be dismissed where it fails to meet the requirements for a certification of a class pursuant to Fed. R. Civ. P. 23

and where the Plaintiff has not alleged any relationship between her, her decedent or any identified individual and Spencer?

B.    Should the Plaintiff's Complaint be dismissed where the court must decline jurisdiction pursuant to the Class Action Fairness Act of 2005?

C.    Should the Plaintiff's Complaint be dismissed for lack of jurisdiction if the class is not certified where there is not complete diversity of citizenship between the Plaintiff and the Defendants where both the Plaintiff and Spencer are citizens of Massachusetts?

D.    Should the Plaintiff's Complaint be dismissed where a state action arising out of the same transaction and seeking class certification was pending prior to the filing of the instant suit?

E.    Should the Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted with regard to all counts asserted against the Defendant Spencer where the Plaintiff has no relationship with Spencer and where the Plaintiff alleges no specific facts against Spencer to prove the essential elements of her claims?

## III.    ARGUMENT

### A.    MOTION TO DISMISS STANDARD

When considering a Motion to Dismiss, the court may take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, in addition to the allegations in the complaint. See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) *citing* 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1357, at 299 (1990). It is appropriate ... to allow a

2

motion to dismiss if the allegations of the complaint "clearly demonstrate that the plaintiff does not have a claim." Fabrizio v. City of Quincy, 9 Mass. App. Ct. 733, 734 (1980) *quoting* Wright & Miller, Federal Practice and Procedure § 1357 at 604 and cases cited in n. 84 (1969).

A defendant may move to dismiss an action against it based on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b) (6). Although the Court must accept well-pleaded facts as true, it cannot "accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir). 1993 *citing* United States v AVX Corp., 962 F. 2d 108, 115 (1st cir, 1992). "It is only when such conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes." Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989). Further, the Court cannot credit the bald assertions or mere specious allegations made in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, the rule does not entitle a plaintiff to rest on "subjective characterizations" or conclusory descriptions of "a general scenario which could be dominated by unpleaded facts." Dewey v. Univ. of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982). Rule 12 (b) (6) is not entirely a toothless tiger. Dartmouth, *supra*. Thus, plaintiffs are obliged to set forth in their complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Id. *citing* Gooley v. Mobil Oil

3

Corp., 851 F.2d 513, 514 (1st Cir. 1988). In this vein, the Plaintiff herein clearly fails to satisfy the standard. The Plaintiff critically fails to assert any factual allegations as pertaining to Spencer with regard to any material element of her claims. Indeed, other than naming Spencer as a defendant, *the Plaintiff has failed to allege any relationship between Spencer and herself or any identified class member* and the Plaintiff has failed to allege a single fact (as opposed to a baseless allegation) pertaining specifically to Spencer. Dismissal of the entire Complaint against Spencer is appropriate and equitable pursuant to Fed. R. Civ. P. 12(b)(6).

**B.    THE COMPLAINT FAILS TO SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23 AND MUST THEREFORE BE DISMISSED AGAINST SPENCER WHERE THE PLAINTIFF ALLEGES NO RELATIONSHIP WITH SPENCER.**

Fed. R. Civ. P. 23(a) allows for members of a class to sue on behalf of all other members only if:

(1) the class is so numerous that joinder of all members is impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect the interests of the class.

The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

4

Here, the Plaintiff cannot satisfy the requirements of Fed. R. Civ. P. 23. Notably, the Plaintiff has not identified a single other class member by name. The Plaintiff merely alleges that this suit involves "a class action of more than 100 *potential* class members." (emphasis added). However, the courts have clearly ruled that "(mere) speculation as to the number of members does not satisfy the Rule," Carr v. New York Stock Exchange, Inc., 414 F.Supp. 1292, 1304 (N.D.Cal. 1976).

Additionally, there are not common issues of law or fact where each of the alleged class members had different relationships with each of the defendants, where some alleged class members may have personally engaged in written contracts and where some may merely claim there was some sort of oral agreement between the defendants and the decedents. Damages will be unique to each alleged unidentified class member. Moreover, the claims and defenses of the representative class are not typical of those of the parties. The rights of the named Plaintiff are not similar to those of the unidentified class members whose unique relationships to the decedents and to the defendants has not been alleged. Indeed, while the Plaintiff alleges her decedent's remains were handled by Hamel, Wickens & Troupe Funeral Home, the Plaintiff fails to allege that a single identified "class member" had any relationship with Spencer.

