UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRAINE HUNT on Behalf of Herself and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>BAYVIEW CREMATORY, LLC, et al.,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No. 05-11140 (RCL)<br><br>**JOINT STATEMENT AND PROPOSED SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1** |

Plaintiff Lorraine Hunt and Defendants Bayview Crematory, LLC ("Bayview"), Derek A. Wallace ("Wallace"), and Linda Stokes ("Linda Stokes") (the "Bayview Defendants"), and Commonwealth Cremation & Shipping Service, Inc. ("Commonwealth"), Dracut Funeral Home, Inc. ("Dracut"), Farrah Funeral Home ("Farrah"), Hamel Wickens & Troupe Funeral Home, Inc. ("Hamel Wickens"), Hart-Wallace Funeral Home ("Hart-Wallace"), Keefe Funeral Home, Inc. ("Keefe"), Scatamacchia Funeral Home ("Scatamacchia"), and Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home ("Simplicity") (the "Funeral Home Defendants"), submit this Joint Statement and Proposed Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(B) and the Court's Order dated July 25, 2006, attorneys for the Plaintiff Lorraine Hunt, and the Defendants conferred *via* telephone on September 21, 2006.  This telephonic meeting was conducted by:

For Plaintiff Lorraine Hunt:                    LERACH COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS
                                      Evan J. Kaufman, Esq.
                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      (631) 367-7100
                                      (631) 367-1173 (fax)

For Defendants:

Bayview Crematory, LLC                         GETMAN, STACEY, SCHULTHESS &
                                                   STEERE, P.A.
                                      Dona Feeney, Esq.
                                      Three Executive Park Drive, Suite 9
                                      Bedford, NH  03110
                                      (603) 634-4300
                                      (603) 626-3647 (fax)

                                    and

|  | HAVERTY & FEENEY |
|--|------------------|
|  | William Smith, Esq. |
|  | 54 Samoset Street |
|  | Plymouth, MA 02360 |
|  | (508) 746-6100 |
|  | (508) 746-7067 (fax) |

Derek A. Wallace

GALLAGHER & CAVANAUGH LLP
Richard E. Cavanaugh, Esq.
Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852
(978) 452-0522
(978) 452-0482 (fax)

Linda Stokes

CLARK, HUNT & EMBRY
William Ahern, Jr. Esq.
Mandi Jo Hanneke, Esq.
55 Cambridge Pkwy.
Cambridge, MA  02142
(617) 494-1920
(617) 494-1921 (fax)

Commonwealth Cremation & Shipping
Service, Inc.

RIEMER & BRAUNSTEIN LLP
Dennis E. McKenna, Esq.
Three Center Plaza, 6th Floor
Boston, MA 02108
(617) 523-9000
(617) 880-3456 (fax)

Cremation Society, Inc.

MORRISON MAHONEY LLP[1]
Joseph M. Desmond, Esq.
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500
(617) 439-7590 (fax)

---

[1]  Brian Walsh, counsel for defendant Hamel Wickens, appeared as a proxy on behalf of Morrison Mahoney LLP.

- 2 -

Dracut Funeral Home Inc.

DONALD E. FEENER & ASSOC.
Michael E. Okolita, Esq.
120 Front St., Suite 310
Worcester, MA  01608-1424
(508) 798-0717
(508) 798-1850 (fax)

and

BLANK ROME LLP
John J. DiChello, Esq.
One Logan Square
Philadelphia, PA  19103-6998
(215) 569-5500
(215) 569-5555 (fax)

Farrah Funeral Home

CUMMINGS, KING & MACDONALD
Colleen Neidig, Esq.
One Gateway Center, Suite 351
Newton, MA  02458
(617) 630-5100
(617) 630-0816 (fax)

Hamel Wickens & Troupe Funeral
Home, Inc.

LAW OFFICES OF ROBERTA FITZPATRICK
Brian K. Walsh, Esq.
101 Arch Street, Suite 1761
Boston, MA 02110
(617) 769-3500
(617) 946-0569 (fax)

Hart-Wallace Funeral Home

GALLAGHER & CAVANAUGH LLP
Richard E. Cavanaugh, Esq.
Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852
(978) 452-0522
(978) 452-0482 (fax)

Keefe Funeral Home, Inc.

FULLER, ROSENBERG, PALMER &
BELIVEAU, LLP
George E. Clancy, Esq.
340 Main Street, Suite 817
Worcester, MA  01608
(508) 755-5225
(508) 757-1039 (fax)

Scatamacchia Funeral Home                     DONALD E. FEENER & ASSOC.
                                              Michael E. Okolita, Esq.
                                              120 Front St., Suite 310
                                              Worcester, MA  01608-1424
                                              (508) 798-0717
                                              (508) 798-1850 (fax)

                                              and

                                              BLANK ROME LLP
                                              Grant S. Palmer, Esq.
                                              John J. DiChello, Esq.
                                              One Logan Square
                                              Philadelphia, PA  19103
                                              (215) 569-5500 / (215) 832-5390
                                              (215) 569-5555 (fax)

Simplicity Burial & Cremation, Inc.           GALLAGHER & CAVANAUGH LLP
f/k/a Oceanside Family Funeral Home           Richard E. Cavanaugh, Esq.
                                              Boott Cotton Mills
                                              100 Foot of John Street
                                              Lowell, MA  01852
                                              (978) 452-0522
                                              (978) 452-0482 (fax)

During the meet and confer, Plaintiff proposed a schedule for discovery and motions as set forth below.  Defendants provided Plaintiff with their proposed dates as set forth below.

Plaintiff and Defendants hereby submit the following Statements, pursuant to Local Rule 16.1(D).

**1.      Parties' Concise Statements**

Plaintiff's and Defendants' Concise Statements are attached as exhibits hereto:

       (a)      Plaintiff – Exhibit A

       (b)      Bayview – Exhibit B

       (c)      Dracut – Exhibit C

       (d)      Farrah – Exhibit D

       (e)      Hamel Wickens – Exhibit E

- 4 -

(f)     Hart-Wallace – Exhibit F

(g)     Keefe – Exhibit G

(h)     Linda Stokes – Exhibit H

(i)      Scatamacchia – Exhibit I

(j)      Simplicity – Exhibit J

(k)     Wallace – Exhibit K

## 2.     Matters to Be Discussed at Scheduling Conference

Plaintiff will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A):

(a)     A proposed pre trial schedule for the case that includes the plan for discovery and deadlines;

(b)     The consolidation of *Alan C. Andersen, et al. v. Bayview Crematory LLC, et al.*, No. 05-11904 (RCL) with this action;

(c)     Anticipated dispositive and pre trial motions;

(d)     Class Certification Motion;

(e)     Alternative Dispute Resolution; and

(f)     Settlement.

## 3.     Schedule for Discovery and Dispositive Motions

Plaintiff's and Defendants' respective positions with respect to a schedule for discovery and dispositive motions are set forth in the table below.

(a)    <u>Automatic Disclosures</u>

Plaintiffs proposed that the parties produce their Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2 on or before October 19, 2006.  Defendants propose that the parties produce their Initial Disclosures on or before November 20, 2006.

