# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Joseph M. Desmond
Direct Dial: 617-439-7554
Direct Fax: 617-342-4935
jdesmond@morrisonmahoney.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

October 2, 2006

United States District Court

Attached please find the following:

1.   CONCISE STATEMENT OF DEFENDANT CREMATION SOCIETY, INC.

Please note that the attached Concise Statement was omitted from the Joint Statement and Proposed Scheduling Order which was filed by the parties on September 28, 2006. The defendant, Cremation Society, Inc. concurs with the matters and schedule set forth therein.

Thank you.

Very truly yours,

/s/Joseph M. Desmond

JMD:mf
Enclosure

1186962v1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO: 05-11140 RCL

| | |
|---|---|
| LORRAINE HUNT, On Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BAYVIEW CREMATORY, LLC, DEREK A. WALLACE, LINDA STOKES, AMERICAN CREMATION SOCIETY, INC., AMERICAN SOCIETY FOR CREMATION, AMERICAN SOCIETY FOR FUNERAL SERVICES, INC., COMMONWEALTH CREMATION & SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE, INC., CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED, FARRAH FUNERAL HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC., HART-WALLACE FUNERAL HOME, KEEFE FUNERAL HOME, INC., SCATAMACCHIA FUNERAL HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, WILLIAM F. SPENCER FUNERAL SERVICES and DOES 1-50, INCLUSIVE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CONCISE STATEMENT OF**
**DEFENDANT CREMATION SOCIETY, INC.**

Pursuant to the Court's Notice of Scheduling Conference and Additional matters, and in contemplation of the Court's initial scheduling conference in the matter of Andersen v. Bayview

1186962v1

Cermatory, LLC et. al., C.A. No. 05-11904-RCL, Cremation Society, Inc., by and through their counsel, hereby submit this Summary of Position for inclusion in the parties' Joint Statement.

(i).     Position on Liability:

Cremation Society, Inc. denies that it is liable to Plaintiff or the members of the proposed class for any of the causes of action or claims set forth in Plaintiff's Complaint. At all times, Cremation Society, Inc. exercised reasonable care and due diligence in providing cremation services. Cremation Society, Inc. complied with, satisfied, discharged, and performed any and all of their obligations and duties, whether express or implied, under any and all applicable contracts or agreements and/or laws, rules, and guidelines. Similarly, Cremation Society, Inc. displayed the requisite decorum and respect in handling the bodies and remains of any decedents for which they provided cremation services.

(ii)    Position on Relief Sought:

Cremation Society, Inc. further denies that Plaintiff or the members of the proposed class suffered any damages, injuries, or other losses for which Cremation Society, Inc. is liable or responsible. To the extent that Plaintiff or the members of the proposed class suffered any damages or losses, which Cremation Society, Inc. expressly denies, the alleged damages, injuries, or other losses are a direct result of the actions and/or inactions of other persons or entities over whom Cremation Society, Inc. has no control, and for whom Cremation Society, Inc. is not responsible. Specifically, Defendant Bayview is solely liable to Plaintiff and the members of the proposed class for any and all acts and/or damages alleged, or, alternatively, is jointly or severally liable or liable to Cremation Society, Inc. by way of contribution or indemnity, for any and all alleged acts and/or damages, costs, or attorneys' fees that may be assessed against Cremation Society, Inc. Cremation Society, Inc. did not know, and, in view of their reasonable care and due diligence, should not have known, that Bayview was allegedly mishandling decedent's bodies, improperly conducting cremations, or otherwise acting negligently or unlawfully. Bayview's alleged misconduct was not reasonably foreseeable.

Furthermore, Cremation Society, Inc. is not liable to Plaintiff or the members of the proposed class for any damages alleged in Plaintiff's Complaint because Plaintiff and the members of the proposed class failed to use reasonable efforts to mitigate or avoid such damages. Moreover, any injuries or harm for which Plaintiff and the members of the proposed class seek damages existed prior to the alleged events and incidents referred to in Plaintiff's Complaint and were directly and proximately caused by events or incidents that did not involve Cremation Society, Inc. In addition, Plaintiff and the members of the proposed class cannot present sufficient objective evidence of physical harm and/or establish that they have suffered sufficient physical harm in connection with any mental injuries or emotional distress purportedly sustained. Nor have Plaintiff or the members of the proposed class suffered sufficiently severe emotional distress as a result of the actions of Cremation Society, Inc.

1186962v1

  (iii)  <u>Position on Class Certification</u>:

  Plaintiff's designation of this action as a class action is improper under Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and other applicable law, and fails to satisfy the requirements for class certification thereunder. The members of the proposed class are not so numerous that separate joinder of each member is impracticable. To the contrary, joinder is practicable because the members of the proposed class reside in the same geographic region and can be readily identified. Moreover, the members of the proposed class do not share sufficiently common questions or issues of fact or law, and any questions or issues of fact or law common to the proposed class do not predominate over individual questions particular to each proposed class member. Furthermore, Plaintiff's claims are not typical of the claims of the members of the proposed class because Plaintiff's claims do not arise out of the same events or circumstances as the claims of the members of the proposed class, and the legal theories and defenses to be relied upon by Plaintiff differ from the legal theories and defenses of the members of the proposed class. In addition, a class action is not superior to other methods for the fair and efficient adjudication of this matter.

        Respectfully submitted,

        THE DEFENDANT,
        CREMATION SOCIETY, INC.
        By its attorneys,


        /s/Joseph M. Desmond
        Joseph M. Desmond, BBO #634883
        MORRISON MAHONEY LLP
        250 Summer Street
        Boston, MA 02210
        (617) 439-7500

Date:_____

1186962v1