UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORRAINE HUNT  v. ) | |
| BAYVIEW CREMATORY, LLC, et al. ) | No. 05-11140(RCL) |
| ) | |
| And ) | |
| ) | |
| ALAN ANDERSEN, ET AL.  v. ) | No. 05-11904(RCL) |
| BAYVIEW CREMATORY, LLC, ET AL., ) | |

## INITIAL DISCLOSURES OF DEFENDANT, KEEFE FUNERAL HOME, INC. PURSUANT TO FED. R. CIV. P. 26(a) AND LOCAL RULE 26.2(A)

Defendant, Keefe Funeral Home, Inc. (hereinafter "Keefe"), by its undersigned counsel, hereby submits its initial disclosures pursuant to Fed. R. Civ. P. 26(a) and Local Rule 26.2(A).

In making these disclosures, Keefe does not intend to disclose or produce any information protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or protection.  By identifying documents, Keefe does not concede that any of the documents are relevant or discoverable in this case and Keefe expressly reserves all of its rights to object to any requests for production of documents.  Keefe reserves all rights to object to the admissibility of any information provided herein at the time of trial.  Keefe reserves all rights to rely upon the individuals identified in this initial disclosure for subjects other than those identified herein.

These initial disclosures are also being provided by Keefe under the following circumstances:

1.    Keefe is only a Defendant in the case asserted by Lorraine Hunt (C.A. No.: 05-1140-RCL); and

2.    In these consolidated cases, there has been no plaintiff identified as having any dealings with Keefe.

## I.    DISCLOSURE PURSUANT TO FED. R. CIV. P. 26(a)

### A.    Individuals Likely To Have Discoverable Information That Keefe May Use To Support Its Claims Or Defenses

1.    **Charles Keefe**

   **Address:**    c/o Keefe Funeral Home, 2175 Massachusetts Avenue
                   Cambridge, MA 02140
   **Telephone:**  617-547-5544

Mr. Keefe is likely to have discoverable information regarding the nature of funeral directing services provided by Keefe to customers ; the conduct of Bayview Crematory in performing cremations of decedents that received funeral directing services from Keefe ; the remains received by persons who received funeral directing services from Keefe and cremation at Bayview; any alleged injuries or damages sustained by persons who received funeral directing services from Keefe and cremation at Bayview; and the due care and reasonable diligence exercised by Keefe in rendering funeral directing services.

2.    **Chad Keefe**

   **Address:**    c/o Keefe Funeral Home, 2175 Massachusetts Avenue
                   Cambridge, MA 02140
   **Telephone:**  617-547-5544

Mr. Keefe is likely to have discoverable information regarding the nature of funeral directing services provided by Keefe to customers ; the conduct of Bayview Crematory in performing cremations of decedents that received funeral directing services from Keefe ; the

remains received by persons who received funeral directing services from Keefe and cremation at Bayview; any alleged injuries or damages sustained by persons who received funeral directing services from Keefe and cremation at Bayview; and the due care and reasonable diligence exercised by Keefe in rendering funeral directing services.

    **3.**    **Derek A. Wallace**

        **Address:**    c/o Bayview Crematory, 2004 New Zealand Road, Seabrook, NH, 01843
        **Telephone**:    888-889-4762

Mr. Wallace is likely to have discoverable information regarding the nature of the cremation of decedents at Bayview Crematory; the conduct of Bayview Crematory in performing cremations of decedents who received funeral directing services at Keefe; the remains received by persons who received funeral directing services from Keefe and cremation at Bayview Crematory; any alleged injuries or damages sustained by persons who received funeral directing services from Keefe and cremation at Bayview Crematory; and the due care and reasonable diligence exercised by Keefe in rendering funeral directing services.

**B.**    **Description Of Documents That Keefe May Use To Support Its Claims Or Defenses**

As noted above, Keefe is a defendant only in the Lorraine Hunt case. Lorraine Hunt had no dealings with Keefe. Keefe is in possession of the following documents applicable to those persons who received funeral directing services at Keefe and cremation at Bayview:

    1.    Call Sheet;
    2.    Death Certificate;
    3.    Funeral Services Contract;
    4.    Cremation Order;
    5.    Burial/Cremation Permit;
    6.    Copies of Checks; and

7.  Ledger Entries.

C.  **Computation Of Damages Claimed By Keefe**

The amount of damages sustained by Keefe cannot be computed at this time.  Only after discovery in this case and analysis by an expert will Keefe be able to determine the amount of damages suffered by Keefe.

D.  **Insurance Agreements**

Keefe has submitted a claim for coverage in connection with this action to Commerce Insurance Company under policies KM6318 and 415279.   These policies were in effect from February 28, 2001 through February 28, 2005.  Policy KM6318 contains policy limits of One Million Dollars.  Policy 415279 is an excess policy with limits of One Million Dollars and a Ten Thousand ($10,000.00) Dollar self-insured retention.

II.  **KEEFE'S DISCLOSURE PURSUANT TO LOCAL RULE 26.2**

A.  **Persons Known To The Defendant To Have Witnessed The Transaction Or Occurrence Or To Have Substantial Discoverable Information About The Claims Or Defenses**

As stated herein, Keefe is only a defendant in the Lorraine Hunt case and Keefe had no dealings with Lorraine Hunt.  Reference is also made to Section A of Keefe's disclosure pursuant to Federal Rule 26.

B.  **Statements From Opposing Parties**

None.

4

C. **Government Agencies Or Officials Known To Have Investigated The Transaction Or Occurrence**

This response pertains to the Plaintiff, Lorraine Hunt. Keefe is aware that criminal authorities in the State of New Hampshire have investigated Bayview Crematory but does not know whether this criminal investigation involves Lorraine Hunt.

> Respectfully submitted,
>
> KEEFE FUNERAL HOME, INC.
> By its attorney,
>
> _____
> George E. Clancy, BBO #546328
> Fuller, Rosenberg, Palmer & Beliveau
> 340 Main Street - Suite 817
> Worcester, MA 01608
> (508) 751-5136

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 17th day of November, 2006, I served the foregoing document upon the parties of this action by electronic mailing a copy of same to all counsel of record.

> _____
> George E. Clancy, Esquire