UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LORRAINE HUNT v. | ) | |
| BAYVIEW CREMATORY, LLC, et al. | ) | No. 05-1140(RCL) |
| | ) | |
| And | ) | |
| | ) | |
| ALAN ANDERSEN, et al. v. | ) | No. 05-11904(RCL) |
| BAYVIEW CREMATORY, et al. | ) | |

**DEFENDANT FARRAH FUNERAL HOME RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1) the defendant Farrah Funeral Home (hereinafter "Farrah") hereby submits its initial disclosures.

In making these disclosures, Farrah does not intend to disclose or produce any information protected by the attorney-client privilege, the attorney work product doctrine, the code of conduct and professional ethics standards of the Board of Registration in Embalming and Funeral Directing, or any other applicable privileges or protections. By identifying these documents, Farrah does not concede that any of them is relevant or discoverable in this case, and Farrah expressly reserves all rights to object to any interrogatory or request for production of documents or deposition question, as well as to the admissibility of any information herein provided at trial. Farrah further reserves all rights to rely upon the individuals identified in this initial disclosure for subjects other than those explicitly identified in the following.

Further, these initial disclosures are provided by Farrah under the following circumstances:

1. Farrah is only a defendant in the Lorraine Hunt case, no. 05-1140-RCL.
2. No plaintiff has been identified as having had any dealings with Farrah.

**A. Individuals Likely to Have Discoverable Information that Farrah May Use to Support his Claims or Defenses**

      1. Louis J. Farrah II

      c/o Farrah Funeral Home

      170 Lawrence St.

      Lawrence, Massachusetts 01841

      Telephone: 978 682 4060

Mr. Farrah is likely to have discoverable information regarding funeral directing services, policies and procedures followed by Farrah Funeral Home as regards cremations of decedents, and including cremations at Bayview Crematory during the years 2000 to 2002; the remains received by Farrah Funeral Home for decedents who received funeral directing services by the funeral home and were then provided cremation services by Bayview Crematory; and the education, experience, due care and reasonable diligence of Louis J. Farrah in the conduct of the business of funeral directing services; the conduct of Bayview Crematory in regards to cremations of decedents having received funeral services performed by Farrah.

      2. Anna J. Byrd, address not currently known, formerly a funeral director during some of the period in which Bayview provided occasional crematory services for decedents whose funeral directing services were conducted by Farrah Funeral Home;

      3. Joseph Fredette, Hampton, New Hampshire, c/o Farrah Funeral Home, employee of Farrah during a portion of the period in which Bayview provided occasional crematory services for decedents whose funeral directing services were conducted by Farrah Funeral Home;

**B. Automatic Document Disclosure:**

As stated above, Farrah performed no services for, and had no dealings with, any named plaintiff in either of the consolidated cases, and Farrah is a defendant in the Hunt case, only. The following documents pertaining to services by Louis Farrah as funeral director may be used to support his defenses and claims:

(1) Licensing documents of Louis J. Farrah and of other persons acting as funeral directors on behalf of Farrah Funeral Home;

(2) Declarations pages of insurance agreements;

The defendant may have, for certain of the funeral service clients whose cremation was performed at Bayview, the following documents:

1. Intake and personal data notes and records
2. Assignment of insurance proceeds
3. Death Certificate
4. Cremation Certificate
5. Bayview Crematory form: Authorization for Cremation and Disposition
6. Authorization for Release of Remains
7. General Price List
8. Receipt for cremains and urn.
9. Disposition, Removal or Transportation Permit
10. Documents relating to payments made by Farrah to Bayview Crematory for cremation services.

**C. Insurance Agreements**

The defendant was insured from August 3, 1999 to 2001 with the Merrimack Mutual Fire Ins. Co., Andover, Massachusetts, with Limits of Liability of $1,000,000. A copy of the declarations pages and policies are available for inspection.

DEFENDANTS
Farrah Funeral Home and
Louis J. Farrah, II

By their attorney,

 /s/   Bradley A. MacDonald
Bradley A. Mac Donald, Esq.
B.B.O. No. 310380
CUMMINGS, KING, & MACDONALD
1 Gateway Center, Ste. 351
Newton, MA 02458

3

(617) 630-5100

CERTIFICATE OF SERVICE: I hereby certify that on November 21, 2006, I served the foregoing upon all counsel of record either via electronic notice or via U.S. Mail, postage paid, if electronic notification was unavailable.


_/s/ Bradley A. MacDonald_____
Bradley A. MacDonald, Esq.