UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
**LORRAINE HUNT V. BAYVIEW**   )
**CREMATORY, LLC, ET AL.**     )    NO. 05-11140-RCL
                              )
**and**                        )
                              )
**ALAN C. ANDERSEN ET AL. V.** )
**BAYVIEW CREMATORY, LLC, ET AL.** )    NO. 05-11904-RCL
_____)

**DEFENDANT, LINDA STOKES', MOTION FOR LEAVE TO FILE A NON-CONFORMING MEMORANDUM**

Now comes the defendant, Linda Stokes, and hereby moves this Honorable Court for leave to file a memorandum that does not conform with the requirements of Local Rule 37.1(B), § 4 and § 5.  In support of this Motion, Ms. Stokes states that, compliance with Sections 4 and 5 of Local Rule 37.1(B), in this instance, would be more inefficient and burdensome than filing a non-conforming brief.  In further support, defendant, Linda Stokes, states the following:

1.   Ms. Stokes seeks to file a Motion to Compel the plaintiffs to produce documents responsive to her discovery requests in this matter.  The Motion to Compel is based solely on the failure of the plaintiffs to actually produce documents, despite having stated they would produce documents.

2.   At this time, Ms. Stokes is not challenging the sufficiency of the documents that the plaintiffs have identified responsive to the requests, or the applicability of the objections the plaintiffs have made to Ms. Stokes' requests, although she reserves her right to after the documents are provided.

3.   Local Rule 37.1B § 4 and § 5 requires that each request for production of documents raising an issue to be decided by the Court be set forth in the

memorandum and that the statement of the moving party's position as to each contested issue be separately set forth immediately following each contested item.

    4.    Ms. Stokes is contesting the sufficiency of the responses of all plaintiffs to thirty-three of Ms. Stokes' requests for production of documents. The responses of all of the plaintiffs to each of the thirty-three separate requests were the same as to each plaintiff. In addition, all plaintiffs in each of the thirty-three responses agreed to produce documents responsive to those requests, but have not yet done so.

    5.    At this time, the content of the requests is not the subject of the defendant's Motion to Compel, nor is the adequacy of the plaintiffs' responses or objections. The sole issue to be decided is whether the plaintiffs have to produce the documents they stated would be produced. Ms. Stokes's law and argument on this issue is the same for each plaintiff and each of the thirty-two responses. Therefore, Ms. Stokes believes it is more efficient to attach an exemplar copy of the plaintiffs' responses to her request for production of documents, summarize those responses briefly, and then state one legal argument. Her non-conforming Memorandum, without exhibits, is attached as Exhibit 1.

WHEREFORE, the defendant, Linda Stokes, respectfully requests this Court grant her leave to file a non-conforming memorandum, specifically permitting Ms. Stokes to summarize the individual requests for production of documents sought to be compelled and the plaintiffs' responses to those requests for production of documents, instead of setting them forth individually and attach an exemplar copy of the plaintiffs' responses to her discovery.

Respectfully submitted,
on behalf of defendant,
Linda Stokes, by her Attorneys,

**CLARK, HUNT & EMBRY**

/s/ Mandi Jo Hanneke
_____
William F. Ahern, Jr. (013365)
Mandi Jo Hanneke (657349)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Counsel for Ms. Stokes certifies that she has conferred with counsel for the plaintiffs in an attempt to resolve or narrow the issue in dispute and the plaintiffs do not oppose her Motion for Leave to File a Non-Conforming Memorandum.

*/s/ Mandi Jo Hanneke*
Mandi Jo Hanneke

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 9th day of March, 2007, a true and correct copy of this Motion for Leave to File a Non-Conforming Memorandum by defendant, Linda Stokes, was served on all counsel of record in this matter.

                                        */s/ Mandi Jo Hanneke*
                                        Mandi Jo Hanneke

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**LORRAINE HUNT V. BAYVIEW**        )
**CREMATORY, LLC, ET AL.**          )   NO. 05-11140-RCL
                                    )
**and**                             )
                                    )
**ALAN C. ANDERSEN ET AL. V.**      )
**BAYVIEW CREMATORY, LLC, ET AL.**  )   NO. 05-11904-RCL
_____ )

**DEFENDANT, LINDA STOKES', MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE PLAINTIFFS**

**RELEVANT FACTS AND NATURE OF THE CASE**

The plaintiffs brought this putative class action against Linda Stokes, and others, alleging breach of fiduciary duty, fraudulent conduct, negligence, intentional and negligent interference with remains and mishandling of a corpse, intentional and negligent emotional distress and civil conspiracy. In their Complaint, the plaintiffs allege that the "defendants commonly and systematically failed, throughout the Class Period, to accomplish the cremation and disposition process with the dignity and respect expected of them by public sensibility and required of them by law. Defendants, without describing their actual practices or obtaining express written permission from Plaintiff or any Class members, knowingly, recklessly and/or negligently permitted and facilitate the disrespectful, improper and illegal mishandling, desecration, abuse and commingling of the remains of the decedents." (Hunt Complaint ¶ 62).

