UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

LORRAINE HUNT v. BAYVIEW
CREMATORY, LLC, et. al.,

No. 05-11140-RCL

and

ALAN C. ANDERSEN, et. al., v.
BAYVIEW CREMATORY, LLC, et. al.

No. 05-11904-RCL

_____

### PLAINTIFFS' RESPONSE TO DEFENDANT, LINDA STOKES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Plaintiffs, by and through their undersigned counsel, pursuant to Local Rule 7.1(b)(2), file this Response to the Defendant, Linda Stokes' Motion to Compel Production of Documents, by stating in response thereto as follows:

1. On April 3, 2007, the Plaintiffs and the Defendants, through their respective counsel filed a Stipulation of Withdrawal of Class Allegations.

2. The Stipulation provided that the claims of the Plaintiffs would proceed as individual claims under their respective case numbers.

3. The Stipulation further provided that the claims of the Plaintiffs would continue as a "Consolidated Action" pursuant to the provisions of this Court's Order of October 31, 2006, to the extent that the Court had subject matter jurisdiction.

4. At the status conference of April 4, 2007, the Defendants raised the issue of subject matter jurisdiction with respect to those Plaintiffs whose claims did not have complete diversity pursuant to 28 U.S.C. § 1332(a)(1). The Court instructed Plaintiffs' counsel to make a

determination as to which Plaintiffs would be subject to dismissal for lack of subject matter jurisdiction within ten (10) days.

5.  On April 10, Plaintiffs' counsel identified Alan C. Andersen, Suzanne Bourassa, Robert Delia, Sara-Anne Eames, John Foster, Britton Hall, Marie Ignoto, David Johnson, Dawn Lattime, Donna Tomaso, John Carlson, Shaun Ferris, and Lorraine Hunt. Since Lorraine Hunt is the only named Plaintiff in case No.05-11140, that case should be dismissed in its entirety.

6.  The remaining Plaintiffs are Dennis Fowler, Edward Galvin, Jr., Patricia Hannigan, Kathleen McDonough, Tara McDonough, and Eleanor Poole.

7.  Based on the above-stated determinations, Linda Stokes' Motion to Compel would be moot as to the Plaintiffs identified in paragraph 5 herein above and applicable only to the Plaintiffs identified in paragraph 6 herein above.

8.  Plaintiffs counsel has previously conferred with counsel for Linda Stokes, Trustee and has agreed that all documents responsive to the Request for Production will be provided on or before April 20, 2007, subject only to the following:

>   a)  With respect to medical/non-mental health treatment, Plaintiff will provide the names and addresses of physicians consulted for the five years preceding the date of death of the particular decedent, together with the Plaintiff's reason for consultation and the date of consultation to the best of the Plaintiff's recollection. Based upon this response, counsel for Linda Stokes may request the execution and delivery of an Authorization for Release of Medical Information by the Plaintiff and obtain the medical records relating to the consultation. The cost of obtaining the records will be at the expense of Linda Stokes and copies shall be provided to Plaintiff's counsel;

        b)    With respect to mental health treatment, Plaintiffs will disclose any psychotherapeutic treatment beginning five years preceding the date of death the particular decedent, consisting of the name, address, dates of treatment, and cost thereof, to the best of the Plaintiff's recollection.  With respect to communications falling within the Patient-Psychotherapist Privilege, Plaintiffs will determine whether they will make affirmative use of the communications at trial and if so, will provide copies of all such records to Linda Stokes.  If no use of the communications will be made, Plaintiff's counsel will advise counsel for Linda Stokes of that decision and counsel for Linda Stokes may, in their sole discretion, seek discovery of such communications based upon necessity.

9.    The above-stated protocol is identical to the one previously agreed to by the Plaintiffs and Linda Stokes in the proceedings pending in the Superior Court of Essex County, Massachusetts in the case of <u>Anzalone v. Bayview, et al.</u>.

Dated this 11th day of April, 2007.

        Respectfully submitted,
        Plaintiffs, by their attorneys


        /s/ David H. Charlip
        David H. Charlip (Florida Bar No.: 329932)
        Charlip Law Group, LC
        1930 Harrison Street, Suite 208
        Hollywood, Florida 33020
        954.921.2131
        954.921.2191 (Fax)
        dcharlip@charliplawgroup.com

/s/ Lisa Debrosse-Johnson
Lisa DeBrosse Johnson, BBO# 632428
The Pilot House
Lewis Wharf
Boston, MA 02110
(617) 854-3740
debrossejohnson@comcast.net

**Certificate of Service**

    I HEREBY CERTIFY that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 11th day of April, 2007.

/s/ David H. Charlip
David H. Charlip
Admitted *Pro Hac Vice*

4