UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
LORRAINE HUNT v. BAYVIEW         )
CREMATORY, LLC, et al,           )
     Plaintiff,                  )      No. 05-11140-RCL
                                 )
                                 )
and                              )
                                 )
                                 )
ALAN C. ANDERSEN, at al v.       )
BAYVIEW CREMATORY, LLC et al     )      No. 05-11904-RCL
     Defendants                  )
                                 )
_____  )
```

**REPORT AND RECOMMENDATION RE:**
**MOTION OF DEFENDANTS BAYVIEW CREMATORY, LLC, LINDA STOKES,**
**LAWRENCE STOKES, HART-WALLACE FUNERAL HOME, SIMPLICITY BURIAL**
**& CREMATION, INC., f/k/a OCEANSIDE FAMILY FUNERAL HOME, DEREK**
**A. WALLACE, DRACUT FUNERAL HOME,[1] COMMONWEALTH CREMATION**
**& SHIPPING SERVICE, INC., COMMONWEALTH FUNERAL SERVICE,**
**HAMEL WICKENS & TROUPE FUNERAL HOME, INC., CREMATION SOCIETY**
**OF MASSACHUSETTS, ROGER HAMEL AND NEPTUNE SOCIETY, INC.**
**TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOCKET**
**ENTRY # 99, NO. 05-11904-RCL); MOTION OF DEFENDANTS**
**BAYVIEW CREMATORY, LLC, LINDA STOKES, HART-WALLACE FUNERAL**
**HOME, SIMPLICITY BURIAL & CREMATION, INC., f/k/a OCEANSIDE**
**FAMILY FUNERAL HOME, DEREK A. WALLACE, SCATAMACCHIA FUNERAL**
**HOME, HAMEL WICKENS & TROUPE FUNERAL HOME, INC.,**
**CREMATION SOCIETY, INC., DRACUT FUNERAL HOME INCORPORATED,**
**FARRAH FUNERAL HOME AND KEEFE FUNERAL HOME, INC. TO**
**DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
<u>**(DOCKET ENTRY # 130, NO. 05-11140-RCL)**</u>

**July 19, 2007**

**BOWLER, U.S.M.J.**

     On April 23, 2007, defendants Bayview Crematory, LLC, Linda

---

     [1] This court assume there was a typographical error identifying defendant Dracut Funeral Home Incorporated as "Dracut Funeral Home" in the above motion. The complaint identifies this defendant as Dracut Funeral Home Incorporated.

Stokes, Lawrence Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home, Derek A. Wallace, Dracut Funeral Home, Incorporated, Commonwealth Cremation and Shipping Service, Inc., Commonwealth Funeral Service, Hamel Wickens & Troupe Funeral Home, Inc., Cremation Society of Massachusetts, Roger Hamel and Neptune Society, Inc. (collectively: "the Andersen defendants"), which are named defendants in Civil Action Number 05-11904-RCL ("the Andersen case"),[2] and defendants Bayview Crematory, LLC, Linda Stokes, Hart-Wallace Funeral Home, Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home, Derek A. Wallace, Scatamacchia Funeral Home, Cremation Society, Inc., Hamel Wickens & Troupe Funeral Home, Inc., Dracut Funeral Home Incorporated, Farrah Funeral Home and Keefe Funeral Home, Inc. (collectively: "the Hunt defendants"), which are named defendants in Civil Action Number 05-11140-RCL ("the Hunt case"), filed a motion to dismiss their respective cases for lack of subject matter jurisdiction.  (Docket Entry # 99, No. 05-11904-RCL; Docket Entry

---

[2] Defendant Commonwealth Funeral Service, however, is not a named defendant in the Andersen case.  Rather, it is a named defendant in the Hunt case.
    The Andersen complaint additionally names Stephen G. Scatamacchia and American Cremation Society, Inc. as defendants.  Summons was never returned as to Stephen G. Scatamacchia.  His place of residence is not identified in the complaint. American Cremation Society, Inc., did not join in the motion and has not made an appearance in the Andersen case.

# 130, No. 05-11140-RCL). Plaintiffs in the Andersen case[3] and in the Hunt case[4] oppose the motions. (Docket Entry # 100, No. 05-11904-RCL; Docket Entry # 132, No. 05-11140-RCL). After conducting a hearing, this court took the motions under advisement.