Additionally, the representative parties will not fairly protect the interests of the class where the representative party herein cannot even identify any member of the class that had any relationship with Spencer and where she cannot even allege a single set of facts pertaining specifically to Spencer that would entitle anyone to a claim for relief. Moreover, in the unlikely event that class certification is deemed appropriate,

any class action claims can already be addressed in the currently pending state action that was commenced prior to this action. The state matter (discussed below), <u>Paul Anzalone, et al v. Bayview Crematory, LLC, et al</u>, C.A. No. 05-789C (Essex Superior Court) (attached hereto as Exhibit A), sought to certify a class of the identical members prior to the filing of the instant action. *Each defendant named in the state matter has also been named in the instant suit and no defendant has sought removal of the state matter to federal court.* The pendency of two class actions arising out of the same alleged transactions based on state law in both the federal and state courts is an obstacle to the equitable administration of justice. Clearly, the certification of a class in this matter is inappropriate and the claim against Spencer must be dismissed where the named Plaintiff has not alleged any relationship with Spencer.

### C.    THE COURT MUST DECLINE JURISDICTION OF THIS MATTER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005.

In her complaint, the Plaintiff alleges jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, apparently relying upon the recently enacted Class Action Fairness Act of 2005 ("CAFA"). CAFA expanded the subject matter jurisdiction of federal courts over class actions in which at least one plaintiff class member was diverse in citizenship from the defendant and where the amount in controversy exceeded $ 5 million. 28 U.S.C. § 1332(d). However, pursuant to CAFA, this court must decline jurisdiction of the instant matter.

28 U.S.C. § 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--

6

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant-

    (aa) from whom significant relief is sought by members of the plaintiff class;

    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

    (cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Here, the Plaintiff has failed to identify the potential class members. To the extent the face of the pleadings name the Plaintiff, an admitted citizen of Massachusetts, as the sole identified class member and "others similarly situated," the court must accept the pleadings as identifying more than two-thirds of the class members as Massachusetts citizens. Additionally, the majority of defendants (more than two-thirds) are Massachusetts citizens. The Plaintiff is seeking significant relief from the Hamel, Wickens & Troupe Funeral Home, a Massachusetts corporation, whose alleged conduct is the basis for the Plaintiff's claim. Furthermore, the principal injuries allegedly committed by the Defendants were committed in Massachusetts. No other class action asserting the same or factual allegation has been filed in the District Court of Massachusetts in the past three years. The declination of jurisdiction is therefore appropriate.

7

In the alternative, the court may decide to decline jurisdiction based on 28

U.S.C. § 1332(d)(3), which provides:

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--
   (A) whether the claims asserted involve matters of national or interstate interest;
   (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
   (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
   (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
   (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
   (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

The legislative history of CAFA clearly reveals Congress' desire to limit a

plaintiff's forum shopping in a class action matter. In consideration of the interest of

justice, the totality of the circumstances and the factors enumerated in CAFA, the

court may appropriately dismiss the Plaintiff's Complaint here for lack of jurisdiction

where the claims involve matter of Massachusetts interest, where the claims will be

governed by the laws of Massachusetts, where the class action was pleaded in a

manner to avoid another forum where an identical class action was already pending,

where Massachusetts has a distinct nexus to the class members, the harm and the

defendants, where the substantial number of all parties are citizens of Massachusetts

and where a similar class action was already filed in Massachusetts Superior Court.

Dismissal of the instant case is fair and appropriate in this matter.

D.    **IF THE CLASS IS NOT CERTIFIED THEN THE PLAINTIFF'S CLAIM MUST BE DISMISSED FOR LACK OF JURISDICTION WHERE THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP.**

In the event the class is not certified and the action is not entitled to the benefit of CAFA, then the instant matter must be dismissed for lack of complete diversity jurisdiction. The Plaintiff erroneously alleges that her suit is entitled to jurisdiction because there is complete diversity of citizenship, however, her own pleadings indicate such statement is incorrect. The Plaintiff's claim of diversity fails as a matter of law where she alleges *both Plaintiff and Spencer are citizens of Massachusetts*. Where there is no class action, the federal rules require complete diversity to exercise such jurisdiction. See Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 810 (1st Cir. 1991) ("Under 28 U.S.C. § 1332 (a)(1), there is diversity of citizenship if the plaintiff is a 'citizen' of a different state than all of the defendants.") ; see also Borrows v. Robson, 993 F. Supp. 17, 18 (D. Mass. 1997). The Court has consistently interpreted § 1332 as requiring *complete diversity*: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 375 (1978). Clearly, the action must be dismissed against Spencer in the event the Court agrees that the class should not be certified.