(b)    <u>Discovery and Motion Schedule</u>

The parties' proposed timetables for completing the various phases of discovery and serving and filing dispositive motions are listed below:

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **FACT DISCOVERY**<br><br>Plaintiff proposes that all deposition notices and subpoenas, and all discovery requests with the exception of requests for admission, must be served with sufficient time for compliance no later than the specified deadline for the completion of fact discovery. | Plaintiff proposes that Fact Discovery shall be completed by July 1, 2007. | Defendants propose that Fact Discovery shall be completed by September 5, 2007. |
| **CLASS CERTIFICATION** | **PLAINTIFFS**<br><br>Plaintiffs intend to file a class certification motion as soon as practicable. | **DEFENDANTS**<br><br>Defendants propose that opening class certification motions to be filed and served no later than January 20, 2007, with oppositions to be filed and served no later than February 20, 2007, and any reply to be filed and served no later than March 7, 2007. |

| EVENT | AMOUNT OF TIME PROPOSED BY PLAINTIFF | AMOUNT OF TIME PROPOSED BY DEFENDANTS |
|---|---|---|
| **IDENTIFICATION OF EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiff proposes that opening expert reports shall be served no later than August 7, 2007. | Defendants propose that opening expert reports shall be served no later than November 12, 2007. |
| **IDENTIFICATION OF REBUTTAL EXPERT WITNESSES AND DISCLOSURE OF INFORMATION PURSUANT TO FED. R. CIV. P. 26(A)(2)** | Plaintiff proposes that rebuttal expert reports shall be served no later than September 7, 2007. | Defendants propose that rebuttal expert reports shall be served no later than December 20, 2007. |
| **EXPERT DEPOSITIONS** | Plaintiff proposes that expert depositions shall be completed by November 6, 2007. | Defendants propose that expert depositions shall be completed by February 20, 2008. |
| **SUMMARY JUDGMENT** | Plaintiff proposes that any motions for summary judgment and supporting papers shall be filed and served no later than December 6, 2007, with oppositions to be filed and served no later than February 6, 2008, and any reply to be filed and served no later than April 6, 2008. | Defendants propose that any motions for summary judgment and supporting papers shall be filed and served no later than April 20, 2008, with oppositions to be filed and served no later than June 20, 2008, and any reply to be filed and served no later than July 20, 2008. |

4.      **Settlement**

Pursuant to Local Rule 16.1(C) as modified by the Court's Order dated July 25, 2006, Plaintiff tendered a written settlement proposal to each Defendant represented by counsel prior to the Scheduling Conference to be held pursuant to Local Rule 16.1(A).

5.      **Trial by Magistrate Judge**

At this time, neither Plaintiff nor Defendants are prepared to consent to trial by a Magistrate

Judge.

6.      **Budget and Alternative Dispute Resolution**

Counsel for Plaintiff has conferred with Plaintiff concerning establishing a budget for

litigation and the use of Alternative Dispute Resolution ("ADR").  At this juncture, Plaintiff is not

interested in ADR but is willing to consider mediation on an ongoing basis as an option for the

resolution of this matter.  The certifications for Defendants are attached to each parties Concise

Statements attached as Exhibits A to H hereto pursuant to Local Rule 16.1(D)(3).

DATED:  September 28, 2006             SHAPIRO HABER & URMY LLP
                                       THOMAS G. SHAPIRO BBO #454680
                                       THEODORE M. HESS-MAHAN BBO #557109


                                       _____
                                              */s/ Theodore M. Hess-Mahan*
                                       THEODORE M. HESS-MAHAN

                                       53 State Street
                                       Boston, MA  02109
                                       Telephone:  617/439-3939
                                       617/439-0134 (fax)

                                       LERACH COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
                                       SAMUEL H. RUDMAN
                                       ROBERT M. ROTHMAN
                                       EVAN J. KAUFMAN
                                       58 South Service Road, Suite 406
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)

                                       *Attorneys for Plaintiff Lorraine Hunt*

FOR DEFENDANTS

BLANK ROME LLP
GRANT S. PALMER, ESQ.
JOHN J. DICHELLO, ESQ.


*/s/ Grant S. Palmer*
GRANT S. PALMER

One Logan Square
Philadelphia, PA  19103-6998
(215) 569-5500
(215) 569-5555 (fax)

*Counsel for Dracut Funeral Home Inc.; and
Counsel for Scatamacchia Funeral Home*

CLARK, HUNT & EMBRY
WILLIAM F. AHERN, JR., ESQ.
MANDI JO HANNEKE, ESQ.


*/s/ Mandi Jo Hanneke*
MANDI JO HANNEKE

55 Cambridge Pkwy.
Cambridge, MA  02142
(617) 494-1920
(617) 494-1921 (fax)

*Counsel for Linda Stokes*

CUMMINGS, KING & MACDONALD
BRADLEY A. MACDONALD, ESQ.
COLLEEN NEIDIG, ESQ.


_____
        */s/ Bradley A. MacDonald*


One Gateway Center, Suite 351
Newton, MA  02458
(617) 630-5100
(617) 630-0816 (fax)

*Counsel for Farrah Funeral Home*

DONALD E. FEENER & ASSOC.
MICHAEL E. OKOLITA, ESQ.


_____
        */s/ Michael E. Okolita*
        MICHAEL E. OKOLITA


120 Front St., Suite 310
Worcester, MA  01608-1424
(508) 798-0717
(508) 798-1850 (fax)

*Counsel for Dracut Funeral Home Incorporated;
and Counsel for Scatamacchia Funeral Home*

FULLER, ROSENBERG, PALMER &
BELIVEAU, LLP
GEORGE E. CLANCY, ESQ.


_____
        */s/ George E. Clancy*
        GEORGE E. CLANCY


340 Main Street, Suite 817
Worcester, MA  01608
(508) 755-5225
(508) 757-1039 (fax)

*Counsel for Keefe Funeral Home, Inc.*

- 10 -

GALLAGHER & CAVANAUGH LLP
MICHAEL W. GALLAGHER, ESQ.
RICHARD E. CAVANAUGH, ESQ.


_/s/ Richard E. Cavanaugh_
RICHARD E. CAVANAUGH

Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852
(978) 452-0522
(978) 452-0482 (fax)

_Counsel for Derek A. Wallace;  and_
_Counsel for Hart-Wallace Funeral Home; and_
_Counsel for Simplicity Burial & Cremation, Inc._
_f/k/a Oceanside Family Funeral Home_

GETMAN, STACEY, SCHULTHESS &
STEERE, P.A.
DONA FEENEY, ESQ.
ANDREW R. SCHULMAN, ESQ.


_/s/ Dona Feeney_
DONA FEENEY

Three Executive Park Drive, Suite 9
Bedford, NH  03110
(603) 634-4300
(603) 626-3647 (fax)

_Counsel for Bayview Crematory, LLC_

HAVERTY & FEENEY
WILLIAM SMITH, ESQ.


*/s/ William Smith*
WILLIAM SMITH

54 Samoset Street
Plymouth, MA  02360
(508) 746-6100
(508) 746-7067 (fax)

*Counsel for Bayview Crematory, LLC*

LAW OFFICES OF ROBERTA FITZPATRICK
ROBERTA R. FITZPATRICK, ESQ.
BRIAN K. WALSH, ESQ.


*/s/ Brian K. Walsh*
BRIAN K. WALSH

101 Arch Street, Suite 1761
Boston, MA 02110
(617) 769-3500
(617) 946-0569 (fax)

*Counsel for Hamel Wickens & Troupe Funeral Home, Inc.*

RIEMER & BRAUNSTEIN LLP
DENNIS E. McKENNA, ESQ.


*/s/ Dennis E. McKenna*
DENNIS E. McKENNA

Three Center Plaza, 6th Floor
Boston, MA  02108
(617) 523-9000
(617) 880-3456 (fax)

*Counsel for Commonwealth Cremation & Shipping Service, Inc.*

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 28, 2006.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, On Behalf of Herself and All Others Similarly Situated, ) ) ) | No. 05-11140-RCL |
| ) | CLASS ACTION |
| Plaintiff, ) ) | **PLAINTIFF'S SUMMARY OF POSITION** |
| vs. ) ) | |
| BAYVIEW CREMATORY, LLC., et al., ) ) | |
| Defendants. ) ) | |
| _____ ) | |

Plaintiff Lorraine Hunt brings this action both in her individual capacity, and as a class action against defendants, on behalf of herself and: (i) all persons who controlled the disposition of the remains of any decedents delivered for cremation to defendant Bayview; (ii) all persons who were parties to any contract with any of the defendants regarding funeral arrangements for a decedent who was delivered for cremation to defendant Bayview; and (iii) the estates of the decedents and the representatives thereof (the "Class") during the period commencing at a date certain, presently unknown to Plaintiff, and continuing through February 23, 2005.