The defendant, Linda Stokes, propounded requests for production of documents to the plaintiffs on November 21, 2006. The plaintiffs served their responses to defendant's requests on December 22, 2006. In response to thirty-three (32) of the forty-four (44) requests, the plaintiffs affirmatively stated that all non-privileged

1

documents responsive to the requests would be produced, even identifying in two instance a cremation certificate. (Exhibit 1, Hunt's Responses, Nos. 2-8, 10-18, 24, 26, and 30-44). In their responses, the plaintiffs never asserted the need for a protective order, never requested a protective order, and never stated that production of the documents was contingent upon entry of a protective order. The plaintiffs never objected to these requests on grounds that the production of the documents would violate the plaintiffs' right to privacy.[1]

Instead of producing the documents as originally represented, one month after their responses were served, the plaintiffs, through counsel, circulated by email a request that the parties enter into a protective order. (Exhibit 2, Email from Attorney Kaufman to All Counsel dated January 19, 2007). Even in that email, the plaintiffs did not state that they would produce documents only upon the execution of the protective order, just that they needed "to enter into a confidentiality stipulation for documents." (Id.) It was only in a L.R. 7.1 teleconference on January 30, 2007, when Attorney Hanneke inquired into when she would receive the responsive documents, that plaintiffs' counsel informed her that they would not be produced until the protective order was executed. Counsel for Ms. Stokes indicated to the plaintiffs' counsel that the proposed protective order was unreasonably broad and unnecessary. (Exhibit 3, Correspondence from Attorney Hanneke to Attorney Kaufman, dated February 28, 2007).

## ATTEMPTS TO NARROW THE ISSUES

On January 30, 2007, pursuant to Local Rule 7.1 and 37.1, Attorney Mandi Jo Hanneke, counsel for Ms. Stokes, and Attorney Evan Kaufman, counsel for the

---

[1] The only requests to which the plaintiffs objected on privacy grounds were those related to the production of medical records, Nos. 19, 27-29. These requests are not at issue in this motion.

2

plaintiffs, conferred by telephone, to discuss the plaintiffs responses to Ms. Stokes' discovery requests. During that conference, which lasted just over 30 minutes, Ms. Stokes' counsel requested, among other matters, that the plaintiffs produce all documents referred to in their responses to the defendant's requests. At the request of Attorney Kaufman, the conference was postponed to a later date so that he could review the plaintiffs' discovery responses. However, before postponing the conference, Attorney Kaufman indicated that the subject responsive documents were Bates stamped and ready to be produced, if only the parties would execute the protective order circulated by his office.

Prior to the January discovery conference, Ms. Stokes requested, in writing, the production of all documents referenced in the plaintiffs' initial disclosures. The plaintiffs never responded to that request, which was mentioned in the discovery conference, as it related to the plaintiffs' refusal to produce documents.

On February 21, 2007, the parties resumed their conference, with Attorney Mark Reich attending the telephone conference in place of Attorney Kaufman. During the conference, which lasted about one hour, the plaintiffs agreed to supplement their responses to Ms. Stokes' interrogatories by March 20, 2007 in accordance with nearly all the requests made upon them by Attorney Hanneke. (Exhibit 4, Correspondence from Attorney Hanneke to Attorney Reich, dated February 27, 2007). Accordingly, the parties temporarily resolved their differences regarding the plaintiffs' interrogatory answers without the need to seek the Court's assistance. However, as to the plaintiffs' responses to the document requests, the plaintiffs continued to refuse to produce any documents until a protective order was executed. The parties were unable to resolve the issue of the plaintiffs' production of documents referred to in their responses.

3

## REQUESTS FOR PRODUCTION OF DOCUMENTS[2]

In response to nearly all of Ms. Stokes' Requests, after objection, the plaintiffs stated that "Subject to and without waiving the foregoing specific and general objections, Plaintiff states that she will produce nonprivileged documents responsive to this Request, if any exist, and are in the Plaintiff's possession, custody or control." (Exhibit 1, Lorraine Hunt's Combined Responses to Defendant, Linda Stokes', First Set of Requests for the Production of Documents and Things and Interrogatories ("Hunt's Responses"), No. 4-8, 10-18, 24, 26, and 30-44)[3]. In addition, in response to Request Nos. 2 and 3, the plaintiffs stated: "Subject to the foregoing general and specific objections, Plaintiff states that she will produce the cremation certificate concerning the cremation of the decedent." (Id. at Nos. 2-3). Despite numerous requests, the plaintiffs have not produced any documents.

The requests at issue seek the production of documents received with the cremains, documents related to the funeral and cremation services provided, documents that support the allegations in the plaintiffs' Complaints, articles relating to Bayview read or seen by the plaintiffs prior to filing the Complaints, statements of the parties and witnesses, and communications between the parties, among other documents. All of these documents are relevant to this action and necessary to assist Ms. Stokes' defense.