BACKGROUND

The Hunt and Andersen complaints include claims for breach of contract, negligent and intentional infliction of emotional distress, breach of fiduciary duty, civil conspiracy, negligent and wilful interference with remains, fraud and negligence against a number of funeral homes and entities involved in the cremation of the bodies of plaintiffs' next of kin, family members or a close family friend (collectively: "the decedents").[5] Defendant Bayview Crematory, LLC ("Bayview"),

---

[3] Plaintiffs in the Andersen case are as follows: Alan C. Andersen, Suzanne Bourassa, John Carlson, Robert Delia, Steven Dumais, Sara-Anne Eames, Shaun Ferris, John Foster, Dennis Fowler, Edward Galvin, Jr., Britton Hall, Patricia Hannigan, Marie Ignoto, David Johnson, Dawn Lattime, Kathleen McDonough, Tara McDonough, Eleanor Poole and Donna M. Tomaso ("the Andersen plaintiffs").

[4] Plaintiff Loraine Hunt ("Hunt") is the only named plaintiff in the Hunt case.

[5] With three exceptions (Docket Entry # 1, ¶ 16, plaintiff Patricia Hannigan named as close friend with power of attorney over the affairs of Gertrude L. Scheid; Docket Entry # 1, ¶ 20, plaintiff Kathleen McDonough named as "granddaughter of Maria A. Carlson;" Docket Entry # 1, ¶ 21, plaintiff Tara McDonough named as granddaughter and great granddaughter respectively of decedents Judith P. Eastman and Marie A. Carlson), all named

owned and operated by defendant Derek A. Wallace ("Wallace"), allegedly mishandled, desecrated and oftentimes commingled the decedents' remains.

Bayview typically picked up bodies for cremation from funeral homes located in several states, including New Hampshire, Massachusetts, Maine and Rhode Island, performed the cremation and returned the ashes to the funeral homes. In August 2004, the Board of Regulation of Funeral Directors and Embalmers suspended Wallace's licenses as an embalmer and funeral director for violating rules regarding customer interaction. In February 2005, when New Hampshire police executed a search warrant for Bayview's financial documents, they discovered unlabeled and unidentified urns with ashes, "two bodies stuffed in a single oven," a trash container with charred pacemakers and other prosthetics, and a decomposing body in a broken refrigerator. (Docket Entry # 1, ¶ 48, No. 05-11140-RCL; Docket Entry # 1, ¶ 63, No. 05-11904-RCL). Massachusetts state police arrested Wallace in June 2005 for being a fugitive from justice, committing theft by deception and abusing a corpse. In July and August 2005, one or more grand juries indicted Wallace and Bayview for theft by deception and other charges. Each plaintiff suffered damages as a result of the abuse, mishandling, commingling and/or other improper practices committed by Bayview

---

plaintiffs in both actions are next of kin of the deceased relatives.

and various defendants.

Plaintiffs in the Andersen and Hunt cases brought claims on behalf of themselves and others similarly situated. In October 2006, the district judge consolidated the cases for "pre-trial purposes only." (Docket Entry # 96, No. 05-11140-RCL; Docket Entry # 47, No. 05-11904-RCL).

A number of stipulations entered into by the parties in April and May 2007 alter and streamline both actions. First, on April 3, 2007, the parties stipulated to the dismissal of all class action allegations and the removal of all references to "class action" in the Andersen and Hunt complaints. (Docket Entry # 126, No. 05-11140-RCL; Docket Entry # 96, No. 05-11904-RCL). The parties further stipulated to the dismissal with prejudice of those defendants against which plaintiffs had no pending direct claims. These defendants are defendants American Society for Cremation, American Society for Funeral Services, Inc.,[6] Farrah Funeral Home, Keefe Funeral Home, Inc., Scatamacchia Funeral Home and Does 1 to 50 inclusive in the Hunt

---

[6] Although served with summonses, defendants American Society for Cremation and American Society for Funeral Services, Inc. are not represented by counsel and have not made appearances in the Hunt action. Rule 41(a)(1)(ii), Fed. R. Civ. P., allows for a voluntary dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Accordingly, their failure to sign the stipulation does not preclude a voluntary dismissal of the claims therein.

and Andersen cases.[7]  The April 3, 2007 stipulations, which also request the dismissal with prejudice of the claims of Steven Dumais, ask that the cases proceed as individual claims under their respective case numbers.