E.    **THE PLAINTIFF'S CLAIM SHOULD BE DISMISSED BASED ON THE PENDENCY OF A STATE ACTION ARISING OUT OF THE SAME TRANSACTION.**

The Plaintiff's claims should be dismissed in this matter because another case already pending in state court arises out of the same issues contained herein. In

9

<u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), the Supreme Court listed various circumstances under which a federal district court might decline to exercise jurisdiction based on the pendency of a state action arising out of the same transaction. The Court set forth four factors: 1. whether property is involved in the litigation; 2. the inconvenience of the federal forum; 3. the desirability of stopping piecemeal litigation; and 4. the order in which jurisdiction was obtained by the courts. <u>Id</u>. at 813. In <u>Moses H. Cone v. Mercury Construction Corp.</u>, 460 U.S. 1 (1982), the Court added two more elements: 5. whether federal law or state law controls and 6. whether the state forum will adequately protect the interests of the parties.

Here, the matter of <u>Paul Anzalone, et al v. Bayview Crematory, LLC, et al</u>, C.A. No. 05-789C was filed in Essex Superior Court several weeks prior to the filing of the instant Federal Complaint. All of the defendants named in the <u>Anzalone</u> suit were also named in the instant Federal action. Additionally, the <u>Anzalone</u> suit seeks to certify a class of which the Plaintiff in the instant suit could be a member and the <u>Anzalone</u> suit seeks redress for the same issues claimed in the instant suit. No defendant has sought relief from the Class Action Fairness Act in the form of removal to federal court. As such, the instant matter should be dismissed under the <u>Colorado River</u>, *supra*, and <u>Cone</u>, *supra*, standards. The Federal forum is inconvenient and inappropriate for the Defendant Spencer where both Spencer and the Plaintiff and Massachusetts residents and where Spencer has already been named in a nearly identical suit in state court. Additionally, the Court has a strong desire to avoid piecemeal litigation and the dismissal of the Federal Complaint would clearly

accomplish such a goal. The state court jurisdiction is also more appropriate in this matter where the state court had original jurisdiction over this matter weeks prior to the filing of the instant suit and where all the claims contained herein can be adjudicated under state law. Finally, the state court forum will clearly protect the interests of all the parties where both the Plaintiff and Spencer are Massachusetts residents. In applying the <u>Colorado River</u>, *supra* doctrine, courts have found it significant in dismissing cases that "the ordinary justification for having jurisdiction over diverse citizens is not present. . . ." <u>Microsoftware Computer Systems v. Ontel Corp.</u>, 686 F.2d 531 (7th Cir. 1982). Here, there simply is no need to protect any out-of-state party, there is not complete diversity and the Federal court should decline to exercise jurisdiction over this matter and dismiss the Plaintiff's Complaint.

F.    **THE PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

"A [m]otion to dismiss [the] complaint on grounds it fails to state a claim upon which relief can be granted should ... be granted [where] it appears certain that the complaining party is not entitled to relief under any set of facts which could be proved in support of his claim." <u>Spinner v. Nutt</u>, 417 Mass. 549 (1994). Here, it is evident beyond doubt that the Plaintiff can prove no set of facts in support of her claims and that the Plaintiff is not entitled to relief under any theory of law. *The Plaintiff admits in her Complaint that neither she nor her decedent had any relationship whatsoever with Spencer.* Furthermore, the *Plaintiff fails to identify any individual in the purported class that had any relationship with Spencer.* The Plaintiff's entire Complaint against Spencer is based on bald and baseless assertions made generally

11

against all the funeral home/director defendants with no specific facts alleged as to Spencer's alleged wrongdoing. Moreover, the Plaintiff's conclusory yet unsupported allegations against Spencer are pure arbitrary puffery and as such, the Plaintiff has absolutely no expectation of proving the essential elements of her claim. Dismissal is therefore appropriate in this matter pursuant to Fed. R. Civ. P. 12(b).

### 1.   THE PLAINTIFF FAILS TO STATE A CLAIM FOR EQUITABLE RELIEF AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which any equitable (injunctive and/or declaratory) relief may be granted. The Plaintiff fails to assert any specific facts regarding any alleged contract or interaction between herself or anyone other identified individual and Spencer. The Plaintiff also fails to specifically allege any wrongdoing by Spencer. The Plaintiff further fails to identify any specific decedent allegedly entrusted into Spencer's care. As such, the relief requested by the Plaintiff is impossible with regard to Spencer. Dismissal of the Plaintiff's baseless Complaint against Spencer is indeed the only equitable relief that should be granted in this matter.