As alleged in the Complaint, Bayview mishandled and commingled the remains during cremation of the loved ones of Plaintiff and the proposed Class members and that each of the Funeral Home Defendants who conducted business with Bayview knew, or should have known, that Bayview was commingling bodies during cremation and mishandling the remains. In fact, had any of the Funeral Home Defendants conducted a minimum amount of due diligence, they would have learned that Bayview had operated without a license since at least 1999.

This suit seeks equitable relief and damages on behalf of the Plaintiff and the members of the Class and alleges breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent concealment, negligent misrepresentation, negligence, intentional mishandling of a corpse, negligent mishandling of a corpse, intentional infliction of emotional distress, negligent infliction of emotional distress and civil conspiracy.

I:\Bayview Crematory\Pleadings\060925 HUNT Plaintiff Summary of Position.doc

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, On Behalf of Herself and All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>BAYVIEW CREMATORY, LLC., et al.,<br><br>       Defendants. | No. 05-11140-RCL<br><br>CLASS ACTION<br><br>LOCAL RULE 16.1(D)(3) CERTIFICATION FOR PLAINTIFF LORRAINE HUNT |

Plaintiff Lorraine Hunt and her undersigned counsel hereby certify that they have conferred:

       (a)    with a view toward establishing a budget for costs of conducting the full course – and various alternative courses – for the litigation; and

       (b)    to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

As to the Plaintiff:

LORRAINE HUNT

As to Counsel for Plaintiff

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EVAN J. KAUFMAN

200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

SHAPIRO HABER & URMY LLP
THOMAS G. SHAPIRO (557109)
THEODORE M. HESS-MAHAN (557109)
53 State Street
Boston, MA 02109
Telephone: 617/439-3939
617/439-0134 (fax)