Although the objections to these requests varied, the plaintiffs tailored their objections to the specific requests. For example, according to the plaintiffs, Request Nos. 2-8, 10-17, 20-21, 26, and 30-44 were "not reasonably calculated to lead to the

---

[2] Defendant Stokes has filed a Motion for Leave to File a Non-Conforming Memorandum because compliance with the Local Rule 37.1(B)(4) and (5) would be more burdensome and less efficient in this instance, where this Motion seeks to determine the sole issue of whether the plaintiffs have failed to comply with the Rules by not producing any documents, despite affirmatively stating they would.
[3] The responses of the remaining plaintiffs are substantially similar to Ms. Hunt's responses.

discovery of admissible evidence." The plaintiffs claimed Request Nos. 2-8, 10-18, 20-21, 26, and 30-44 were either "vague", "ambiguous", "unduly burdensome", or "overbroad."

Request Nos. 3, 18, 20-21, 23, 30-39, and 42-44 allegedly called "for a legal determination" while Request Nos. 3-7, 14-18, 20-21[4], 23-24, 26, and 30-44, sought or purported "to require disclosure of information which is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine," although the plaintiffs did not provide a privilege log, as required by Fed.R.Civ.P. 26(b)(5)(A).

Finally, the plaintiffs objected to Request Nos. 6-8, 11-13, 37-38, and 40-41 because they sought "information that is readily available to Defendants from other sources, including Defendant's own files" and objected to Request Nos. 14-17, 23, 30-36, 39, and 42-44 because they are "premature to the extent that [they] seek[] information that is the subject of ongoing future discovery." In a novel objection, the plaintiffs claim Request Nos. 2 and 3 are "offensive and an affront to human decency" and Request No. 2 is designed to "harass, intimidate, and cause distress to the plaintiff."

## **LAW**

Despite the representation by the plaintiffs in response to the Request for Production of Documents that documents would be produced and numerous follow up requests by the defendant, plaintiffs have not produced even one document. Although plaintiffs did not assert any need for a protective order in their initial disclosures or in their responses to Ms. Stokes' requests, they now have positioned the need for a protective order as a road block to the production of discoverable materials. (Exhibit 1, Hunt's Responses; Exhibit 5, Plaintiffs' Initial Disclosures). Most of the defendants,

---

[4] The objections to Nos. 20 and 21 were only as to the work-product doctrine. The plaintiffs did not object to it on attorney-client privilege grounds.

5

through counsel, have made clear to plaintiffs' attorney that their request for a protective order is both overbroad and unnecessary. The plaintiffs have not even filed a motion for a protective order with this Court. The plaintiffs' refusal to produce discoverable materials is in direct derogation to the Federal Rules of Civil Procedure.

Fed. R. Civ. P. Rule 34(b) states that "The party upon whom the request is served shall serve a written response within 30 days...The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Moreover, "Any ground not stated in an objection ... shall be deemed waived." Local Rule 34.1(C)(1). Ms. Stokes seeks an order compelling the plaintiffs to produce the documents they stated would be produced in their responses. The failure to produce responsive documents is prejudicing the defendant.

Unless objected to by the responding party, documents requested pursuant to Rule 34 must be produced. Willard v. Constellation Fishing Corp., 136 F.R.D. 28 (D.Mass. 1991). If a party wishes to defer disclosure or premise disclosure upon the happening of certain events, the party must respond to the request and "interpose an objection to disclosure of the [document]." Id. In addition, "the party seeking to defer disclosure is under an obligation to file a motion for protective order pursuant to Rule 26(c)(3)...seeking an order 'that the discovery may be had only on specified terms and conditions,' ..." Id. Here, the plaintiffs neither objected to producing the documents, nor filed a timely motion for protective order seeking an order that the production of the responsive documents be had only upon the execution of a protective order. Having agreed to produce the responsive documents, without any restrictions and having failed to file a motion for protective order prior to or at the time of their response to Ms. Stokes' requests, the plaintiffs waived any right to seek a protective

6

order for the documents they stated they would produce.  The plaintiffs' failure to produce these documents, which are the basis for their action, is substantially prejudicing Ms. Stokes.  The documents must be produced.

## **CONCLUSION**

The plaintiffs' failure to produce documents they affirmatively indicated would be produced is in direct violation of the Rules of Civil Procedure.  The defendant is entitled to the documents requested in order to adequately prepare her defense and assess the case.  The defendant is substantially prejudiced in the defense of this matter by plaintiffs' failure to produce discoverable materials.  Accordingly, defendant, Linda Stokes, respectfully requests this Court allow her Motion to Compel Production of Documents and require the plaintiffs to produce the documents responsive to the defendant's requests that plaintiffs affirmatively stated would be produced within fourteen (14) days of the allowance of this Motion.

                Respectfully submitted,
                on behalf of defendant,
                Linda Stokes, by her Attorneys,

                **CLARK, HUNT & EMBRY**

                */s/ Mandi Jo Hanneke*
                William F. Ahern, Jr. (013365)
                Mandi Jo Hanneke (657349)
                55 Cambridge Parkway
                Cambridge, MA 02142
                (617) 494-1920

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 9th day of March, 2007, a true and correct copy of this Memorandum in Support of Defendant Linda Stokes' Motion to Compel Production of Documents from the Plaintiffs was served on all counsel of record in this matter.

               */s/ Mandi Jo Hanneke*
               Mandi Jo Hanneke