Second, on April 23, 2007, the parties in the Hunt case, reaffirming their April 3, 2007 stipulation, stipulated to the dismissal of the above named defendants.  (Docket Entry # 131, No. 05-11140-RCL).  Third, on May 17, 2007, Hunt and the remaining defendants in the Hunt case[8] filed a stipulation dismissing the Hunt case in its entirety due to lack of subject matter jurisdiction.  (Docket Entry # 133, No. 05-11140-RCL).  Given the agreement of the relevant parties and the absence of an objection, the stipulation should be entered and the Hunt case dismissed.  The dismissal therefore moots the motion to dismiss

---

[7]  The docket sheet for the Andersen case identifies as a defendant not only Roger Hamel but separately and incorrectly Robert G. Hamel.  Specifically, the docket sheet names Robert G. Hamel as a defendant in the list of defendants and as having received summons on November 1, 2005.  The summons itself, however, correctly names Roger G. Hamel.  (Docket Entry # 11, No. 05-11904).  Robert G. Hamel is not a named defendant in either the Hunt or the Andersen case.

[8]  Although defendants American Cremation Society, Inc., American Society for Cremation and American Society for Funeral Services, Inc. did not sign the stipulation, they have not made appearances in either the Hunt or the Andersen case.  As explained in the footnote six, Rule 41(a)(1)(ii), Fed. R. Civ. P., only requires a "stipulation of dismissal signed by all parties who have appeared in the action."  Defendant William F. Spencer Funeral Home Services, the remaining defendant who did not sign the stipulation, was terminated from the Hunt case on January 19, 2006.

for lack of subject matter jurisdiction in the Hunt case. (Docket Entry # 130, No. 05-11140-RCL).

Also on May 17, 2007, plaintiffs Alan C. Andersen, Suzanne Bourassa, Robert Delia, Sara-Anne Eames, John Foster, Britton Hall, Marie Ignoto, David Johnson, Dawn Lattime and Donna Tomaso, all residents of Massachusetts, and plaintiffs John Carlson and Shaun Ferris, both New Hampshire residents, filed a stipulation to dismiss their claims in the Andersen case without prejudice. (Docket Entry # 101, No. 05-11904-RCL).  The Andersen case names as defendants a number of funeral homes which are incorporated or have their principal place of business in Massachusetts, a number of individuals who reside in New Hampshire and Bayview, a New Hampshire corporation with a principal place of business in New Hampshire.  The stipulation notes the absence of a dispute of the court's lack of subject matter jurisdiction over the claims of these plaintiffs.[9]  It also reaffirms the stipulation to dismiss the claims of plaintiff Steven Dumais in the Andersen case with prejudice.  Given the agreement of the relevant parties and the lack of subject matter jurisdiction, the stipulation should be approved and adopted.

The final stipulation, filed on May 31, 2007, in the

---

[9] The dismissal of the class claims eliminates federal question jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Although the complaint in the Andersen case does not allege jurisdiction based on diversity, the remaining plaintiffs in the Andersen case strenuously assert this basis of jurisdiction.

Andersen case reflects the agreement of plaintiff Denis Fowler and the remaining defendants to dismiss his claims pursuant to Rule 41(a)(1)(ii), Fed. R. Civ. P. (Docket Entry # 102, No. 05-11904-RCL). Signed by all parties filing an appearance, the stipulation should be approved and adopted.

In sum, the remaining plaintiffs in the Andersen case consist of plaintiff Edward Galvin, Jr., a domiciliary of Virginia, plaintiff Patricia Hannigan, a domiciliary of Maine, plaintiffs Kathleen and Tara McDonough, domiciliaries of Rhode Island, and plaintiff Eleanor Poole, a domiciliary of Florida (collectively: "the remaining Andersen plaintiffs").

## DISCUSSION

The Andersen defendants move to dismiss the Andersen action due to the absence of subject matter jurisdiction and, in particular, the absence of federal diversity jurisdiction under 28 U.S.C. § 1332(a) ("section 1332"). (Docket Entry # 99, No. 05-11904-RCL). Given the stipulation to withdraw the class allegations, federal question jurisdiction does not exist.[10] The remaining Andersen plaintiffs therefore rely exclusively on the existence of diversity jurisdiction.

The absence of an allegation of diversity in the complaint does not mandate dismissal inasmuch as "[d]efective allegations

---

[10] See footnote number nine.