### 2.   THE PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted for breach of contract. The facts recited by the Plaintiff demonstrate that she and Spencer have **no** contractual relationship. The Plaintiff alleges that her decedent's remains were

12

entrusted to the Hamel, Wickens & Troupe Funeral Home. *The Plaintiff never alleges that she or her decedent had any relationship whatsoever with Spencer. The Plaintiff has failed to identify a single person of the alleged class that had any contractual relationship with Spencer.* The Plaintiff fails to identify or attach as an exhibit any alleged contract executed by Spencer. Where there was no relationship between the Plaintiff and Spencer, the Plaintiff has no expectation of proving the essential elements of a breach of contract claim and the Plaintiff's claim must be dismissed.

       **3.**    **THE PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY/SPECIAL DUTY AGAINST SPENCER.**

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted for breach of fiduciary/special duty. The Defendant Spencer has found *no caselaw in this circuit that identifies any special or fiduciary duty owed to a customer by a funeral home or its director.* The complaint contains no facts, as opposed to baseless allegations, no matter how favorably construed in favor of the Plaintiff, from which the Court could even infer that Spencer entered into any agreement with the Plaintiff or any other identified decedent, that Spencer owed any special or fiduciary duty to any identified Plaintiff, that Spencer "mishandled", "abused" or "desecrated" any identified remains, or that Spencer was "complicit in … fraudulent concealment by the Bayview Crematory Defendants." As such, dismissal of the Plaintiff's Complaint is appropriate.

       **4.**    **THE PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE AGAINST SPENCER.**

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted on her allegations of negligence. Again, *the Plaintiff fails to assert any facts identifying any relationship between her, her decedent or any identified alleged class member and Spencer*. Therefore, the Plaintiff has no expectation of proving any set of facts that Spencer owed or breached any duty to the Plaintiff. Furthermore, the Plaintiff cannot prove that any alleged conduct by Spencer caused her any harm where she had no relationship whatsoever with Spencer. The Plaintiff's claim for negligence must thus be dismissed.

     5.     **THE PLAINTIFF FAILS TO STATE A CLAIM FOR WILLFUL INTERFERENCE WITH REMAINS AND INTENTIONAL MISHANDLING OF A CORPSE AGAINST SPENCER.**

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted for negligent interference with remains and mishandling of a corpse. Spencer has been unable to find any caselaw in this Circuit that has recognized a claim for the intentional mishandling of a corpse or for willful interference with remains. Nonetheless, *the Plaintiff has not alleged any relationship between her or any identified decedent and Spencer*. As such, the Plaintiff cannot prove any set of facts that establish that anyone expressed their wishes to Spencer regarding any alleged remains entrusted to Spencer's care. The Plaintiff's bald assertions that Spencer "willfully and deliberately" mishandled the decedents' remains are baseless where the Plaintiff cannot even identify a single decedent for which

Spencer provided funeral services. The Court simply cannot give credence to the Plaintiff's conclusory yet unfounded allegations and the Complaint must be dismissed.

### 6. THE PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT INTERFERENCE WITH REMAINS AND MISHANDLING OF A CORPSE AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted for negligent interference with remains and mishandling of a corpse. Again, *the Plaintiff has not alleged any relationship between her or any identified decedent and Spencer*. The Plaintiff has not established that any identified relative of any decedent had any communications with Spencer. Where the identity of the remains in issue has not even be revealed by the Plaintiff in the Complaint, the claim must fail as a matter of law and the count must be dismissed against Spencer.

### 7. THE PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted on her allegations of intentional infliction of emotional distress. *The Plaintiff has not alleged that she had any interaction whatsoever with Spencer. The Plaintiff has not identified a single alleged class member that had any interaction whatsoever with Spencer*. The Plaintiff cannot prove any set of facts that establish that Spencer intentionally partook in any outrageous conduct or that any individual was harmed by Spencer. As such,

15

Spencer cannot possibly be found to have intentionally inflicted emotional distress upon an unidentified person and the claim must be dismissed.

## 8. THE PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted on her · allegations of intentional infliction of emotional distress. *The Plaintiff has not alleged that she had any interaction whatsoever with Spencer. The Plaintiff has not identified a single alleged class member that had any interaction whatsoever with Spencer.* Where Spencer owed no duty to the Plaintiff or any other unidentified individual allegedly in the class, Spencer cannot be found to have negligently breached that duty or inflicted harm. Moreover, where neither the Plaintiff nor any other alleged class member had any relationship with Spencer, Spencer could not have caused them harm and the claim must be dismissed.