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*********************************************
Lorraine Hunt, on behalf of herself and all others   *
Similarly situated,                                   *
                                                      *
            Plaintiff,                                *
                                                      *          Docket No.: 05-11140 RCL
v.                                                    *
                                                      *
Bayview Crematory, LLC, Derek A. Wallace,             *
Linda Stokes, American Cremation Society, Inc.        *
American Society for Cremation, American              *
Society for Funeral Services, Inc., Commonwealth      *
Cremation & Shipping Service, Inc.,                   *
Commonwealth Funeral Service, Inc., Cremation         *
Society, Inc., Dracut Funeral Home Incorporated       *
Farrah Funeral Home, Hamel Wickens & Troupe           *
Funeral Home, Inc., Hart-Wallace Funeral Home         *
Keefe Funeral Home, Inc., Scatamacchia Funeral        *
Home, Simplicity Burial & Cremation, Inc. f/k/a       *
Oceanside Family Funeral Home, William F.             *
Spencer Funeral Services and Does 1-50, Inclusive     *
                                                      *
            Defendants.                               *
*********************************************
```

## BAYVIEW CREMATORY, LLC'S SUMMARY OF POSITION

Pursuant to the Court's Notice of Scheduling Conference and in contemplation of the Court's

initial scheduling conference in the above-captioned matter, Bayview Crematory, LLC, by its counsel,

submits the following Summary of Position for inclusion in the parties' Joint Statement.

Bayview's Concise Summary of Position

## I.      Position on Liability

1

Bayview denies that it is liable to plaintiff or the members of the proposed class for any of the causes of action or claims set forth in plaintiff's complaint. Bayview asserts that it acted at all times reasonably, and in accordance with accepted standards and practices. Bayview's building and equipment conformed to all industry standards and local codes. Bayview obtained all necessary permits and complied with all land use regulations. Bayview conducted cremations in accordance with industry standards and best practices. Bayview acted at all times to ensure that bodies were handled with respect and were properly identified throughout the cremation process with the cremated remains being returned to the funeral homes that engaged the services of Bayview to perform the cremations. Bayview denies that there are any facts or evidence to support that any plaintiff received the wrong cremated remains or were damaged in any way. Bayview further denies that there was any violation of any law, standard or regulation during the time of this operation. Bayview expressly does not waive any defenses, including but not limited to any contractual defenses, including indemnification and waiver.

## II.    **Position on Damages**

Bayview further denies that plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Bayview is liable or responsible. Bayview disputes the causal nexus as well as the nature and scope of any alleged injuries claimed by plaintiff or any proposed class member.

Moreover, any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Bayview. In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiff or the members of

the proposed class suffered sufficiently severe emotional distress as a result of any actions by

Bayview.

Additionally, Bayview asserts it is not liable to plaintiff or the members of the proposed class

for any damages alleged because plaintiff and the members of the proposed class failed to use

reasonable efforts to mitigate or avoid such damages.

### III.  Position on Class Certification

Bayview contends that Plaintiff's designation of this action as a class action fails to satisfy the

requirements for class certification under rule 23, the Class Action Fairness Act of 2005, and other

applicable laws.

I:\Bayview Crematory\Pleadings\Joint Statement\Hunt\Bayview Position Statement.doc

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### NO. 05-11140-RCL

| | |
|---|---|
| ———————————————— )<br>**LORRAINE HUNT on behalf of herself** )<br>**And all others similarly situated,** )<br> **Plaintiff** )<br> )<br>**v.** )<br> )<br>**BAYVIEW CREMATORY, LLC, DEREK** )<br>**A. WALLACE, LINDA STOKES,** )<br>**AMERICAN CREMATION SOCIETY,** )<br>**INC., AMERICAN SOCIETY FOR** )<br>**CREMATION, AMERICAN SOCIETY** )<br>**FOR FUNERAL SERVICES, INC.,** )<br>**COMMONWEALTH CREMATION &** )<br>**SHIPPING SERVICE, INC.,** )<br>**COMMONWEALTH FUNDERAL** )<br>**SERVICE, INC., CREMATION** )<br>**SOCIETY, INC., DRACUT FUNERAL** )<br>**HOME INCORPORATED, FARRAH** )<br>**FUNERAL HOME, HAMEL WICKENS** )<br>**& TROUPE FUNERAL HOME, INC.,** )<br>**HART-WALLACE FUNERAL HOME,** )<br>**KEEFE FUNERAL HOME, INC.,** )<br>**SCATAMACCHIA FUNERAL HOME,** )<br>**SIMPLICITY BURIAL & CREMATION,** )<br>**INC., f/k/a OCEANSIDE FAMILY** )<br>**FUNERAL HOME, WILLIAM F.** )<br>**SPENCER FUNERAL SERVICES and** )<br>**DOES 1-50, INCLUSIVE,** )<br> **Defendants** )<br>————————————————————) | |

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC

We hereby certify that the undersigned counsel and Linda Stokes, individually and as authorized representative of Bayview Crematory, LLC have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of

alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

**CLARK, HUNT & EMBRY**

_William Ahern_

William Ahern (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Respectfully Submitted,
Linda Stokes,

_Linda Stokes_
Linda Stokes
18 Seabrook Road
Salisbury, MA 01952

Respectfully Submitted,
On behalf of defendant Bayview
Crematory, LLC
By its attorneys,

**GETMAN, STACEY, SCHULTHESS &
STEERE, P.A.**

_Dona Feeney / by MJH_
Dona Feeney (600749)
Andrew Schulman (549769)
Three Executive Park Drive, Suite 9
Bedford, NH 03110

Respectfully Submitted,
Bayview Crematory, LLC

_Linda Stokes_
Linda Stokes
Manager, Bayview Crematory, LLC
18 Seabrook Road
Salisbury, MA 01952

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendants Linda Stokes and Bayview Crematory, LLC, was served on all counsel of record in this matter.

Mandi Jo Hanneke

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LORRAINE HUNT**, on behalf of herself and all others similarly situated, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : **C.A. NO. 05-11140-RCL** |
| | : |
| **BAYVIEW CREMATORY, LLC, et al.** | : |
| | : |
| **Defendants.** | : |

## DRACUT FUNERAL HOME, INC.'S SUMMARY OF POSITION

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of *Hunt v. Bayview Crematory, LLC, et al.*, C.A. No. 05-11140-RCL, Dracut Funeral Home, Inc. ("Dracut"), by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

**I.     Position on Liability**

Dracut denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Dracut exercised reasonable care and due diligence in providing funeral directing services. Dracut complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Dracut displayed the requisite decorum and respect in

handling the bodies and remains of any decedents for which it provided funeral directing services.

## II.    Position on Relief Sought

Dracut further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Dracut is liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Dracut expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Dracut has no control and for whom Dracut is not responsible. Specifically, Defendant Bayview Crematory, LLC ("Bayview") is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Dracut, by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Dracut. Dracut did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Dracut is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint

123458.00601/11489315v.2

and were directly and proximately caused by events or incidents that did not involve Dracut. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Dracut's actions.

### III.    Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of herself and all others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : C.A. NO. 05-11140-RCL |
| v. | : |
| | : |
| BAYVIEW CREMATORY, LLC, et al. | : |
| | : |
| Defendants. | : |
| | : |

## CERTIFICATION

The undersigned hereby certify that Dracut Funeral Home, Inc., by and through its counsel, has conferred with Plaintiff and Defendants, by and through their respective counsel, with a view toward establishing a budget for the costs of conducting the full course, as well as various alternative courses, for the foregoing litigation, and toward considering the resolution of the foregoing litigation through the use of alternative dispute resolution programs, including those programs outlined in L. R. 16.4.

_____
Mark Gacek
Dracut Funeral Home, Inc.

_____
Grant S. Palmer
Counsel for Dracut Funeral Home, Inc.

123458.00601/11488872v.1

# EXHIBIT D

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

---

LORRAINE HUNT on behalf of herself
and others similarly situated,
    Plaintiff,

       *v.*                      Case Number: 05-11140 RCL

BAYVIEW CREMATORY, LLC…..
FARRAH FUNERAL HOME et al.,
    Defendants
_____

## STATEMENT OF  DEFENDANT FARRAH FUNERAL HOME PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 16.1

      Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of *Hunt v. Bayview Crematory, LLC, et al.,* C.A. No. 05-11140-RCL, Farrah Funeral Home, by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