of jurisdiction may be amended." 28 U.S.C. § 1653 ("section 1653"). Section 1653 "is normally construed liberally so as to avoid dismissals of complaints on technical grounds." Odishelidze v. Aetna Life & Casualty Co., 853 F.2d 21, 24 (1st Cir. 1988). Rule 15, Fed. R. Civ. P., likewise "allow[s] amendments 'freely' if it appears possible that [the] plaintiff can correct the jurisdictional defect." Id. Plaintiffs may therefore seek to amend the complaint to allege diversity jurisdiction.

A party may seek to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) ("Rule 12(b)(1)"), Fed. R. Civ. P. Without converting a Rule 12(b)(1) motion into a summary judgment motion, a court "may consider extrinsic material and, to the extent [the court] engages in jurisdictional fact finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

Diversity jurisdiction has two components: (1) a dispute between citizens of different states; and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction exists only when there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (emphasis in original). Although not a constitutional

requirement, the complete diversify rule is "strictly construed." In re Olympic Mills Corporation, 477 F.3d 1, 6 (1st Cir. 2007).

Turning to the citizenship inquiry, a corporation is deemed a citizen of the state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship inquiry occurs at the time the complaint is filed. In re Olympic Mills Corporation, 477 F.3d at 7; Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). The method of curing diversity "by the dismissal of the party that had destroyed diversity," however, has "long been an exception to the time-of-filing rule." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572 (2004); see Philan Insurance Ltd. v. Frank B. Hall & Company, Inc., 786 F.Supp. 345, 348 (S.D.N.Y. 1992) (if "dismissal of the nondiverse Corporate Defendants from the case created diversity jurisdiction as well, such diversity must be based upon the citizenship of the remaining parties at the time the action was commenced").

The domiciles of the remaining Andersen individual defendants are Massachusetts and New Hampshire. The remaining Andersen corporate defendants are not incorporated and do not have principal places of business, see Diaz-Rodriguez v. Pep Boys Corporation, 410 F.3d 56, 59-62 (1st Cir. 2005) (clarifying and outlining nerve center test and locus of operations test as operative tests for corporation's principal place of business), in the states wherein the remaining Andersen plaintiffs reside,

i.e., Virginia, Maine, Rhode Island and Florida.  The citizenship component is therefore satisfied.

The amount component of diversity jurisdiction turns upon whether it appears "'to a legal certainty that the claim is really for less than the jurisdictional amount.'"  Speilman v. Genzyme Corporation, 251 F.3d 1, 5 (1st Cir. 2001).  A plaintiff's general allegation in the complaint "suffices unless questioned by the opposing party."  Id.  Where, as here however, the defendants challenge the amount, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount."  Id.; accord Stewart v. Tupperware Corp., 356 F.3d at 338 (because the "plaintiffs seek to invoke federal diversity jurisdiction, they have the burden of showing that their claims meet the amount-in-controversy requirement").  Furthermore, each plaintiff "must allege a claim that is in excess of $75,000" in cases involving multiple plaintiffs.  Stewart v. Tupperware Corp., 356 F.3d at 337.

Contrary to the Andersen defendants' position, the particular and specific facts alleged in the complaint satisfy the foregoing standard.[11]  Each of the remaining Andersen

---

[11] The argument that the remaining Andersen plaintiffs fail to provide "evidence of actual mishandling of any decedent" (Docket Entry # 99, ¶ 13, No. 05-11904-RCL) is unconvincing inasmuch as each of the remaining Andersen plaintiffs allege with

plaintiffs satisfies the $75,000 threshold and asserts the amount in good faith.

Plaintiff Edward Galvin, Jr., entrusted the remains of his son and plaintiff Eleanor Poole entrusted the remains of her daughter to defendant Hamel, Wickens & Troupe Funeral Home. (Docket Entry # 1, ¶ 95, 05-11904-RCL).  Bayview, however, performed the cremations.  Plaintiff Patricia Hannigan, a close family friend with power of attorney over decedent Gertrude L. Scheid ("Scheid"), entrusted Scheid's remains to Bayview as well as to defendant Neptune Society, Inc.  Bayview, however, performed the cremation and it took approximately 12 to 15 days for Bayview to return the remains.  (Docket Entry # 1, ¶ 101, 05-11904-RCL).

Plaintiffs Kathleen and Tara McDonough entrusted the remains of decedent Judith P. Eastman, the mother and grandmother respectively of plaintiffs Kathleen and Tara McDonough, to defendant Simplicity Burial & Cremation, Inc., f/k/a Oceanside Family Funeral Home.  They also entrusted the remains of decedent Maria A. Carlson, the grandmother and great grandmother respectively of plaintiffs Kathleen and Tara McDonough, to the same defendant.  Bayview, however, performed both cremations. (Docket Entry # 1, ¶¶ 104 & 105, 05-11904-RCL).