## 9. THE PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY AGAINST SPENCER.

In her complaint, the Plaintiff has failed to allege sufficient facts against Spencer that, if accepted as true, state a claim for which relief may be granted on her allegations of civil conspiracy. In addition to the baseless claims discussed above, the Plaintiff seeks to hold Spencer liable as part of an industry-wide conspiracy to accomplish some *unidentified* "unlawful purpose" and "tortuous plan." The Plaintiff fails to allege even a scintilla of evidence that Spencer was a party to any conspiracy and the Plaintiff has failed to allege any acts by Spencer

16

in connection with such a conspiracy. The Plaintiff fails to assert how Spencer participated in any alleged scheme with the other defendants. Without any supportable assertions regarding Spencer's role, the Plaintiff's baseless allegations that Spencer co-conspired with the other defendants amounts to nothing more than "bald assertions, unsupportable conclusions, periphrastic circumlocutions and the like" that this Court cannot credit. <u>Aulson v. Blanchard</u>, 83 F.2d 1, 3 (1st Cir. 1996); <u>see also</u> <u>United States v. AVX Corp.</u>, 962 F. 2d 108, 115 (1st Cir. 1989) ("[E]mpirically unverifiable conclusions, not 'logically compelled, or at least supported, by the stated facts,' deserve no deference."), *quoting* <u>Dartmouth Review</u>, *supra*. Accordingly, all claims against Spencer must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, the Defendant respectfully requests that its Motion to Dismiss be granted in full or in part.

Dated: August 19, 2005

WILLIAM F. SPENCER
FUNERAL SERVICES,
By Its Attorneys,
CURLEY & CURLEY, P.C.

Robert A. Curley, Jr., Esq.
BBO #109180
Kim M. Roussos, Esq.
BBO #637408
27 School Street
Boston, MA 02108
(617) 523-2990

17

## CERTIFICATE OF SERVICE

I, Kim M. Roussos, Esq., hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

Thomas G. Shapiro, Esq.
Theodore M. Hess-Mahan, Esq.
Shapiro, Haber & Urmy, LLP
53 State Street
Boston   MA   02109

George F. Clancy, Esq.
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street, Suite 817
Worcester  MA  01608

Samuel H. Rudman, Esq.
Robert M. Rothman, Esq.
Evan J. Kaufman, Esq.
Lerach, Coughlin, Stoia, Geller,
   Rudman & Robbin, LLP
200 Broadhollow Road, Suite 406
Melville    NY    11747

Dona Feeney, Esq.
Getman, Stacey, Tamposi, Schulthess, &
   Steere
163 South River Road
Bedford  NH  03110

Bradley A. MacDonald, Esq.
Cummings, King & MacDonald
One Gateway Center
Newton   MA   02458

Richard B. McNamara, Esq.
Wiggin & Nourie, PA
670 North Commercial Street
P.O. Box 808
Manchester  NH   03105

Joseph M. Desmond, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston   MA   02210

Roberta Fitzpatrick, Esq.
Brian K. Walsh, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
   & Popeo, PC
One Financial Center
Boston   MA   02111

William F. Ahern, Esq.
Clark, Hunt & Embry
55 Cambridge Parkway
Cambridge  MA   02142

John J. DiChello, Esq.
S. Grant Palmer, Esq.

and upon the pro se Defendants:

American Cremation Society, Inc.
342 Washington Street
Haverhill   MA  01832

American Society for Funeral Services, Inc.
342 Washington Street
Haverhill   MA  01832

Dracut Funeral Home, Inc.
2159 Lakeview Anveue
Dracut   MA  01826

Hamel, Wickens & Troupe
   Funeral Home,  Inc.
26 Adams Street
Quincy   MA  02169

Hart-Wallace Funeral Home
107 South Broadway
Lawrence   MA  01843

Scatamacchia Funeral Home
25 Railroad Square
Haverhill   MA  01832

Simplicity Burial & Cremation, Inc.
f/k/a Oceanside Family Funeral Home
34 Lafayette Road
Salisbury   MA  01952

Dated: __8/19/05__

_____
Kim M. Roussos, Esq.
CURLEY  & CURLEY P.C.
27 School Street
Boston   MA  02108
(617) 523-2990
BBO #

-- 19 -