**I.**      **Position on Liability:**

      "Farrah Funeral Home" is not liable to the named plaintiff or any other person or entity upon any of the theories advanced by the plaintiff in her complaint.   "Farrah Funeral Home" denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint.  At all times, "Farrah Funeral Home" exercised reasonable care and due diligence in providing funeral directing services.  "Farrah Funeral Home" complied with, satisfied, discharged, and performed any and all obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines.  Similarly, "Farrah Funeral Home" displayed the requisite decorum and

respect in handling the bodies and remains of any decedents for which they provided funeral directing services.  Furthermore, the plaintiff herself states no claim against this entity.  Any claims by the putative class members would be barred by the pendency of prior actions and by the statute of limitations, among other affirmative defenses.

To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which claims "Farrah Funeral Home" expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom "Farrah Funeral Home" had no control, and for whom or which "Farrah Funeral Home" is not responsible.  Specifically, if wrongdoing were shown, Defendant Bayview would be solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, it would be jointly or severally liable, or liable to "Farrah Funeral Home" by way of contribution or indemnity for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against "Farrah Funeral Home."  "Farrah Funeral Home" did not know, and, even having exercised reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully.  Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, "Farrah Funeral Home" maintains that plaintiff cannot meet her burden in this matter. Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiff and any potential class members will be unable to prove that the cremains they received are not the cremains of the decedent who was cremated.

Therefore, "Farrah Funeral Home" maintains that the plaintiff cannot prove the essential elements of her claims.

## II.    **Position on Relief Sought:**

It is not alleged that the named plaintiff suffered loss or damage due to any wrongdoing by "Farrah Funeral Home." Furthermore, "Farrah Funeral Home" denies that the members of the putative class suffered any damages, injuries, or other losses for which "Farrah Funeral Home" is liable or responsible. Such claims are subject to affirmative defenses asserted by the defendant, including the applicable statutes of limitations. Furthermore, "Farrah Funeral Home" is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve "Farrah Funeral Home." In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained, nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of "Farrah Funeral Home."

## III.    **Position on Class Certification:**

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The defendant

respectfully refers the court to the motion to dismiss filed by Defendant William F. Spencer

Funeral Services (filed on August 19, 2005), ably setting forth numerous grounds upon which the

class must fail (as well as why jurisdiction in this court is lacking). Otherwise stated, the

members of the proposed class are not so numerous that separate joinder of each member is

impracticable. To the contrary, joinder is practicable because the members of the proposed class

reside in the same geographic region and can be readily identified. Moreover, the members of

the proposed class do not share sufficiently common questions or issues of fact or law, and any

questions or issues of fact or law common to the proposed class do not predominate over

individual questions particular to each proposed class member. Furthermore, Plaintiff's claims

are not typical of the claims of the members of the proposed class because Plaintiff's claims do

not arise out of the same events or circumstances as the claims of the members of the proposed

class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal

theories and defenses of the members of the proposed class. In addition, a class action is not

superior to other methods for the fair and efficient adjudication of this matter.


DEFENDANT,
By its  attorney,

*/s/ Bradley A. Mac Donald*
Bradley A. Mac Donald, Esq.
B.B.O. No. 310380
CUMMINGS, KING & MACDONALD
One Gateway Center, Suite 351
Newton, MA  02458
Tel (617) 630-5100
Fax (617) 630-0816


CERTIFICATE OF SERVICE:    I hereby certify that on this date, September 27, 2006, I
served an electronic copy of the foregoing upon all counsel of record Suite 406

4

Melville, NY 11747

/s/ Bradley A. Mac Donald
Bradley A. Mac Donald, Esq.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

_____

LORRAINE HUNT on behalf of herself
and others similarly situated,
      Plaintiff,

        *v.*                        Case Number: 05-11140 RCL

BAYVIEW CREAMATORY, LLC…..
FARRAH FUNERAL HOME et al.,
      Defendants
_____

### <u>RULE 16.1(D)(3) CERTIFICATE BY DEFENDANT FARRAH FUNERAL HOME</u>

      I hereby certify that I have conferred with an authorized representative of the defendant Farrah Funeral Home concerning the establishment of a budget for the above-captioned litigation and the use of alternative dispute resolution programs.

                    DEFENDANT,
                    By its  attorney,

                    */s/ Bradley A. Mac Donald*___
                    Bradley A. Mac Donald, Esq.
                    B.B.O. No. 310380
                    CUMMINGS, KING & MᴀᴄDONALD
                    One Gateway Center, Suite 351
                    Newton, MA  02458
                    Tel (617) 630-5100
                    Fax (617) 630-0816

/s/ *Louis Farrah*
For Farrah Funeral Home

<u>CERTIFICATE OF SERVICE</u>:       I hereby certify that on this date, September 27, 2006, I served an electronic copy of the foregoing upon all counsel of record with the exception of the following who were served via  U.S. mail, postage paid:

Roberta Fitzpatrick
101 Arch Street
17th Floor
Boston, MA 02110

Michael E. Okolita
Donald E. Feener & Associates
Suite 310
120 Front Street
Worcester, MA 01608-1424

Samuel H. Rudman
Cauley, Geller, Bowman, Coates & Rudman, LLP
200 Broadhollow Rd.
Suite 406
Melville, NY 11747


<u>/s/ Bradley A. Mac Donald</u>
Bradley A. Mac Donald, Esq.

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE COMMONWEALTH OF MASSACHUSETTS

C.A. NO. 05-11904RCL

LORRAINE HUNT, On Behalf of Herself
and All Others Similarly Situated,

Plaintiff,

vs.

BAYVIEW CREMATORY, LLC,
DEREK A. WALLACE, LINDA STOKES,
AMERICAN CREMATION SOCIETY,
INC., AMERICAN SOCIETY FOR
CREMATION, AMERICAN SOCIETY
FOR FUNERAL SERVICES, INC.,
COMMONWEALTH CREMATION &
SHIPPING SERVICE, INC.,
COMMONWEALTH FUNERAL
SERVICE, INC., CREMATION
SOCIETY, INC., DRACUT FUNERAL
HOME INCORPORATED, FARRAH
FUNERAL HOME, HAMEL WICKENS &
TROUPE FUNERAL HOME, INC.,
HART-WALLACE FUNERAL HOME,
KEEFE FUNERAL HOME, INC.,
SCATAMACCHIA FUNERAL HOME,
SIMPLICITY BURIAL & CREMATION,
INC., f/k/a OCEANSIDE FAMILY
FUNERAL HOME, WILLIAM F.
SPENCER FUNERAL SERVICES and
DOES 1-50, INCLUSIVE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**DEFENDANTS ROGER HAMEL AND
HAMEL WICKENS & TROUPE FUNERAL HOME, INC.'S
SUMMARY OF POSITION**

9432_1

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in

contemplation of the Court's initial scheduling conference in the matter of Andersen v. Bayview

Crematory, LLC et al., C.A. No. 05-11904-RCL, Roger Hamel and Hamel, Wickens & Troupe

Funeral Home, Inc., by and through their counsel, hereby submit this Summary of Position for

inclusion in the parties' Joint Statement.

## I.     Position on Liability

Roger Hamel and Hamel, Wickens & Troupe deny that they are liable to Plaintiff or the
members of the proposed class for any of the causes of action or claims set forth in Plaintiff's
Complaint. At all times, Roger Hamel and Hamel, Wickens & Troupe exercised reasonable care
and due diligence in providing funeral directing services. Roger Hamel and Hamel, Wickens &
Troupe complied with, satisfied, discharged, and performed any and all of their obligations and
duties, whether express or implied, under any and all applicable contracts or agreements and/or
laws, rules, and guidelines. Similarly, Roger Hamel and Hamel, Wickens & Troupe displayed
the requisite decorum and respect in handling the bodies and remains of any decedents for which
they provided funeral directing services.

## II.    Position on Relief Sought

Roger Hamel and Hamel, Wickens & Troupe further deny that Plaintiff or the members
of the proposed class suffered any damages, injuries, or other losses for which Roger Hamel and
Hamel, Wickens & Troupe are liable or responsible. To the extent that Plaintiff or the members
of the proposed class suffered any damages or losses, which Roger Hamel and Hamel, Wickens
& Troupe expressly deny, the alleged damages, injuries, or other losses are a direct result of the
actions and/or inactions of other persons or entities over whom Roger Hamel and Hamel,
Wickens & Troupe have no control, and for whom Roger Hamel and Hamel, Wickens & Troupe
are not responsible. Specifically, Defendant Bayview is solely liable to Plaintiff and the
members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is
jointly or severally liable or liable to Roger Hamel and Hamel, Wickens & Troupe by way of
contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees
that may be assessed against Roger Hamel and Hamel, Wickens & Troupe. Roger Hamel and
Hamel, Wickens & Troupe did not know, and, in view of their reasonable care and due diligence,
should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly
conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged
misconduct was not reasonably foreseeable.