As previously delineated, Bayview often commingled remains

---

sufficient particularity in the complaint the facts establishing the $75,000 amount.

and mishandled corpses.  Each of the foregoing plaintiffs suffered damages as a result of the abuse, mishandling, commingling and/or other improper practices committed by Bayview and other funeral homes.

"Emotional distress is the natural and proximate result of knowing that the remains of a deceased family member have not been preserved as the family desired."  Kelly v. Brigham & Women's Hospital, 745 N.E.2d 969, 977 (Mass.App.Ct. 2001); see also Gammon v. Osteopathic Hospital of Maine, Inc., 534 A.2d 1282, 1285 (Me. 1987) ("exceptional vulnerability of the family of recent decedents makes it highly probable that emotional distress will result from mishandling the body").  Intentional or reckless conduct of an extreme or outrageous character on the part of Bayview, which the facts support in light of Bayview's repeated and widespread mishandling and commingling of remains, may therefore serve as a basis for recovery of emotional distress damages.  See Sackett v. St. Mary's Church Society, 464 N.E.2d 956, 957 (Mass.App.Ct. 1984).

On the face of the pleadings, it is not apparent to a legal certainty that each plaintiff cannot recover in excess of $75,000.  See generally Speilman v. Genzyme Corporation, 251 F.3d at 5 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).  For example, one court upheld recoveries of emotional distress damages in the amounts of $200,000 and $450,000 respectively for the mother and wife of a decedent for

13

an improper cremation against the family's wishes.  <u>Atkins Funeral Home v. Miller</u>, 878 So.2d 267, 277-278 (Sup.Ct.Ala. 2003) (amounts considered not excessive).  Another court upheld recoveries for mental anguish in the amount of $100,000 each to a mother and father for the donation of their child's corneas.  <u>George H. Lanier Memorial Hospital v. Andrews</u>, 901 So.2d 714, 726 (Ala. 2004) (amounts also considered not excessive).  Each of the remaining Andersen plaintiffs therefore satisfies the $75,000 threshold.

## CONCLUSION

Accordingly, this court **RECOMMENDS**[12] that the motion to dismiss the Andersen case for lack of subject matter jurisdiction (Docket Entry # 99, 05-11904-RCL) be **DENIED** and that the motion to dismiss the Hunt case (Docket Entry # 130, No. 05-11140-RCL) be **DENIED** as moot in light of the parties' stipulations.  This court further **RECOMMENDS**[13] the approval and adoption of the parties' stipulations (Docket Entry ## 126, 131 & 133, No. 05-

---

[12] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  <u>United States v. Escoboza Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

[13] See the previous footnote.

11140-RCL; Docket Entry ## 96, 101 & 102, No. 05-11904-RCL):  (1) to withdraw the class allegations in the complaints in both the Hunt and Andersen cases; (2) to dismiss defendants American Cremation Society, Inc., American Society for Funeral Services, Inc., Farrah Funeral Home, Keefe Funeral Home, Inc., Scatamacchia Funeral Home and Does 1 to 50 with prejudice and without costs, attorney's fees or expenses from the Andersen and/or Hunt cases; (3) to dismiss the claims of plaintiff Steven Dumais with prejudice from the Andersen case; (4) to dismiss the Hunt case in its entirety given the agreement of the relevant parties by stipulation and the absence of subject matter jurisdiction; (5) to dismiss the claims of plaintiffs Alan C. Andersen, Suzanne Bourassa, Robert Delia, Sara-Anne Eames, John Foster, Britton Hall, Marie Ignoto, David Johnson, Dawn Lattime, Donna Tomaso, John Carlson and Shaun Ferris from the Andersen case without prejudice; and (6) to dismiss the claims of plaintiff Dennis Fowler in the Andersen case.

The remaining plaintiffs in the Andersen case should seek leave to amend the complaint to allege the necessary diversity jurisdiction and conform the complaint to the stipulations within 30 days.  This court will conduct a status conference in the Andersen case on August 15, 2007, at 2:30 p.m.

                                                       /s/ Marianne B. Bowler
                                                  **MARIANNE B. BOWLER**
                                                  United States Magistrate Judge