Furthermore, Roger Hamel and Hamel, Wickens & Troupe are not liable to Plaintiff or
the members of the proposed class for any damages alleged in Plaintiff's Complaint because
Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or
avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the

9432_1

proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Roger Hamel and Hamel, Wickens & Troupe. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of Roger Hamel or Hamel, Wickens & Troupe.

## III.    Position on Class Certification

Plaintiff s designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

# UNITED STATES DISTRICT COURT
## FOR THE COMMONWEALTH OF MASSACHUSETTS

**C.A. NO. 05-11904RCL**

| | |
|---|---|
| _____ )<br>**LORRAINE HUNT, On Behalf of Herself** )<br>**and All Others Similarly Situated,** )<br> )<br>**Plaintiff,** )<br> )<br>vs. )<br> )<br>**BAYVIEW CREMATORY, LLC,** )<br>**DEREK A. WALLACE, LINDA STOKES,** )<br>**AMERICAN CREMATION SOCIETY,** )<br>**INC., AMERICAN SOCIETY FOR** )<br>**CREMATION, AMERICAN SOCIETY** )<br>**FOR FUNERAL SERVICES, INC.,** )<br>**COMMONWEALTH CREMATION &** )<br>**SHIPPING SERVICE, INC.,** )<br>**COMMONWEALTH FUNERAL** )<br>**SERVICE, INC., CREMATION** )<br>**SOCIETY, INC., DRACUT FUNERAL** )<br>**HOME INCORPORATED, FARRAH** )<br>**FUNERAL HOME, HAMEL WICKENS &** )<br>**TROUPE FUNERAL HOME, INC.,** )<br>**HART-WALLACE FUNERAL HOME,** )<br>**KEEFE FUNERAL HOME, INC.,** )<br>**SCATAMACCHIA FUNERAL HOME,** )<br>**SIMPLICITY BURIAL & CREMATION,** )<br>**INC., f/k/a OCEANSIDE FAMILY** )<br>**FUNERAL HOME, WILLIAM F.** )<br>**SPENCER FUNERAL SERVICES and** )<br>**DOES 1-50, INCLUSIVE,** )<br> )<br>**Defendants.** )<br>_____ ) | |

## CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 16.1(d)(3)
## BY DEFENDANTS ROGER HAMEL AND
## HAMEL WICKENS & TROUPE FUNERAL HOME, INC.

9424_1

We hereby certify that the undersigned counsel and Roger Hamel, individually and as President of Hamel, Wickens & Troupe Funeral Home, Inc., have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation for the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

**Respectfully submitted,**
**On behalf of Defendants**
**ROGER HAMEL AND HAMEL,**
**WICKENS & TROUPE FUNERAL**
**HOME, INC.**

By their attorney,

Brian K. Walsh
Law Offices of Roberta Fitzpatrick
101 Arch Street, Suite 1761
Boston, Massachusetts  02110
(617) 769-3500

Respectfully submitted,
Roger Hamel, individually and as
President of Hamel, Wickens & Troupe
Funeral Home, Inc.

Roger Hamel

9424_1

## <u>CERTIFICATE O/F SERVICE</u>

I, Brian K. Walsh, counsel for the above-named Defendants, hereby certify that a true copy of the above document, was served, this day, via mail, postage prepaid, on all counsel of record in this matter:

Dated:  September 27, 2006

_____
Brian K. Walsh

9424_1

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC,<br>DEREK A. WALLACE, LINDA STOKES,<br>AMERICAN CREMATION SOCIETY, INC.,<br>AMERICAN SOCIETY FOR CREMATION,<br>AMERICAN SOCIETY FOR FUNERAL<br>SERVICES, INC., COMMONWEALTH<br>CREMATION & SHIPPING SERVICE, INC.,<br>COMMONWEALTH FUNERAL SERVICE,<br>INC., CREMATION SOCIETY, INC., DRACUT<br>FUNERAL HOME INCORPORATED, FARRAH<br>FUNERAL HOME, HAMEL WICKENS &<br>TROUPE FUNERAL HOME, INC.,<br>HART-WALLACE FUNERAL HOME,<br>KEEFE FUNERAL HOME, INC.,<br>SCATAMACCHIA FUNERAL HOME,<br>SIMPLICITY BURIAL & CREMATION, INC.,<br>f/k/a OCEANSIDE FAMILY FUNERAL HOME,<br>WILLIAM F. SPENCER FUNERAL SERVICES,<br>and DOES 1-50, INCLUSIVE,<br>Defendants. | Civil Action No. 05-CV-11140-RCL |

## SUMMARY OF POSITION OF THE DEFENDANTS,
## DEREK A. WALLACE, HART-WALLACE FUNERAL HOME,
## AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in

preparation for the Court's initial scheduling conference in the above-referenced matter, the

defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"),

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

## Position on Liability

The Wallace Defendants deny that they are liable to the plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiff cannot meet her burden in this matter. Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiff is unable to prove that the cremated remains she received are not the cremated remains of the loved one which she had cremated. The Wallace Defendants maintain that the plaintiff cannot prove the essential elements of any of her claims, including her claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiff.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

**Position on Relief Sought**

The Wallace Defendants deny that the plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiff or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiff or the proposed class members. Any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiff or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiff or any member of the proposed class because said plaintiff and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

## Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiff's claims are not typical of the claims of the members of the proposed class because plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiff (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE,<br>　　　　Defendants. | Civil Action No. 05-cv-11140-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

　　In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:　　.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Derek A. Wallace, Individually and
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

/s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT on behalf of herself<br>and all others similarly situated<br>    PLAINTIFF<br>VS.<br><br>BAYVIEW CREMATORY, LLC, DEREK A.<br>WALLACE, LINDA STOKES, AMERICAN<br>CREMATION SOCIETY, INC., AMERICAN<br>SOCIETY FOR CREMATION, AMERICAN<br>SOCIETY FOR FUNERAL SERVICES, INC.<br>COMMONWEALTH CREMATION &<br>SHIPPING SERVICE, INC.<br>COMMONWEALTH FUNERAL SERVICE,<br>INC., CREMATION SOCIETY, INC.,<br>DRACUT FUNERAL HOME<br>INCORPORATED, FARRAH FUNERAL<br>HOME, HAMEL WICKENS & TROUPE<br>FUNERAL HOME, INC., HART-WALLACE<br>FUNERAL HOME, KEEFE FUNERAL<br>HOME, INC., SCATAMACCHIA FUNERAL<br>HOME, SIMPLICITY BURIAL<br>& CREMATION, INC. f/k/a OCEANSIDE<br>FAMILY FUNERAL HOME, WILLIAM F.<br>SPENCER FUNERAL SERVICES and<br>DOES 1-50. INCLUSIVE<br>    DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 05-11140 RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONCISE STATEMENT OF THE DEFENDANT, KEEFE FUNERAL HOME, INC.**

**A.      Position on Liability**

Keefe denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Keefe exercised reasonable care and due diligence in providing funeral directing services.  Keefe complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines.  Similarly, Keefe displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which it provided funeral directing services.

**B.**    **Position on Relief Sought**

Keefe further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Keefe liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Keefe expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Keefe has no control and for whom Keefe is not responsible.  Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Keefe by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Keefe.   Keefe did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully.  Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Keefe is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Keefe.   In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.  Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Keefe Funeral Home, Inc.'s actions.   Keefe also submits that the Plaintiff and the members of the proposed class cannot obtain recovery under Massachusetts law for alleged uncertainty but rather must prove in each case actual mishandling of their decedent's body.

**C.**    **Position on Class Certification**

Plaintiffs designation of this action as a class action is improper under Rule 23 of the

Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. A class action is not superior to other methods for the fair and efficient adjudication of this matter. The Plaintiff, Hunt, had no dealings whatsoever with Keefe and cannot serve as a class representative with respect to Keefe.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT on behalf of herself<br>and all others similarly situated<br>    PLAINTIFF<br><br>VS.<br><br>BAYVIEW CREMATORY, LLC, DEREK A.<br>WALLACE, LINDA STOKES, AMERICAN<br>CREMATION SOCIETY, INC., AMERICAN<br>SOCIETY FOR CREMATION, AMERICAN<br>SOCIETY FOR FUNERAL SERVICES, INC.<br>COMMONWEALTH CREMATION &<br>SHIPPING SERVICE, INC.<br>COMMONWEALTH FUNERAL SERVICE,<br>INC., CREMATION SOCIETY, INC.,<br>DRACUT FUNERAL HOME<br>INCORPORATED, FARRAH FUNERAL<br>HOME, HAMEL WICKENS & TROUPE<br>FUNERAL HOME, INC., HART-WALLACE<br>FUNERAL HOME, KEEFE FUNERAL<br>HOME, INC., SCATAMACCHIA FUNERAL<br>HOME, SIMPLICITY BURIAL<br>& CREMATION, INC. f/k/a OCEANSIDE<br>FAMILY FUNERAL HOME, WILLIAM F.<br>SPENCER FUNERAL SERVICES and<br>DOES 1-50. INCLUSIVE<br>    DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) NO. 05-11140 RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY BY DEFENDANT, KEEFE FUNERAL HOME, INC.

We hereby certify that the undersigned counsel and Charles Keefe, Jr., authorized representative of Keefe Funeral Home, Inc., have conferred concerning budgets for the cost of conducting the full course and various alternative courses of this litigation, and to consider the resolution of the litigation through the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

Respectfully submitted,
On behalf of Defendant,
KEEFE FUNERAL HOME, INC.
By its attorney,

George E. Clancy, BBO #546328
Fuller, Rosenberg, Palmer & Beliveau
340 Main Street - Suite 817
Worcester, MA 01608
(508) 751-5136

Respectfully Submitted
KEEFE FUNERAL HOME, INC.

By: _____
Charles Keefe, Jr.
Authorized Representative

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 27th day of September, 2006, I served the foregoing document upon the parties of this action by mailing a copy of same postage prepaid to all counsel of record.

George E. Clancy, Esquire

2

# EXHIBIT H

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**NO. 05-11140-RCL**

_____ )
                                  )
**LORRAINE HUNT on behalf of herself** )
**And all others similarly situated,** )
    **Plaintiff**              )
                                  )
**v.**                            )
                                  )
**BAYVIEW CREMATORY, LLC, DEREK** )
**A. WALLACE, LINDA STOKES,**     )
**AMERICAN CREMATION SOCIETY,**   )
**INC., AMERICAN SOCIETY FOR**    )
**CREMATION, AMERICAN SOCIETY**   )
**FOR FUNERAL SERVICES, INC.,**   )
**COMMONWEALTH CREMATION &**      )
**SHIPPING SERVICE, INC.,**       )
**COMMONWEALTH FUNERAL**          )
**SERVICE, INC., CREMATION**      )
**SOCIETY, INC., DRACUT FUNERAL** )
**HOME INCORPORATED, FARRAH**     )
**FUNERAL HOME, HAMEL WICKENS**   )
**& TROUPE FUNERAL HOME, INC.,**  )
**HART-WALLACE FUNERAL HOME,**    )
**KEEFE FUNERAL HOME, INC.,**     )
**SCATAMACCHIA FUNERAL HOME,**    )
**SIMPLICITY BURIAL & CREMATION,** )
**INC., f/k/a OCEANSIDE FAMILY**  )
**FUNERAL HOME, WILLIAM F.**      )
**SPENCER FUNERAL SERVICES and**  )
**DOES 1-50, INCLUSIVE,**         )
    **Defendants**             )
_____)

**LINDA STOKES' SUMMARY OF POSITION**

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of Hunt v. Bayview Crematory, LLC, et al., C.A. No. 05-11140-RCL, Linda Stokes ("Stokes"), by and through her counsel, hereby submits her Summary of Position for inclusion in the parties' Joint Statement.

## I.    <u>Position on Liability</u>

Linda Stokes maintains that she is not liable to the plaintiffs or the proposed class members in this matter.  Prior to becoming manager of Bayview Crematory, LLC, her only involvement with Bayview Crematory was as a bookkeeper.  After becoming manager of Bayview Crematory, LLC, she has continued her bookkeeping duties at Bayview Crematory and has undertaken no other duties.  Ms. Stokes has never participated in the cremation of any individual at Bayview Crematory.  Without having participated in any cremation, Ms. Stokes, as a manager of a limited liability corporation, is not liable for any of the alleged actions contemplated in the plaintiff's Complaint; the plaintiff    cannot pierce the corporate veil.

Ms. Stokes expressly does not waive any contractual defenses she may have in this action, including indemnification and waiver.

Ms. Stokes is no longer the Trustee of the Dekes Realty Trust of 107 South Broadway, Lawrence, Massachusetts.  The Dekes Realty Trust owns the property upon which Bayview Crematory, LLC operates its business.  Since Bayview Crematory has operated its business on Dekes Realty Trust's property, Bayview Crematory has paid for the privilege through rental payments to Dekes Realty Trust.  As a landowner, Dekes Realty Trust is only liable for physical injuries that occurred on the Trust's property.  Since there were no physical injuries to any of the plaintiffs that occurred on the Trust's property, Dekes Realty Trust is not liable.

Furthermore, Ms. Stokes maintains that plaintiff cannot meet her burden in this matter.  Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty.  In addition, the plaintiff is unable to prove that the cremains she received are not the cremains of the loved one which she had cremated.

Stokes maintains that the plaintiff cannot prove the essential elements of any of her claims, including her claims of fraud and conspiracy, and that Stokes has done nothing that would cause her to be liable to the plaintiff or the proposed class members.

## II.    <u>Position on Damages</u>

Linda Stokes denies that the plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Ms. Stokes is liable or responsible.  Ms. Stokes intends to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiff or the proposed class members.

Moreover, any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Ms. Stokes.  In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained.  Nor have the plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Ms. Stokes' actions.

Ms. Stokes expressly does not waive any affirmative defenses asserted in her Answer to the plaintiff's Complaint.

## III.    <u>Position on Class Certification</u>

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### NO. 05-11140-RCL

| | |
|---|---|
| ———————————————————— )<br>**LORRAINE HUNT on behalf of herself** )<br>**And all others similarly situated,** )<br>    **Plaintiff** )<br>    )<br>    )<br>**v.** )<br>    )<br>    )<br>**BAYVIEW CREMATORY, LLC, DEREK** )<br>**A. WALLACE, LINDA STOKES,** )<br>**AMERICAN CREMATION SOCIETY,** )<br>**INC., AMERICAN SOCIETY FOR** )<br>**CREMATION, AMERICAN SOCIETY** )<br>**FOR FUNERAL SERVICES, INC.,** )<br>**COMMONWEALTH CREMATION &** )<br>**SHIPPING SERVICE, INC.,** )<br>**COMMONWEALTH FUNDERAL** )<br>**SERVICE, INC., CREMATION** )<br>**SOCIETY, INC., DRACUT FUNERAL** )<br>**HOME INCORPORATED, FARRAH** )<br>**FUNERAL HOME, HAMEL WICKENS** )<br>**& TROUPE FUNERAL HOME, INC.,** )<br>**HART-WALLACE FUNERAL HOME,** )<br>**KEEFE FUNERAL HOME, INC.,** )<br>**SCATAMACCHIA FUNERAL HOME,** )<br>**SIMPLICITY BURIAL & CREMATION,** )<br>**INC., f/k/a OCEANSIDE FAMILY** )<br>**FUNERAL HOME, WILLIAM F.** )<br>**SPENCER FUNERAL SERVICES and** )<br>**DOES 1-50, INCLUSIVE,** )<br>    **Defendants** )<br>———————————————————— ) | |

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3) BY
### DEFENDANTS LINDA STOKES AND BAYVIEW CREMATORY, LLC

We hereby certify that the undersigned counsel and Linda Stokes, individually

and as authorized representative of Bayview Crematory, LLC have conferred

concerning budgets for the cost of conducting the full course and various alternative

courses of this litigation, and to consider the resolution of the litigation for the use of

alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

**CLARK, HUNT & EMBRY**

William Ahern (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Respectfully Submitted,
Linda Stokes,

Linda Stokes
18 Seabrook Road
Salisbury, MA 01952

Respectfully Submitted,
On behalf of defendant Bayview
Crematory, LLC
By its attorneys,

**GETMAN, STACEY, SCHULTHESS &
STEERE, P.A.**

Dona Feeney (600749)
Andrew Schulman (549769)
Three Executive Park Drive, Suite 9
Bedford, NH 03110

Respectfully Submitted,
Bayview Crematory, LLC

Linda Stokes
Manager, Bayview Crematory, LLC
18 Seabrook Road
Salisbury, MA 01952

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2006, a true and correct copy of this Certification of Compliance with Local Rule 16.1(d)(3) by defendants Linda Stokes and Bayview Crematory, LLC, was served on all counsel of record in this matter.

Mandi Jo Hanneke

# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LORRAINE HUNT, on behalf of herself and all others similarly situated,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **C.A. NO. 05-11140-RCL** |
| | : |
| **BAYVIEW CREMATORY, LLC, et al.** | : |
| | : |
| **Defendants.** | : |

**SCATAMACCHIA FUNERAL HOME'S SUMMARY OF POSITION**

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in contemplation of the Court's initial scheduling conference in the matter of *Hunt v. Bayview Crematory, LLC, et al.*, C.A. No. 05-11140-RCL, Scatamacchia Funeral Home ("Scatamacchia"), by and through its counsel, hereby submits its Summary of Position for inclusion in the parties' Joint Statement.

**I.    Position on Liability**

Scatamacchia denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Scatamacchia exercised reasonable care and due diligence in providing funeral directing services. Scatamacchia complied with, satisfied, discharged, and performed any and all of its obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Scatamacchia displayed the

requisite decorum and respect in handling the bodies and remains of any decedents for which it provided funeral directing services.

## II.    Position on Relief Sought

Scatamacchia further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Scatamacchia is liable or responsible.  To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Scatamacchia expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Scatamacchia has no control and for whom Scatamacchia is not responsible. Specifically, Defendant Bayview Crematory, LLC ("Bayview") is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable over to Scatamacchia, by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Scatamacchia.  Scatamacchia did not know, and, in view of its reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully.  Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Scatamacchia is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's

2

Complaint and were directly and proximately caused by events or incidents that did not involve Scatamacchia. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of Scatamacchia's actions.

## III.   Position on Class Certification

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

123457.00601/11489150v.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of herself and all others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. NO.  05-11140-RCL |
| | : |
| BAYVIEW CREMATORY, LLC, et al. | : |
| | : |
| Defendants. | : |

## CERTIFICATION

The undersigned hereby certify that Scatamacchia Funeral Home, by and through its counsel, has conferred with Plaintiff and Defendants, by and through their respective counsel, with a view toward establishing a budget for the costs of conducting the full course, as well as various alternative courses, for the foregoing litigation, and toward considering the resolution of the foregoing litigation through the use of alternative dispute resolution programs, including those programs outlined in L. R. 16.4.

_____
Robert Scatamacchia
Scatamacchia Funeral Home

_____
Grant S. Palmer
Counsel for Scatamacchia Funeral Home

123457.00601/11488873v.1

# EXHIBIT J

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE,<br>　　　　　Defendants. | Civil Action No. 05-CV-11140-RCL |

## SUMMARY OF POSITION OF THE DEFENDANTS,
## DEREK A. WALLACE, HART-WALLACE FUNERAL HOME,
## AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in preparation for the Court's initial scheduling conference in the above-referenced matter, the defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"),

and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

## Position on Liability

The Wallace Defendants deny that they are liable to the plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiff cannot meet her burden in this matter. Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiff is unable to prove that the cremated remains she received are not the cremated remains of the loved one which she had cremated. The Wallace Defendants maintain that the plaintiff cannot prove the essential elements of any of her claims, including her claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiff.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

## Position on Relief Sought

The Wallace Defendants deny that the plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiff or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiff or the proposed class members. Any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiff or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiff or any member of the proposed class because said plaintiff and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3

**Position on Class Certification**

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiff's claims are not typical of the claims of the members of the proposed class because plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiff (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES, and DOES 1-50, INCLUSIVE,<br>　　　　Defendants. | Civil Action No. 05-cv-11140-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.


Derek A. Wallace, Individually and
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

/s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# EXHIBIT K

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC,<br>DEREK A. WALLACE, LINDA STOKES,<br>AMERICAN CREMATION SOCIETY, INC.,<br>AMERICAN SOCIETY FOR CREMATION,<br>AMERICAN SOCIETY FOR FUNERAL<br>SERVICES, INC., COMMONWEALTH<br>CREMATION & SHIPPING SERVICE, INC.,<br>COMMONWEALTH FUNERAL SERVICE,<br>INC., CREMATION SOCIETY, INC., DRACUT<br>FUNERAL HOME INCORPORATED, FARRAH<br>FUNERAL HOME, HAMEL WICKENS &<br>TROUPE FUNERAL HOME, INC.,<br>HART-WALLACE FUNERAL HOME,<br>KEEFE FUNERAL HOME, INC.,<br>SCATAMACCHIA FUNERAL HOME,<br>SIMPLICITY BURIAL & CREMATION, INC.,<br>f/k/a OCEANSIDE FAMILY FUNERAL HOME,<br>WILLIAM F. SPENCER FUNERAL SERVICES,<br>and DOES 1-50, INCLUSIVE,<br>　　　　　Defendants. | Civil Action No. 05-CV-11140-RCL |

## SUMMARY OF POSITION OF THE DEFENDANTS,
## DEREK A. WALLACE, HART-WALLACE FUNERAL HOME,
## AND SIMPLICITY BURIAL & CREMATION, INC.

Pursuant to the Court's Notice of Scheduling Conference and Additional Matters, and in preparation for the Court's initial scheduling conference in the above-referenced matter, the defendants, Derek A. Wallace ("Mr. Wallace"), Hart-Wallace Funeral Home ("Hart-Wallace"),

GALLAGHER &<br>CAVANAUGH LLP<br>COUNSELLORS AT LAW<br><br>BOOTT COTTON MILLS<br>100 FOOT OF JOHN ST.<br>LOWELL, MA 01852<br>978.452.0522<br>FAX 978.452.0482

and Simplicity Burial & Cremation, Inc., ("Simplicity")(collectively referred to as the "Wallace Defendants"), by and through counsel, hereby submit their Summary of Position in the parties' Joint Statement.

**Position on Liability**

The Wallace Defendants deny that they are liable to the plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all relevant times, the Wallace Defendants exercised reasonable care and due diligence in providing funeral directing services and complied with, satisfied, discharged, and performed any and all of their obligations and duties, under any and all applicable contracts or agreements and/or under any and all applicable laws, rules and industry guidelines and standards. In addition, the Wallace Defendants exercised appropriate decorum and respect in handling the bodies and remains of any decedents for which they provided funeral directing services.

Furthermore, the Wallace Defendants maintain that plaintiff cannot meet her burden in this matter. Plaintiff is unable to cite to any specific instance in which any of the plaintiff's loved ones were mishandled in any way and, in Massachusetts, there is no cause of action for uncertainty. In addition, the plaintiff is unable to prove that the cremated remains she received are not the cremated remains of the loved one which she had cremated. The Wallace Defendants maintain that the plaintiff cannot prove the essential elements of any of her claims, including her claims of fraud and conspiracy, and that the Wallace Defendants have done nothing nor failed to do anything that would cause them to be liable to the plaintiff.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

2

## Position on Relief Sought

The Wallace Defendants deny that the plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which the Wallace Defendants are liable or responsible.

To the extent that the plaintiff or any member of the proposed class suffered any damages or losses, which the Wallace Defendants expressly deny, the alleged damages, injuries or other losses are a direct result of the actions and/or omissions of other persons or entities over whom the Wallace Defendants have no control and for whom the Wallace Defendants are not responsible. The Wallace Defendants intend to challenge the cause, duration, and extent of any alleged injuries suffered by the plaintiff or the proposed class members. Any injuries or harm for which the plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve the Wallace Defendants. In addition, the plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient objective evidence of physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have the plaintiff or the members of the proposed class suffered emotional distress as a result of the actions of the Wallace Defendants sufficiently severe to entitle them to recover damages from the Wallace Defendants. Finally, the Wallace Defendants are not liable to the plaintiff or any member of the proposed class because said plaintiff and proposed class members failed to use reasonable efforts to mitigate or avoid such damages.

The Wallace Defendants expressly do not waive any affirmative defenses asserted in their Answers to the plaintiff's Complaint.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

3

**Position on Class Certification**

Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification. Among other things, the members of the proposed class are not so numerous that separate joinder of each member is impracticable. In addition, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, plaintiff's claims are not typical of the claims of the members of the proposed class because plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories to be relied upon by the plaintiff (and the defenses thereto) differ from the legal theories of the members of the proposed class as well as the defenses to those claims. In addition, a class is not superior to other methods for the fair and efficient adjudication of this matter.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LORRAINE HUNT, on behalf of Herself and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>BAYVIEW CREMATORY, LLC,<br>DEREK A. WALLACE, LINDA STOKES,<br>AMERICAN CREMATION SOCIETY, INC.,<br>AMERICAN SOCIETY FOR CREMATION,<br>AMERICAN SOCIETY FOR FUNERAL<br>SERVICES, INC., COMMONWEALTH<br>CREMATION & SHIPPING SERVICE, INC.,<br>COMMONWEALTH FUNERAL SERVICE,<br>INC., CREMATION SOCIETY, INC., DRACUT<br>FUNERAL HOME INCORPORATED, FARRAH<br>FUNERAL HOME, HAMEL WICKENS &<br>TROUPE FUNERAL HOME, INC.,<br>HART-WALLACE FUNERAL HOME,<br>KEEFE FUNERAL HOME, INC.,<br>SCATAMACCHIA FUNERAL HOME,<br>SIMPLICITY BURIAL & CREMATION, INC.,<br>f/k/a OCEANSIDE FAMILY FUNERAL HOME,<br>WILLIAM F. SPENCER FUNERAL SERVICES,<br> and DOES 1-50, INCLUSIVE,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-cv-11140-RCL |

## CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

In accordance with Local Rule 16.1(D)(3), counsel of record for the defendants, Derek A. Wallace, Hart-Wallace Funeral Home and Simplicity Burial & Cremation, Inc., hereby certifies that he has conferred with the defendant and/or its authorized representative:

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_____
Derek A. Wallace, Individually and
On behalf of Hart-Wallace Funeral
Home, and Simplicity Burial &
Cremation, Inc.

/s/ Richard E. Cavanaugh
Richard E. Cavanaugh, Esq.
BBO #: 557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 01852
(978) 452-0522
richardc@gcattorneys.com
Attorneys for the Defendants,
Derek A. Wallace, Hart-Wallace
Funeral Home, and Simplicity
Burial & Cremation, Inc.

GALLAGHER &
CAVANAUGH LLP
COUNSELLORS AT LAW

BOOTT COTTON MILLS
100 FOOT OF JOHN ST.
LOWELL, MA 01852
978.452.0522
FAX 978.452.0482